# In the United States Court of Federal Claims

No. 95-829C

(Filed: January 3, 2007)

************************************* *
*
STERLING SAVINGS ASSOCIATION, *
*
Plaintiffs, *
*
v. *
*
THE UNITED STATES, *
*
Defendant. *
*
************************************* *

**PRETRIAL ORDER**

On December 15, 2006, the Court held a pretrial conference with counsel for the parties to establish a schedule for trial and certain pretrial procedures. On January 3, 2007, the Court held a follow-up conference with counsel after distributing a draft Pretrial Order for review. With the assistance of counsel, the Court established the following schedule:

1. Trial shall begin on Monday, June 25, 2007 at 9:30 AM in Spokane, Washington, at a location to be announced in a later order from the Court. The Court will allow three weeks for this trial, through Friday, July 13, 2007. The trial will encompass all issues of damages pending in this action. The Court will attempt to arrange access to the Spokane courthouse on Friday, June 22, 2007 or during the intervening weekend to allow the parties to set up prior to the start of trial. The details of these arrangements will be addressed in the Court's later order.

2. On or before February 14, 2007, counsel for the parties shall file with the Court the following information:

   a. A list of the persons, if any, whose testimony will be introduced by deposition because the witness is deceased or unable to testify in person because of age, illness, or infirmity. The list shall specify the particular reason the witness is not able to testify in court.

b. A list of the witnesses who reside more than 100 miles from Spokane, Washington whom each party proposes to subpoena, along with a short statement explaining the importance of each witness's testimony.

3. On or before April 25, 2007, Plaintiff's counsel shall file with the Court the following information:

a. A Memorandum of Contentions of Fact and Law.

b. A final list of the persons counsel expects to call as witnesses at trial, including each person's full name and address. Counsel shall indicate for each witness whether the witness is certain to testify at trial, or whether the witness "may" testify at trial. The list should also include a brief description of the subject matter of the person's testimony and the expected length of the direct examination. Except for rebuttal witnesses, any person not included on the witness list will not be permitted to testify at trial.

c. A motion seeking leave to present deposition testimony from the witnesses identified as unable to testify in court. For each witness so identified, the motion shall show cause why deposition testimony should be admitted, and identify specifically the portions of the transcript of the deposition that the party intends to use at trial. If the motion is granted, only the portions of the transcript so identified may be offered in evidence.

d. A list of exhibits counsel expects to offer into evidence at trial. To the extent feasible, exhibits shall be numbered in chronological order, with the earliest dated exhibit first. Expert witness exhibits and summaries shall be listed last. Concurrently, counsel shall provide to Defendant's counsel a copy of the listed exhibits. Except for cross-examination or rebuttal exhibits, any exhibit not included on the exhibit list provided to the Court will not be admitted at trial.

4. On or before May 23, 2007, Defendant's counsel shall file with the Court:

a. A response to Plaintiff's Memorandum of Contentions of Fact and Law.

b. A final list of the persons counsel expects to call as witnesses at trial, in compliance with the requirements and subject to the restrictions set forth in paragraph 3(b) above.

c. A motion seeking leave to present deposition testimony from the witnesses identified as unable to testify in court, in compliance with the requirements and subject to the restrictions set forth in paragraph 3(c) above.

d. A list of exhibits counsel expects to offer into evidence at trial. Defendant also shall attempt to number its exhibits in chronological order, with the earliest dated exhibit first, and with expert witness exhibits and summaries listed last. Defendant shall avoid duplicating any exhibit listed by Plaintiff. Concurrently, counsel shall provide to Plaintiff's counsel a copy of the listed exhibits. The limitations on admissibility set forth in paragraph 3(d) above shall apply equally to Defendant.

5. On a mutually convenient date during the week of May 28 – June 1, 2007, counsel of record shall confer by telephone to resolve, if possible, objections relating to exhibits, and to engage in good-faith efforts to agree upon stipulations of fact. Draft sets of objections to exhibits and proposed stipulations should be exchanged at least 48 hours in advance of this conference to facilitate counsel's discussion. Agreement to proposed stipulations should not be unreasonably withheld. Counsel may also discuss any other matter that will facilitate remaining pretrial procedures or the trial.

6. On or before June 6, 2007, counsel for the parties shall file with the Court:

a. Stipulations of all uncontested material facts, formatted in numbered paragraphs and signed by counsel of record for both parties.

b. Objections, if any, to the exhibits received from opposing counsel, indicating the nature of the objection lodged, and the applicable Rule of the Federal Rules of Evidence relied upon for each objection.

7. All pretrial motions, including motions *in limine*, shall be filed sufficiently in advance of trial so as to accommodate time for a response and reply thereto, and full consideration by the Court. The pendency of pretrial motions will not under any circumstances serve to delay the start of trial.

8. Additionally, the Court established the following:

a. The parties shall adhere to Rule 615 of the Federal Rules of Evidence, requiring the exclusion of all fact witnesses, save for one designated officer or representative of each party, who shall remain the same throughout the trial. Expert witnesses from each side may remain in the courtroom during the proceedings. Once counsel tenders a witness to opposing counsel for cross-examination, the presenting counsel may not hold substantive discussions with the witness until cross-examination is concluded. Counsel shall not share trial transcripts with upcoming witnesses, or discuss with them the substance of any trial proceedings that have occurred.

b. Once the trial is underway, counsel shall provide opposing counsel on the first business day of each week a list of the witnesses intended to be called the following week so that each side shall receive at least seven days notice of upcoming witnesses. The first notification shall be on June 18, 2007.

c. No later than 72 hours prior to using a demonstrative exhibit in the direct examination of a witness, examining counsel shall provide opposing counsel two paper copies and an electronically-transmitted PDF file of the exhibit.

d. For any witness who appears on the witness list of both parties, Defendant's counsel generally may combine cross-examination and direct examination when questioning witnesses the Plaintiff calls. This accommodation is made primarily for witnesses who reside outside of the Spokane area, and may be withheld for witnesses who reside locally.

e. At the conclusion of the trial, counsel will coordinate with the Court to agree upon a final list of admitted exhibits.

9. The Court will hold a Final Pretrial Conference by telephone on June 19, 2007 at 2:00 PM (EDT). Counsel of record are expected to participate.

IT IS SO ORDERED.

Thomas C. Wheeler
THOMAS C. WHEELER
Judge