IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| STERLING SAVINGS ASSOCIATION, a state chartered savings association, STERLING FINANCIAL CORPORATION, a Washington corporation, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 95-829C<br>(Judge Wheeler) |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**DEFENDANT'S LISTS OF PERSONS WHOSE TESTIMONY WILL BE INTRODUCED BY DEPOSITION TRANSCRIPT AND OF WITNESSES WHO RESIDE MORE THAN 100 MILES FROM SPOKANE, WASHINGTON AND REQUEST FOR ORDER AUTHORIZING ISSUANCE OF SUBPOENAS**

Pursuant to the Court's order dated January 3, 2007, defendant, the United States, respectfully submits its lists of persons whose testimony will be introduced by deposition transcript and of witnesses who reside more than 100 miles from Spokane, Washington whom defendant proposes to subpoena. We further respectfully request the Court enter an order authorizing the issuance of subpoenas to compel the witnesses residing more than 100 miles from Washington, D.C. identified below to testify at trial in this Court.

**A. Persons Whose Testimony Will Be Introduced By Deposition Transcript**

We do not seek to introduce testimony by deposition transcript at this time. If, however, one or more of the witnesses we propose to present becomes unavailable due to age, illness, or infirmity, we will promptly supplement this filing.

**B. Witnesses Who Reside More Than 100 Miles From Spokane, Washington Whom Defendant Proposes To Subpoena**

**1. Andrew Adgate Duer**

Mr. Duer is an investment banker who provided investment banking services and advice to plaintiff, Sterling Savings Association ("Sterling") in connection with Sterling's 1991 public offering. He can testify with respect to the circumstances surrounding the 1991 public offering, which are relevant to Sterling's wounded bank, lost profits, and mitigation claims.

**2. William Durbin**

Mr. Durbin is a former Regional Director in the Seattle District of the Office of Thrift Supervision ("OTS"). He had supervisory authority for Sterling prior to the enactment of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989, Pub. L. No. 101-73, 103 Stat. 183 (1989) ("FIRREA") and in the early 1990s. He can testify regarding the effect of FIRREA upon Sterling and Sterling's response to FIRREA, which are relevant to Sterling's wounded bank, lost profits, and mitigation claims.

**3. Carol Friend**

Ms. Friend is a former Assistant Director in the Seattle District of the OTS. She had supervisory authority for Sterling prior to the enactment of FIRREA and in the early 1990s. She may testify regarding Sterling's acquisition of Tri-Cities Federal Savings and Loan Association ("Tri-Cities"), Federal thrift regulation generally, Federal regulation of Sterling, Sterling's operations and performance, the effect of FIRREA upon Sterling, Sterling's response to

FIRREA, and OTS's response to the issuance of an injunction to Sterling. This testimony is relevant to Sterling's wounded bank, lost profits, and mitigation claims.

**4. John M. Harlow**

Mr. Harlow is the president of Intervest, a subsidiary of Sterling located in Oregon. He can testify regarding Sterling's operations and performance, the effect of FIRREA upon Sterling's assets, and Sterling's response to FIRREA. This testimony is relevant to Sterling's lost profits and mitigation claims.

**5. Dwight J. Haskins**

Mr. Haskins is a former examiner-in-charge in the Seattle District of OTS. He was examiner-in-charge of certain OTS examinations of Sterling in the late 1980s and early 1990s. He may testify regarding Sterling's operations and performance, the effect of FIRREA upon Sterling, Sterling's response to FIRREA, and OTS's response to the issuance of an injunction to Sterling. This testimony is relevant to Sterling's lost profits, wounded bank and mitigation claims.

**6. Edwin C. Hedlund**

Mr. Hedlund is a former Assistant Regional Director in the Seattle District of OTS. He had supervisory authority for Sterling prior to the enactment of FIRREA and in the 1990s. He may testify regarding Federal thrift regulation generally, Federal regulation of Sterling, Sterling's operations and performance, the Tri-Cities acquisition, the effect of FIRREA upon Sterling, and Sterling's response to FIRREA. This testimony is relevant to Sterling's lost profits, wounded bank and mitigation claims.

**7. Hilton C. Hewitt**

Mr. Hewitt is a former supervisory agent in the Seattle District of OTS. He had supervisory authority for Sterling prior to the enactment of FIRREA and in the 1990s. He may testify about Sterling's acquisitions of Tri-Cities, Sterling's operations and performance, the effect of FIRREA upon Sterling, and Sterling's response to FIRREA. This testimony is relevant to Sterling's lost profits and wounded bank damages claims.

**8. Daniel F. King**

Mr. King is a former officer of Sterling Savings in the area of business lending. He may testify regarding the effect of FIRREA upon Sterling's operations and performance with respect to lending. This testimony is relevant to Sterling's lost profits and mitigation damages claims.

**9. David Kroeger**

Mr. Kroeger is a former Field Office Supervisor with the Seattle office of the Federal Deposit Insurance Corporation ("FDIC"). He had supervisory authority for Sterling in the early 1990s. He can testify regarding Federal regulation of Sterling, Sterling's operations and performance, the effect of FIRREA upon Sterling, Sterling's response to FIRREA, and FDIC's response to the issuance of an injunction to Sterling. This testimony is relevant to Sterling's lost profits and wounded bank damages claims.

**10. Patricia A. McJoynt**

Ms. McJoynt is a former Senior Vice President with the Federal Home Loan Bank of Seattle and Assistant Regional Director with OTS. She was involved in the bidding and negotiation process with respect to Sterling's acquisition of Tri-Cities in 1988. She can testify regarding the Tri-Cities acquisition, and in response to opinions and testimony expressed by

plaintiff's witnesses. This testimony is relevant to Sterling's lost profits and mitigation damages claims.

**11. John W. Stone**

Mr. Stone is a former Associate Director with the Washington office of the FDIC. He had supervisory authority for Sterling in the early 1990s. He can testify regarding Federal regulation of Sterling, Sterling's operations and performance, the effect of FIRREA upon Sterling, Sterling's response to FIRREA, and FDIC's response to the issuance of an injunction to Sterling. This testimony is relevant to Sterling's lost profits and wounded bank damages claims.

**12. Richard Jay Tejera**

Mr. Tejera was a research analyst with Dain Rauscher Wessels in Seattle, Washington. He has served as a research analyst with respect to certain public offerings that occurred in 1989 and the 1990s. He can testify regarding Sterling's operations and performance, the effect of FIRREA upon Sterling, Sterling's response to FIRREA, public offerings by Sterling, and actual and potential acquisitions. This testimony is relevant to Sterling's wounded bank, lost profits, and mitigation damages claims.

**13. J. David Welch**

Mr. Welch is a managing director with Dain Rauscher Wessels in Minneapolis, Minnesota. He has served as an investment banker to Sterling with respect to certain public offerings that occurred in the 1990s. He may testify regarding Sterling's operations and performance, the effect of FIRREA upon Sterling, Sterling's response to FIRREA, public offerings by Sterling, and actual and potential acquisitions. This testimony is relevant to Sterling's wounded bank, lost profits, and mitigation damages claims.

In connection with our identification of the witnesses who reside more than 100 miles from Spokane, Washington, whom we propose to subpoena, we respectfully request, pursuant to Rule 45(b)(2) of the Rules of the United States Court of Federal Claims, that the Court to enter an order authorizing the issuance of subpoenas to compel these witnesses to travel to testify at trial.

The Court of Federal Claims is a Court of nationwide jurisdiction in which cases arise throughout the United States. See, e.g., Adrienne Village v. United States, 25 Cl. Ct. 457, 461 n.3 (1992); Johnson City Med. Ctr. Hosp. v. United States, 20 Cl. Ct. 515, 516 (1990); Ross v. United States, 16 Cl. Ct. 378, 383 (1989); In re Complaint of Judicial Misconduct, 2 Cl. Ct. 255, 261 n.11 (1983); see also RCFC 45, Rules Committee Note. Unlike litigants appearing in the Federal district courts, parties appearing before this Court must have greater latitude to subpoena trial witnesses outside 100 miles from the courthouse. Compare Fed. R. Civ. P. 45, with RCFC 45. Therefore, this Court's nationwide jurisdiction establishes the basis for granting such authorization. Further, in this case, certain individuals who were formerly key regulators of Sterling are located in Seattle, Washington, where the district office of OTS is located, or elsewhere, and certain investment advisors retained by Sterling in connection with capital raising are located in Seattle or out-of-state. Similarly, a former Sterling employee no longer resides within 100 miles of the institution. Without authority to subpoena these individuals, the defense of our case will be greatly prejudiced, as we will be unable to present the important testimony indicated above.

Respectfully submitted,

STUART E. SCHIFFER
Deputy Assistant Attorney General

s/ Jeanne E. Davidson

JEANNE E. DAVIDSON
Acting Director

s/ Elizabeth M. Hosford

ELIZABETH M. HOSFORD
Trial Attorney
Commercial Litigation Branch
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 616-0332

Attorneys for Defendant

Of counsel:

TAREK SAWI
Senior Trial Counsel
MELINDA HART
DELISA SANCHEZ
TIMOTHY ABRAHAM
WILLIAM KANELLIS
ELIZABETH HOLT

February 14, 2007

CERTIFICATE OF FILING

I hereby certify that on February 14, 2007, a copy of foregoing "DEFENDANT'S LISTS OF PERSONS WHOSE TESTIMONY WILL BE INTRODUCED BY DEPOSITION TRANSCRIPT AND OF WITNESSES WHO RESIDE MORE THAN 100 MILES FROM WASHINGTON, D.C. AND REQUEST FOR ORDER AUTHORIZING ISSUANCE OF SUBPOENAS," was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Elizabeth M. Hosford