**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| STERLING SAVINGS ASSOCIATION, a state chartered savings association, STERLING FINANCIAL CORPORATION, a Washington corporation, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 95-829C (Judge Wheeler) |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**MOTION FOR LEAVE TO FILE OBJECTIONS TO PLAINTIFFS' LIST OF WITNESSES PURSUANT TO PARAGRAPH 2(a) OF THE JANUARY 3, 2007 PRETRIAL ORDER**

Pursuant to Rules 7(b)(1) and 7.2(d) of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits this "Motion For Leave To File Objections To Plaintiffs' List Of Witnesses Pursuant To Paragraph 2(a) Of The January 3, 2007 Pretrial Order." The Court's January 3, 2007 order, at paragraph 2(a), specifically ordered the parties to file: "A list of persons, if any, whose testimony will be introduced by deposition because the witness is deceased or unable to testify in person because of age, illness, or infirmity. The list shall specify the particular reason the witness is not able to testify in court." 1/3/07 order.

On February 14, 2007, plaintiffs ("Sterling") filed their response to paragraph 2(a) of the Court's January 3, 2007 order. In their response, Sterling listed five witnesses for whom they seek to offer deposition testimony, in lieu of live testimony, apparently pursuant to RCFC 32(a)(3).[1] These five witnesses are current or former Government employees: William J. Durbin,

[1] Sterling's filing states that it proposes to offer depositions of these five individuals "under FRFC 32(3)."

Edwin Hedlund,[2] David H. Martens, Patricia McJoynt, and Hilton Hewitt. As apparent justification for offering the deposition testimony of these five witnesses, Sterling stated that they "are unable to report on the condition of these witnesses" and seek to offer deposition testimony of these five witnesses "[i]n the interests of justice" because these witnesses are "more than 100 miles from the place of trial and . . . Sterling needs only very brief items of evidence" from them. Sterling 2/14/07 Filing at 1-2.

We now seek leave to object to Sterling's attempts to introduce the deposition testimony of these five witnesses in lieu of live testimony. Based upon the availability of the witnesses and the rules of this Court, the Court should not permit Sterling to offer deposition testimony for these five witnesses.

## ARGUMENT

### I. The Availability Of The Five Witnesses Does Not Warrant The Decision To Provide Deposition Testimony, In Lieu Of Live Testimony, At This Time

Sterling's inability to "report on the condition of" Mr. Durbin, Mr. Hedlund, Mr. Martens, Ms. McJoynt, and Mr. Hewitt does not justify admitting the deposition testimony of these five witnesses in lieu of live testimony. Although it is accurate that Sterling was "unable to report on the condition of these five witnesses," id. at 1, this does not mean that these five witnesses are "deceased or unable to testify in person because of age, illness, or infirmity," 1/3/07 order, such that their deposition testimony should be allowed. On December 15, 2006, Sterling wrote a letter to Government counsel asking the Government to contact those current or former Government employees on Sterling's witness list and determine those individuals'

---

[2] Plaintiffs incorrectly identify Mr. Hedlund as Edward Hedlund.

availability for trial. Exhibit 1. On December 20, 2006, we sent letters to Mr. Durbin, Mr. Martens, Mr. Hedlund, and Ms. McJoynt requesting that they provide, by January 5, 2007, dates when they would be available to testify at trial.[3]

To date, we have received responses from only two of the individuals contacted, and had intended to obtain responses from all of them prior to transmitting the requested information to Sterling.

With respect to the four individuals contacted, based upon their availability at this time, the Government can provide the following information: (1) Mr. Durbin is available during the entire time trial is scheduled; (2) Mr. Hedlund is available during the entire time trial is scheduled except for June 26-27, 2007, and July 3-4, 2007; and (3) although we have not yet received a response from Mr. Martens or Ms. McJoynt regarding their availability, we will continue to contact them. Because Mr. Hewitt was not listed as a witness on Sterling's preliminary witness list, and because Sterling's December 15, 2006 letter only asked the Government to contact current of past Government employees Sterling listed as witnesses, Sterling's December 15 request did not apply to Mr. Hewitt. We will contact Mr. Hewitt to determine his availability during trial.

Absent a determination that these five witnesses are deceased, infirm, aged, or ill, it is not appropriate to present their testimony by deposition designation. Although it is correct that Sterling may not contact current or former Government employees, this restriction does not preclude Sterling from requesting this Court to issue a subpoena to require the attendance of

---

[3] Because Mr. Hewitt was not on Sterling's preliminary witness list, we did not contact him.

current or former Government employees at trial. Further, although we continue to be willing to help Sterling determine the availability for trial of current or former Government employees, it is not our duty to produce and make available to Sterling, without a subpoena, current or former Government employees for testimony during the trial.[4]

As a result, based upon our representation that we will continue to contact witnesses to determine their availability during trial and Sterling's ability to request subpoenas for any witnesses it wishes to testify during trial, there is no need at this time to designate testimony by deposition for these five witnesses. If it is determined that any of these five witnesses are deceased, infirm, aged, or ill, the decision to allow their testimony by deposition can be revisited at that time.

## II. Sterling's Request To Introduce Deposition Testimony For These Five Witnesses Is Beyond The Scope Of The Court's January 3, 2007 Order

Sterling has not complied with the Court's January 3, 2007 order, and as such, should not be allowed to present testimony by these five witnesses by way of deposition, in lieu of live testimony. Sterling seeks to introduce deposition testimony for these five individuals "[i]n the interests of justice" because these witnesses are "more than 100 miles from the place of trial and . . . Sterling needs only very brief items of evidence" from them. Sterling 2/14/07 Filing at 2. This Court's January 3, 2007 order specifically requested a list of individuals for whom deposition testimony "will be introduced . . . because the witness is deceased or unable to testify in person because of age, illness, or infirmity." 1/3/07 order. Nowhere did the Court request a

[4] If Sterling chooses to call current or former Government employees as witnesses, however, we will work with Sterling to accept, when possible, service of subpoenas on behalf of such witnesses.

list of individuals who will testify by deposition because they are "more than 100 miles from the place of trial" and/or because "Sterling needs only very brief items of evidence" from them. Sterling 2/14/07 Filing at 2. Nor has Sterling provided any evidence to the Court that these five individuals cannot testify because they are deceased or because of age, illness, or infirmity. Thus, the Court should deny Sterling's request.

## III. This Court Routinely Subpoenas Witnesses Located Over 100 Miles From The Court

Sterling's argument that these five witnesses are "more than 100 miles from the place of the trial" is irrelevant. Sterling 2/14/07 Filing at 2. As we stated in our February 14, 2007 filing, in the context of our request for subpoenas, the Court of Federal Claims is a court of nationwide jurisdiction. See Adrienne Vill. v. United States, 25 Cl. Ct. 457, 461 n.3 (1992); Johnson City Med. Ctr. Hosp. v. United States, 20 Cl. Ct. 515, 516 (1990); Ross v. United States, 16 Cl. Ct. 378, 383 (1989); In re Complaint of Judicial Misconduct, 2 Cl. Ct. 255, 261 n. 11 (1983); see also RCFC 45, Rules Comm. Note. Unlike litigants appearing in the Federal district courts, parties appearing before this Court have great latitude to subpoena trial witnesses outside 100 miles from the Court. Compare RCFC 45 with Fed. R. Civ. P. 45. Without such latitude, parties' cases would be prejudiced, as they would be unable to present important testimony. Accordingly, motions for authorization to subpoena witnesses located over 100 miles from the Court are routinely granted. See, e.g., Order, Suess v. United States, 90-981C (Dec. 30, 1998); Order, Bluebonnet Sav. Bank, F.S.B. v. United States, 95-532C (May 11, 1999); Order, Landmark Land Co. v. United States, 95-502C (Aug. 20, 1999); Order, Maco Bancorp, Inc. v. United States, 94-625C (Aug. 26, 1999); Order, Bank United of Tex., F.S.B. v. United States, 95-

473C (Sept. 1, 1999); Order, Westfed Holdings, Inc. v. United States, 92-820C (Aug. 29, 2002); Order, Home Sav. of Am., F.S.B. v. United States, 92-620C (Jan. 7, 2003); Order, First Fed. Lincoln Bank v. United States, 95-518C (May 13, 2003); Order, Commercial Fed. Bank v. United States, 95-472C (May 22, 2003); Order, Caroline Hunt Trust Estate v. United States, 95-531C (June 4, 2003); Order, S. Nat'l Corp. v. United States, 95-526C (Sept. 22, 2003).

Therefore, because the Court's power to issue subpoenas extends beyond the 100-mile limit, RCFC 32(a)(3)(E) does not render deposition testimony from deponents located beyond 100 miles admissible as evidence. Nor does Sterling offer any reason why it would be "[i]n the interests of justice," Sterling 2/14/07 Filing at 2, for this Court to decline to exercise its routine subpoena power to subpoena witnesses located over 100 miles from the court in this case.

**IV. Live Testimony Is Preferred By This Court**

The admission of deposition testimony, without a showing of unavailability or exceptional circumstances, conflicts with the long-standing preference for live testimony at trial. In both civil and criminal cases, our common law heritage has always favored the presentation of live testimony over the presentation of hearsay testimony by out-of-court declarants. See McCormick Evidence 2d § 244. The factfinder's observation of the demeanor of the witnesses and the effectiveness of cross-examination in the discovery of the truth are the traditional reasons for the preference even though the out-of-court statement had been given under oath. See United States v. Mathis, 559 F.2d 294, 289-99 (5th Cir. 1977); Young & Assoc. Pub. Relations, L.L.C. v. Delta Air Lines, Inc., 216 F.R.D. 521, 522 (D. Utah 2003) ("'[t]he deposition has always been, and still is, treated as a substitute, a second-best, not to be used when the original is at hand"') (quoting Napier v. Bossard, 102 F.2d 467, 469 (2d Cir. 1939) (Hand, J.)); Banks v. Yokemick,

144 F. Supp. 2d 272, 288 (S.D.N.Y. 2001) ("The general rule is that testimony at all trials must be live. . . . [D]eposition testimony is only a substitute, not to be resorted to if the witness can appear in person.").

This Court has also explained that it "prefers live testimony by the live witnesses at the trial, so that the witnesses can be cross-examined and observed by the judge to aid in the assessment of their credibility." Speck v. United States, 28 Fed. Cl. 254, 294 (1993) (denying admission of transcript testimony pursuant to Fed. R. Evid. 801 and 804). Obviously, the reading of a deposition transcript would not serve as an adequate alternative to evaluating the witness's testimony in person. See Am. Steel Works v. Hurley Constr. Co., 46 F.R.D. 465, 470 (D. Minn. 1969) (observing that "[t]he taking of a deposition is not equivalent to having 'live' testimony"); see also Griman v. Makousky, 76 F.3d 151, 153 (7th Cir. 1996) ("strong preference of Anglo-American courts for live testimony").

Accordingly, Anglo-American courts have recognized a strong "interest[] of justice" in having witnesses testify live, and Sterling has failed to provide any reason why that interest can be ignored. As discussed above, given this Court's subpoena power, it is not in the "interest[] of justice" to decline to issue subpoenas for these five witnesses merely because they are located over 100 miles from where the trial will be held. Further, Sterling offers no reason why the interest in having live testimony should not apply merely because Sterling believes these are five witnesses "from whom Sterling needs only very brief items of evidence." Sterling 2/14/07 Filing at 2. If such evidence is relevant to Sterling's case, the witness' demeanor and credibility are no less important merely because their testimony may be "very brief." Id.

In addition, this Court limited the objections that an attorney defending a deposition in the Winstar-related cases could make during the course of the deposition. See Judge Hodges's 6/26/00 order in "Plaintiffs In All Winstar-Related Cases At The Court v. United States, No. 90-8C, et al." The limiting of such objections greatly increased the amount of speculative, irrelevant, cumulative, and otherwise improper testimony during these depositions. This provides yet another reason why the use of deposition testimony, in lieu of live testimony, is ill-suited as a substitute in the Winstar-related cases. This is especially the case when a witness is available and there are no exceptional circumstances.

## CONCLUSION

For the foregoing reasons, we respectfully request that this Court grant our motion for leave and refuse to allow Sterling to admit deposition testimony, in lieu of live testimony, for the five witnesses listed in its February 14, 2007 filing.

Respectfully submitted,

STUART E. SCHIFFER
Deputy Assistant Attorney General

s/ Jeanne E. Davidson

JEANNE E. DAVIDSON
Acting Director

s/ Elizabeth M. Hosford

ELIZABETH M. HOSFORD
Trial Attorney
Commercial Litigation Branch
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 616-0332

Attorneys for Defendant

Of counsel:

TAREK SAWI
Senior Trial Counsel
MELINDA HART
DELISA SANCHEZ
TIMOTHY ABRAHAM
WILLIAM KANELLIS
ELIZABETH A. HOLT

February 20, 2007

CERTIFICATE OF FILING

I hereby certify that on February 20, 2007, a copy of foregoing "MOTION FOR LEAVE TO FILE OBJECTIONS TO PLAINTIFFS' LIST OF WITNESSES PURSUANT TO PARAGRAPH 2(a) OF THE JANUARY 3, 2007 PRETRIAL ORDER," was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Elizabeth M. Hosford

**EXHIBIT 1**

12 Jan to
Hosford, E 7022

**WITHERSPOON, KELLEY, DAVENPORT & TOOLE**
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

WILLIAM M. SYMMES

wms@wkdtlaw.com
Admitted in Washington,
Idaho and Oregon

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
Telephone: (509) 624-5265
Fax: (509) 458-2728

COEUR D'ALENE OFFICE
THE SPOKESMAN REVIEW BUILDING
608 NORTHWEST BOULEVARD, SUITE 401
COEUR D'ALENE, IDAHO 83814-2146
(208) 667-4000

PORTLAND OFFICE
1515 SW FIFTH AVENUE, SUITE 490
PORTLAND, OREGON 92701
Telephone: (503) 546-2391
Fax: (503) 546-3889

December 15, 2006

**Via Facsimile 202-305-7643**

RECEIVED
2006 DEC 26 P 1:02
CASE PROCESSING UNIT
CIVIL DIVISION/OM!

Ms. Elizabeth Hosford
Department of Justice
Commercial Litigation Branch
Civil Division
Classification Unit
1100 L Street N.W., 8th Floor
Washington, D.C. 20530

***Re: Sterling Savings Association v. United States***
***Case No. 95-829C***

Dear Ms. Hosford:

Since we will not be permitted to contact any of the current or past government employees to schedule their testimony, would you please contact those whom we have listed as witnesses and provide us their availability during the weeks set for trial.

Thank you.

Very truly yours,

WITHERSPOON, KELLEY, DAVENPORT
& TOOLE, P.S.

William M. Symmes

:jej

154-95-829
CB