Date: September 16, 1991 Docket No.: 07918

CLASSIFIED ASSETS AND ASSETS DESIGNATED SPECIAL MENTION

Assets have been classified as Substandard, Doubtful, Loss and/or designated as Special Mention in accordance with 12 CFR 563.160.

Classified assets are grouped as follows:

A. Mortgage loans and contracts

B. Consumer loans

C. Other non-mortgage loans

D. Real estate and other repossessed assets

E. Investment securities

F. Other assets

RECAP OF CLASSIFIED ASSETS
as of 7/31/91
($000 omitted)

| Assets Classified | SUBSTANDARD | DOUBTFUL | LOSS | TOTAL |
|---|---|---|---|---|
| A. Commercial Real Estate Loans | $ 9,762,658 | $1,146,353 | $ 17,702 | $10,926,713 |
| B. 1-4 SFDs | 1,574,081 | | 548 | 1,574,629 |
| C. Consumer Loans | 116,939 | | | 116,939 |
| D. Other Non-Mortgage Loans | 1,937,791 | 13,125 | 36,741 | 1,987,657 |
| E. Real Estate Owned | 10,906,416 | | 86,101 | 10,992,517 |
| F. Other Assets | 580,648 | | | 580,648 |
| TOTAL | $24,878,533 | $1,159,478 | $141,092 | $26,179,103 |

Date: September 16, 1991 Docket No.: 07918

CLASSIFIED ASSETS AND ASSETS DESIGNATED SPECIAL MENTION (continued)

| Total Dollar Amount<br>Name of Borrower<br>Description of Assets<br>Comments | Assets Subject to Special Mention | CLASSIFICATION<br>Substandard | Doubtful | Loss |
|---|---|---|---|---|
| A. MORTGAGE LOANS AND CONTRACTS | | | | |
| G. MICHAEL BEITZ, Individually<br>NATALIE BEITZ, Individually | | | | |
| Celeste Villa,<br>80-unit retirement home<br>Modesto, California | | | | |
| Gross Book Balance: $2,432,232<br>Wrap Balance : ( 421,317)<br>Loss Reserve : ( 212,333)<br>Net Book Balance : $1,798,582 | | $1,798,582 | | |

INTERNAL CLASSIFICATION: SUBSTANDARD $1,798,000/LOSS $212,333
PREVIOUS OTS CLASSIFICATION: SUBSTANDARD $1,738,014/LOSS $212,333

The amount represents the outstanding balance of a $2,200,000 loan, dated January 26, 1984, originated by North American Savings and Loan Association (North American). The loan includes a wrap-around obligation, in the original amount of $800,000, payable to Gibraltar Savings and Loan Association. On May 31, 1984, Central Evergreen Federal Savings and Loan Association purchased 100 percent of the loan. The loan was subsequently acquired by Sterling as a result of its acquisition of Central Evergreen. The debt is secured by an 80-unit retirement home facility located in Modesto, California. Insufficient cash flow to cover debt service has resulted in $379,160 being capitalized to the loan balance since 1984.

At the time of Sterling's acquisition of Central Evergreen, this account was managed by the FSLIC as receiver for North American Savings. Sterling management noted severe problems in the collection and servicing of this account by the FSLIC.

Negotiations with Dr. Beitz were conducted by Sterling for the purpose of restructuring the loan at the time the loan was delinquent by five installments. Terms proposed by Dr. Beitz have not been acceptable and no payments have been made since June 15, 1988. A non-judicial foreclosure is in process with a Trustee's sale anticipated in October 1991.

Date: September 16, 1991 Docket No.: 07918

CLASSIFIED ASSETS AND ASSETS DESIGNATED SPECIAL MENTION (continued)

| Total Dollar Amount<br>Name of Borrower<br>Description of Assets<br>Comments | Assets<br>Subject to<br>Special Mention | CLASSIFICATION<br>Substandard | <br>Doubtful | <br>Loss |
|---|---|---|---|---|

Junior liens to Sterling include $330,898 to the FDIC (successor to the FSLIC) on the North American receivership, and $11,000,000 in materialman liens.

The latest appraisal is dated January 25, 1990, and values the facility at $2,600,000. The appraiser's analysis states that the property is in need of upgrading and suffers an occupancy level of under 75 percent. In September 1990, Sterling's net realizable value estimate was $2,200,000.

The net book balance is classified SUBSTANDARD due to nonperformance necessitating foreclosure.

Date: September 16, 1991 Docket No.: 07918

CLASSIFIED ASSETS AND ASSETS DESIGNATED SPECIAL MENTION (continued)

| Total Dollar Amount<br>Name of Borrower<br>Description of Assets<br>Comments | Assets Subject to Special Mention | CLASSIFICATION Substandard | Doubtful | Loss |
|---|---|---|---|---|
| CONRAD INDUSTRIES, INC.<br>By: William F. Conrad, Guarantor<br>Nancy R. Conrad, Guarantor<br><br>Pyrolysis Plant<br>Chehalis, Washington<br><br>Gross Book Balance: $1,173,110<br>Loss Reserve : (________)<br><br>Net Book Balance : $1,173,110 | | $1,173,110 | | |

INTERNAL CLASSIFICATION: SUBSTANDARD
PREVIOUS OTS CLASSIFICATION: SUBSTANDARD

The amount represents the outstanding balance of an original $1,500,000, 10-year note dated July 19, 1985. Loan payments are based on a 30-year amortization with interest adjusted annually. Payments have currently been running 30 to 89 days past due.

Conrad Industries is an industrial manufacturing company which owns the marketing and distribution rights for the "Kleenair Pyrolysis Systems". Pyrolysis is "the decomposition of carbonaceous materials into useful gas, oil and carbons". Loan proceeds were used to construct a pyrolysis plant in Chehalis, WA. This plant was designed to be a model which could show potential customers how this system could convert common waste materials to useful carbon by-products through the application of intense heat. The company's original intent was to develop machines to carry-out this process and market it world-wide.

Total collateral value is estimated at $1.93 million. This includes a first deed of trust on the pyrolysis plant ($350,000 based on a January 15, 1990 appraised value); a first lien position on all machinery and equipment ($163,000 based on a January 15, 1990 liquidation value), first and second deeds of trust on land and improvements, utilized as a moving and storage facility, owned by the borrower ($560,000 based on a January 10, 1990 appraised value); and 30 first and second deeds of trust and assignments of contracts secured by single family residences (approximately $860,000). A majority of the single family residences are located in Centralia, WA.

Mr. and Mrs. Conrad's December 31, 1990 personal financial statement discloses cash of $9,000, total assets of $4.2 million (including real estate investments of $2.1 million), and net worth of $932,000.

The loan is classified SUBSTANDARD due to a history of nonperformance requiring a troubled debt restructure in August 1989, and the lack of collateral documentation and analysis.

Date: September 16, 1991 Docket No.: 07918

CLASSIFIED ASSETS AND ASSETS DESIGNATED SPECIAL MENTION (continued)

| Total Dollar Amount<br>Name of Borrower<br>Description of Assets<br>Comments | | Assets Subject to Special Mention | CLASSIFICATION<br>Substandard | Doubtful | Loss |
|---|---|---|---|---|---|
| WILLIAM COOPER, Individually | | | | | |
| Farmington Center<br>45-Unit Residential Care Facility<br>Salem, Oregon | | | | | |
| Gross Book Balance: | $1,115,000 | | | | |
| Loss Reserve : | (________) | | | | |
| Net Book Balance : | $1,115,000 | | $1,115,000 | | |

INTERNAL CLASSIFICATION: SUBSTANDARD
PREVIOUS OTS CLASSIFICATION: SUBSTANDARD

This is a fully disbursed construction loan, dated July 8, 1988, utilized for the purpose of building a 45-unit residential care facility in Salem, OR. The original source of repayment was to come from permanent financing by Liberty Savings and Loan Association of Eugene, OR. This source did not materialize, however, due to the facility's inadequate levels of occupancy and corresponding insufficient levels of cash flow. The loan has been extended three times and is currently due to mature December 31, 1991.

The loan is collateralized by a first lien on the three-building facility which has a May 11, 1988 construction appraised value of approximately $1.8 million. With stabilized occupancy, the appraised value estimate increases to $1.9 million.

The loan is classified SUBSTANDARD due to insufficient cash flow to service the debt.

Date: September 16, 1991 Docket No.: 07918

CLASSIFIED ASSETS AND ASSETS DESIGNATED SPECIAL MENTION (continued)

| Total Dollar Amount<br>Name of Borrower<br>Description of Assets<br>Comments | Assets Subject to Special Mention | CLASSIFICATION<br>Substandard | Doubtful | Loss |
|---|---|---|---|---|
| Indian Creek Condominiums<br>By: William Childress, Guarantor<br>Sally Childress, Guarantor<br><br>32 Residential Condominium Units and Eight-Plex, Olympia, Washington<br><br>Gross Book Balance: $1,790,024<br>Loss Reserve : ( 521,422)<br><br>Net Book Balance : $1,268,602 | | $1,268,602 | | |

INTERNAL CLASSIFICATION: SUBSTANDARD
PREVIOUS OTS CLASSIFICATION: SUBSTANDARD

This represents the remaining balance of four loans, from March 28, 1985, used for the purpose of funding land acquisition and development. Sterling acquired the loans as the result of its acquisition of Central Evergreen Federal Savings Loan Association. The note requires monthly principal and interest payments totaling $13,608 and a maturity date of December 19, 2017.

Collateral consists of a first deed of trust on the condominiums and eight-plex. The latest appraisal, dated May 15, 1987, estimates a value of $1.5 million. An internally prepared NRV analysis, dated July 1991, estimates a valuation of $1.3 million.

The loans originally became delinquent due to a slow rent-up period. As a result, Central Evergreen restructured the loans in January 1988 by extending the maturity to 30 years and lowering the interest rate to a below market 7.5 percent. In spite of the long amortization and low interest rate, an operating statement for the 12-month period ending December 31, 1990 reveals that the project experiences a negative annualized cash flow of $15,833 after debt service.

The files contain no current financial statements on the guarantors or current occupancy data on the complex.

This loan is classified SUBSTANDARD due to the inability of the project to fully debt service at a below market rate of interest, lack of current financial information on the guarantors, and the prior delinquency problems requiring the troubled debt restructure by Central Evergreen.

Date: September 16, 1991 Docket No.: 07918

CLASSIFIED ASSETS AND ASSETS DESIGNATED SPECIAL MENTION (continued)

| Total Dollar Amount<br>Name of Borrower<br>Description of Assets<br>Comments | Assets Subject to Special Mention | CLASSIFICATION<br>Substandard | Doubtful | Loss |
|---|---|---|---|---|
| ARCH MACDONALD, Individually<br><br>241 acres of raw land<br>Tulalip Indian Reservation,<br>Snohomish, Washington<br><br>$ 683,180 (1)<br>260,166 (2)<br>Gross Book Balance: $ 943,346<br>Loss Reserve : ( )<br>$<br>Net Book Balance : $943,346 | | | $943,346 | |

INTERNAL CLASSIFICATION: (1) and (2) SUBSTANDARD
PREVIOUS OTS CLASSIFICATION: (1) SUBSTANDARD and (2) NOT PREVIOUSLY CLASSIFIED

(1) This loan represents the remaining balance of a $860,000 real estate contract, dated September 17, 1982, executed by Arch MacDonald in favor of Robert and Thelma Fankhauser. The contract was assigned to M. Morgan Leigh Co. on June 1, 1984 and later assigned to Central Evergreen on September 28, 1984. The promissory note requires semiannual principal and interest payments of $75,000. Payments are delinquent by approximately one and one-half years, and the loan is currently in judicial foreclosure.

Arch MacDonald died March 30, 1988. Association management filed a claim against the estate. It is the opinion of Sterling's attorney, however, that the association may not be able to obtain a deficiency judgment since the claim against the estate was not filed within a four-month period of a publishing of a Notice to Creditors by the MacDonald Estate. It is management's opinion, however, that they can still proceed against the Estate for a deficiency.

Sterling's collateral consists of an assignment of a deed of trust between Arch MacDonald and Robert Fankhauser on 161 acres of unimproved land on the Tulalip Indian Reservation. An appraisal, dated June 18, 1991, valued the acreage at $485 thousand. The appraiser, however, did not analyze what effect on marketability would be attributable to property located on an Indian reservation, or the rights of the Tulalip Indians and/or the Tribal counsel.

An internal NRV analysis estimated a valuation of $381 thousand utilizing a cost of funds discount rate of 7.158 percent. Changing the discount rate to a market rate of 10.0 percent results in a fair value estimate of $323 thousand, or a deficiency of approximately $360,000.

Date: September 16, 1991 Docket No.: 07918

CLASSIFIED ASSETS AND ASSETS DESIGNATED SPECIAL MENTION (continued)

| Total Dollar Amount<br>Name of Borrower<br>Description of Assets<br>Comments | Assets<br>Subject to<br>Special Mention | CLASSIFICATION<br>Substandard | <br>Doubtful | <br>Loss |
|---|---|---|---|---|

(2) This represents the remaining balance of a real estate contract dated November 16, 1979 between MacDonald, Inc. as purchaser and Robert and Thelma Fankhauser as sellers. The contract was for the purpose of purchasing 80 acres of land on the Tulalip Indian Reservation. The contract was assigned on June 1, 1984 to M. Morgan Leigh Co. and later assigned to Central Evergreen. The contract requires annual principal and interest payments of $40,000 at 10 percent with the next payment coming due in November 1991.

Collateral consists of a seller's assignment of contract and deed. A title policy, dated October 2, 1984, was issued for $111,000 in favor of Central Evergreen. It discloses that Central Evergreen is in a second lien position behind a Max Schoonik who sold the property to Fankhauser.

An appraisal, dated September 17, 1990, estimates a value of $200,000. An internal NRV analysis, dated June 10, 1991, estimates a value of $131,000 using a cost of funds discount of 7.34 percent. A fair market evaluation by the examiner, using a market rate of 10 percent, supports a value of $123,000 resulting in a deficiency of approximately $137,000.

The credits are classified DOUBTFUL due to the severe delinquency on loan (1), the substantiated deficiency in collateral valuation and the possible reliance by management on a deficiency judgment to collect full payment.

Management did not concur with the classification stating their confidence that Douglas MacDonald, Executor of the Estate, will soon be able to sell the collateral to the Tulalip Indians and remit payment in full to Sterling. Additionally, management feels that, in the event of obtaining a deficiency judgment, the Estate of Arch MacDonald has sufficient assets that can be attached in order to protect Sterling from any loss.

Date: September 16, 1991 Docket No.: 07918

CLASSIFIED ASSETS AND ASSETS DESIGNATED SPECIAL MENTION (continued)

| Total Dollar Amount<br>Name of Borrower<br>Description of Assets<br>Comments | Assets<br>Subject to<br>Special Mention | CLASSIFICATION<br>Substandard | Doubtful | Loss |
|---|---|---|---|---|
| Sierra Vista Sunwood Inn<br>By: James Landwehr, General Partner<br>By: James and Frances Landwehr, Guarantors<br>Frank and Marie Dawson, Guarantors<br><br>80-Unit Hotel<br>Sierra Vista, Arizona<br><br>Gross Book Balance: $2,064,946<br>Participations : ( 1,032,473)<br>Loss Reserve : ( 67,298) | | | | |
| Net Book Balance : $ 965,175 | | $ 947,473 | | $ 17,702 |

INTERNAL CLASSIFICATION: SUBSTANDARD/LOSS
PREVIOUS OTS CLASSIFICATION: SUBSTANDARD

This loan originated as a $2.3 million loan granted February 18, 1985, proceeds of which were used to construct a hotel in Sierra Vista, Arizona. The loan was restructured on November 1, 1990, due to a bankruptcy filed by the borrower. The loan was restructured with a balance of $2.1 million, monthly payments at a fixed rate of 10.0 percent amortized over a thirty year period. The loan matures in 10 years. Payments are current for the restructured loan. Delinquent interest and related expenses from the original loan have taken the form of a $209,268 unsecured, non-interest bearing note. Payments will not begin on the unsecured note until March 30, 1994 and will be paid over a five year period. A copy of this note was not available and it is not recorded on the institution's books.

The net book balance represents Sterling's 50.0 percent participation in the loan with Statesman Bank For Savings, FSB, of Des Moines, Iowa, which was subsequently taken over by the Resolution Trust Corporation. Sterling acquired the original loan as a result of the acquisition of Tri-Cities Savings and Loan Association. The asset is subject to a FSLIC indemnification agreement whereby the maximum exposure to Sterling is 25.0 percent of actual loss. However, the indemnification agreement expires on April 8, 1993.

Date: September 16, 1991 Docket No.: 07918

CLASSIFIED ASSETS AND ASSETS DESIGNATED SPECIAL MENTION (continued)

| Total Dollar Amount<br>Name of Borrower<br>Description of Assets<br>Comments | Assets Subject to Special Mention | CLASSIFICATION<br>Substandard | Doubtful | Loss |
|---|---|---|---|---|

The collateral was most recently appraised on March 22, 1990 for $1.5 million. However, the appraiser projected a 40.0 percent increase in net operating income for the subject property in 1990. The appraiser's projection is the basis for Sterling's current net realizable value calculation which was used to record the specific loss reserve. The large increase in 1990's projected operating results is highly questionable. Actual operating statements are not available to verify the accuracy of the projection. Until actual statements support the appraisers 40.0 percent increase in net operating income, a more conservative estimate of value should be used. The examiners recommend a total loss reserve of $85,000 based on a conservative increase over 1989 actual operating results which would require an additional loss reserve of $17,702.

The bankruptcy was approved by the court in November 1990, and the borrower is currently operating the hotel as a debtor in possession. A deposition signed by Marie Dawson, one of the guarantors, indicates that she still has a significant net worth. Because of this, the FDIC, a division of FSLIC operations, will not authorize a write-down to the most recent appraised value. However, if the borrower fails to perform after the expiration of the indemnification agreement, Sterling's loss exposure could increase to approximately $282,000.

The SUBSTANDARD classification is based on the bankruptcy of the borrower, the reduced payments provided by the restructured agreement, the lack of debt service coverage from the collateral, and the reliance on secondary sources for repayment. The LOSS classification is based on the examiner's net realizable value calculation which uses more conservative projected operating results. The classification should be re-evaluated if 1990's actual operating statements become available and when it gets close to the expiration date of the indemnification agreement.

Date: September 16, 1991 Docket No.: 07918

CLASSIFIED ASSETS AND ASSETS DESIGNATED SPECIAL MENTION (continued)

| Total Dollar Amount<br>Name of Borrower<br>Description of Assets<br>Comments | Assets Subject to Special Mention | CLASSIFICATION<br>Substandard | Doubtful | Loss |
|---|---|---|---|---|
| **16 COMMERCIAL REAL ESTATE LOANS** | | | | |
| Gross Book Balance: $3,662,898 | | | | |
| Loss Reserve : (0) | | | | |
| Net Book Balance : $3,662,898 | | $3,459,891 | $203,007 | |

The loans demonstrate a variety of well-defined weaknesses and payment problems justifying their SUBSTANDARD and DOUBTFUL classifications. A detailed list of the classifications was left with management, and most have been internally classified. Management concurs with the classifications.

| | | | | |
|---|---|---|---|---|
| **51 ONE-FAMILY TO FOUR-FAMILY LOANS** | | | | |
| Gross Book Balance: $1,900,498 | | | | |
| Negative Escrows : 6,208 | | | | |
| Loss Reserve : (13,139) | | | | |
| Net Book Balance : $1,893,567 | $318,938 | $1,574,081 | $0 | $548 |

The loans criticized as SPECIAL MENTION are all in current payment status but, for the most part, have previously been chronic payment problems. The SUBSTANDARD loans demonstrate a variety of weaknesses and payment problems justifying their classifications. A detailed list of classifications was left with management. All loans are internally criticized or classified by management. LOSS is based on the book value exceeding the appraised value on one loan.

| | | | | |
|---|---|---|---|---|
| TOTAL MORTGAGE LOANS AND CONTRACTS | $318,938 | $11,336,739 | $1,146,353 | $18,250 |

App. 179

Date: September 16, 1991 Docket No.: 07918

CLASSIFIED ASSETS AND ASSETS DESIGNATED SPECIAL MENTION (continued)

| Total Dollar Amount<br>Name of Borrower<br>Description of Assets<br>Comments | | Assets<br>Subject to<br>Special Mention | CLASSIFICATION<br>Substandard | Doubtful | Loss |
|---|---|---|---|---|---|
| B. CONSUMER LOANS | | | | | |
| 16 CONSUMER LOANS | | | | | |
| Gross Book Balance: | $313,134 | | | | |
| Loss Reserve : | ( 7,248) | | | | |
| Net Book Balance : | $305,886<br>======== | $188,947 | $116,939 | | |

The loans demonstrate a variety of payment weaknesses justifying the SPECIAL MENTION criticisms and SUBSTANDARD classifications. All loans criticized as Special Mention are current. A detailed list was left with management. The loans are internally classified.

| | | | | | |
|---|---|---|---|---|---|
| TOTAL CONSUMER LOANS | | $188,947 | $116,939 | | |

App. 180

Date: September 16, 1991 Docket No.: 07918

CLASSIFIED ASSETS AND ASSETS DESIGNATED SPECIAL MENTION (continued)

| Total Dollar Amount<br>Name of Borrower<br>Description of Assets<br>Comments | Assets Subject to Special Mention | CLASSIFICATION<br>Substandard | Doubtful | Loss |
|---|---|---|---|---|
| C. OTHER NON-MORTGAGE LOANS | | | | |
| 35 NON-MORTGAGE COMMERCIAL LOANS | | | | |
| Gross Book Balance: $3,045,087<br>Loss Reserve : ( 19,450) | | | | |
| Net Book Balance : $3,025,637 | $1,037,980 | $1,937,791 | $13,125 | $36,741 |

The loans criticized as SPECIAL MENTION are all contractually current but possess various other weaknesses justifying their criticism and should be closely monitored by management. The loans classified as SUBSTANDARD, DOUBTFUL and LOSS have a variety of well-defined weaknesses justifying their classifications. A list of classifications was presented to management. Most credits have been internally classified. Management concurs with the classifications.

| | | | | |
|---|---|---|---|---|
| TOTAL OTHER NON-MORTGAGE LOANS | $1,037,980 | $1,937,791 | $13,125 | $36,741 |

App. 181

Date: September 16, 1991 Docket No.: 07918

CLASSIFIED ASSETS AND ASSETS DESIGNATED SPECIAL MENTION (continued)

| Total Dollar Amount<br>Name of Borrower<br>Description of Assets<br>Comments | Assets<br>Subject to<br>Special Mention | CLASSIFICATION<br>Substandard | Doubtful | Loss |
|---|---|---|---|---|

D. REAL ESTATE AND OTHER REPOSSESSED ASSETS

11 INCOME PROPERTY PARCELS

| | | | | |
|---|---|---|---|---|
| Gross Book Balance: $2,841,721<br>Loss Reserve : ( 70,270) | | | | |
| Net Book Balance : $2,771,451 | | $2,735,846 | | $35,605 |

The balance shown represents 11 parcels of income property held in Sterling Savings Real Estate Owned portfolio. The assets are classified SUBSTANDARD because of nonperformance and untimely liquidation. The portion classified LOSS is based upon Sterling Savings Net Realizable Value (NRV) analysis on individual properties. Management was provided a list of the individual classifications and agreed with all classifications.

12 RESIDENTIAL PROPERTY PARCELS

| | | | | |
|---|---|---|---|---|
| Gross Book Balance: $ 688,166<br>Loss Reserve : ( 29,300) | | | | |
| Net Book Balance : $ 658,866 | | $ 637,882 | | $20,984 |

The balance shown represents 12 parcels of residential property held in Sterling Savings Real Estate Owned portfolio. The assets are classified SUBSTANDARD because of nonperformance and untimely liquidation. The portion classified LOSS is based upon Sterling Savings NRV analysis on individual properties. Management was provided a list of the individual classifications and agreed with all classifications.

App. 182

Date: September 16, 1991 Docket No.: 07918

CLASSIFIED ASSETS AND ASSETS DESIGNATED SPECIAL MENTION (continued)

| Total Dollar Amount<br>Name of Borrower<br>Description of Assets<br>Comments | | Assets<br>Subject to<br>Special Mention | CLASSIFICATION<br>Substandard | Doubtful | Loss |
|---|---|---|---|---|---|
| CJ-4 PROPERTY | | | | | |
| Gross Book Balance: | $1,975,829 | | | | |
| Unallocated Loss Reserve : | ( 64,132) | | | | |
| Loss Reserve : | 0) | | | | |
| Net Book Balance : | $1,911,697 | | $1,911,697 | | |

The property was acquired by a Deed In Lieu of Foreclosure on February 26, 1991. The property is located at 1930 and 1950 116th Avenue in Bellevue, Washington.

A March 11, 1991 acquisition appraisal by Kevin B. Clarke, MAI concludes a value of $2.4 million on the property which consists of two warehouse/office buildings with 21,000 square feet each. Sterling Savings has accepted an offer which will net $976,300 on the building located at 1950 116th Avenue and is scheduled to close October 30, 1991. The other building is not listed for sale as management is attempting to lease the space before selling. A NRV analysis by Sterling Savings including the sale concludes a value of $1.9 million or a LOSS of $64,132. It is anticipated the remaining property will be sold in early 1992.

The properties are classified SUBSTANDARD because of nonperformance and untimely liquidation. The amount of $64,132 was classified as LOSS during the examination and is based upon Sterling Savings NRV analysis on the property. Subsequent to the date of review, on September 5, 1991, a special asset classification meeting was held to recognize this LOSS. For purposes of this Report, the LOSS is offset by a portion of the Association's unallocated specific loss allowance. Management agreed with the classification.

Date: September 16, 1991 Docket No.: 07918

CLASSIFIED ASSETS AND ASSETS DESIGNATED SPECIAL MENTION (continued)

| Total Dollar Amount<br>Name of Borrower<br>Description of Assets<br>Comments | Assets Subject to Special Mention | CLASSIFICATION<br>Substandard | Doubtful | Loss |
|---|---|---|---|---|
| 10TH AVENUE PROPERTY | | | | |
| Gross Book Balance: $1,560,800<br>Unallocated Loss Reserve : ( 19,314)<br>Loss Reserve : 0) | | | | |
| Net Book Balance : $1,541,486 | | $1,511,974 | | $29,512 |

The property was acquired by a Deed In Lieu of Foreclosure on June 26, 1991. It consists of a commercial office building located at 10th Northwest and 10th Avenue, Portland, Oregon.

No acquisition appraisal was obtained on this property which is a violation of 12 CFR 563.172 (a). Sterling Saving performed a NRV analysis on September 18, 1991 which concludes a value of $1,560,800. Based on a market rate of 10 percent, the examiner estimates a fair value of $1,511,974. The NRV was based upon current levels of income and expense for the building and a net sales price of $1.6 million. The property is not listed for sale as management is attempting to lease the unoccupied space of 20 percent before selling. It is anticipated the unoccupied space will be leased by the end of 1991 and the property will be sold in early 1992.

The properties are classified SUBSTANDARD due to nonperformance which necessitated foreclosure and untimely source and amount of liquidation. The LOSS classification is based on the difference between the net book balance and the examiner's estimate of fair market value. For purposes of this examination, a portion of the Association's unallocated loss allowance was deducted from the recognized loss for this asset. Management agreed with the classification.

Date: September 16, 1991 Docket No.: 07918

CLASSIFIED ASSETS AND ASSETS DESIGNATED SPECIAL MENTION (continued)

| Total Dollar Amount<br>Name of Borrower<br>Description of Assets<br>Comments | Assets Subject to Special Mention | CLASSIFICATION<br>Substandard | Doubtful | Loss |
|---|---|---|---|---|
| INSUBSTANCE FORECLOSURES | | | | |
| 1 COMMERCIAL PROPERTY | | | | |
| Gross Book Balance: $ 515,841 | | | | |
| Loss Reserve : ( 0) | | | | |
| Net Book Balance : $ 515,841 | | $ 515,841 | | |

The balance shown represents the net balance of an investment in Interstate 291. The assets are classified SUBSTANDARD because of nonperformance and untimely liquidation. Management was provided the details of this property and agreed with the classification.

Date: September 16, 1991 Docket No.: 07918

CLASSIFIED ASSETS AND ASSETS DESIGNATED SPECIAL MENTION (continued)

| Total Dollar Amount<br>Name of Borrower<br>Description of Assets<br>Comments | Assets<br>Subject to<br>Special Mention | CLASSIFICATION<br>Substandard | Doubtful | Loss |
|---|---|---|---|---|
| RENTON PLAZA INVESTMENT GROUP | | | | |
| Gross Book Balance: $2,907,486 (1) | | | | |
| 725,324 (2) | | | | |
| Loss Reserve : ( 608,123) (3) | | | | |
| Net Book Balance : $3,024,687 | | $3,024,687 | | |

The net book balance represents the consolidated equity investment in Renton Plaza Investment Group (RPI). Sterling Savings acquired a 40.0 percent interest in the partnership upon default of the former borrower, Jim Lear. In 1987 the remaining partners transferred all but 0.1 percent of their interest to Sterling Savings. On June 30, 1989, Sterling Savings through its subsidiary Tri-Cities Mortgage Corporation, consolidated all the loans, reserves, and equity investments under two equity investments known as RPI Phase I and II.

(1) The RPI Phase I investment is an office building located in Renton, Washington. The major tenant, the Boeing Commercial Airplane Company (BCAC), occupies 23,026 square feet or 76.2 percent of the building under a 3 year lease at $15.50 per square foot. The remainder of the space is leased to various small businesses. The average lease for the building is $15.45 per square foot on 3 year leases. Financial information for the 6 month period ending June 30, 1991, indicates net operating income of $145,883 with a net loss of $12,039. The primary reasons for the loss is attributed to debt service of $143,760 and tenant improvements. Future earnings prospects appear favorable due to stabilized occupancy at market rates until the end of 1993.

A current appraisal by Kevin B. Clarke, MAI, was completed as of June 10, 1991, and concludes an aggregate value of $4,025,000. A Discounted Cash Flow Analysis completed July 18, 1991, by Sterling Savings indicated a value of $3.3 million for Phase I.

(2) The investment in RPI Phase II is vacant land adjoining the Phase I property on which RPI intends to build a 40,000 to 50,000 square foot office building. A market value of $675,000 is included in the June 10, 1991 appraisal.

Date: September 16, 1991 Docket No.: 07918

CLASSIFIED ASSETS AND ASSETS DESIGNATED SPECIAL MENTION (continued)

| Total Dollar Amount<br>Name of Borrower<br>Description of Assets<br>Comments | Assets Subject to Special Mention | CLASSIFICATION<br>Substandard | Doubtful | Loss |
|---|---|---|---|---|

(3) Specific valuation allowance established on RPI Phase II by Sterling Savings.

The property is listed for $3.5 million.

The properties are classified SUBSTANDARD because of nonperformance and untimely liquidation and have been identified as Insubstance Foreclosures.

Management agreed with the classifications.

Date: September 16, 1991 Docket No.: 07918

CLASSIFIED ASSETS AND ASSETS DESIGNATED SPECIAL MENTION (continued)

| Total Dollar Amount<br>Name of Borrower<br>Description of Assets<br>Comments | Assets<br>Subject to<br>Special Mention | CLASSIFICATION<br>Substandard | <br>Doubtful | <br>Loss |
|---|---|---|---|---|
| **REAL ESTATE HELD FOR INVESTMENT** | | | | |
| 2 COMMERCIAL PARCELS | | | | |
| Gross Book Balance: $ 568,489<br>Loss Reserve : ( 0)<br>Net Book Balance : $ 568,489 | | $ 568,489 | | |

The amount shown represents the net balance of 2 former branch offices which have been vacated and are held for sale. The assets are classified SUBSTANDARD because of nonperformance and untimely liquidation. Management was provided the details of this property and agreed with the classification.

| | | | | |
|---|---|---|---|---|
| TOTAL REAL ESTATE AND OTHER REPOSSESSED ASSETS | | $10,906,416 | | $86,101 |

F. OTHER ASSETS

| | | | | |
|---|---|---|---|---|
| 8 OTHER ASSETS | | | | |
| Gross Book Balance: $651,094<br>Unallocated Loss Reserve : ( 11,101)<br>Loss Reserve : ( 59,345)<br>Net Book Balance : $580,648 | | $580,648 | | |

The net book balance represents assets classified SUBSTANDARD that were identified to have well-defined weaknesses. Most were internally classified by management. For purposes of this examination, a portion of the Association's unallocated loss reserve for Other Assets was used to offset any LOSS classifications recognized this examination. Management concurred with all classifications.

| | | | | |
|---|---|---|---|---|
| TOTAL OTHER ASSETS | | $580,648 | | |

Date: September 16, 1991 Docket No.: 07918

SERVICE CORPORATIONS

---

Name and Address of Service Corporation: Action Mortgage Company
North 120 Wall Street
Spokane, Washington 99201

Location of Offices:
Boise, Idaho
Coeur d'Alene, Idaho
Lake Oswego, Oregon
Auburn, Washington
Bellevue, Washington
Chehalis, Washington
Clarkston, Washington
Federal Way, Washington
Kennewick, Washington
Lacey, Washington
Moses Lake, Washington
Spokane Valley, Washington
Tacoma, Washington

Principal Business: Mortgage Banking

Percent Association Ownership: 100

Association Investment:

| (As of June 30, 1991) | Amount | Percent to Total Association Assets |
|---|---|---|
| Stock (at cost) | $160,000 | - |
| TOTAL | $160,000 | - |

Description of Activities: Action Mortgage Company (Action) generates residential mortgage loans which are initially sold to Sterling Savings (Sterling). Sterling generally retains the servicing and sells the loans in the secondary market.

Date: September 16, 1991 Docket No.: 07918

ACTION MORTGAGE COMPANY (continued)

Officers, Directors, and Principal Employees:

| Name | Title | Annual Salary 1/ | Relationship With Insured Institution |
|---|---|---|---|
| Gilkey, Harold B. | CB | $ 3/ | CB/CEO |
| Sackmann, Thomas F. | D/P | 96,000<br>33,600 2/ | VP |
| Zuppe, William W. | D/VP | 3/ | D/P/COO |
| Barnes, Ned M. | D/S | 3/ | D/S/A |
| Byrne, Daniel G. | A/AS | 3/ | SVP/CFO |
| Centers, Jerry W. | VP | 60,600<br>22,900 2/ | None |
| Hamilton, Lynette | VP/AS | 35,400<br>10,710 2/ | None |
| Lehr, Julie | VP | 37,800<br>12,960 2/ | None |
| Schappell, Roberta | VP | 51,000<br>19,930 2/ | None |
| Siverts, Robert L. | VP | 84,000<br>112,264 2/ | None |

Footnotes:

1/ Directors receive $100 for each meeting attended.

2/ Incentive compensation based on production, cost control, and loss experience.

3/ Compensation paid by Sterling Savings.

Comments:

Action was acquired during June 1983 as part of the Lewis and Clark Savings and Loan Association purchase. Action generates residential mortgages which are sold to Sterling prior to closing and simultaneously funded by Sterling at closing. Sterling then resells the mortgages in the secondary market. Action also uses interest rate hedges to cover outstanding loan commitments. Loan production for the fiscal year ended June 30, 1991, totaled $381.0 million. The budget for fiscal 1992 projects loan production of $429.4 million.

Subsidiary assets mainly consist of fixed assets and deferred hedging expenses. Action reported pretax income of $471,437 for fiscal 1991 representing an increase of 72.5 percent over the prior fiscal year. For the current period, Action paid rent totaling $30,000 and wire, data processing, and telephone fees amounting to $256,702 to Sterling Savings. Sterling pays income taxes without reimbursement by Action.

Date: September 16, 1991 Docket No.: 07918

ACTION MORTGAGE COMPANY (continued)

Since the previous examination, Sterling has adopted an intercompany allocation agreement to provide for an equitable expense sharing for administrative and accounting services provided for all subsidiaries. Intercompany billings are approved by Action's Board of Directors. The Board also reaffirmed its status as a subsidiary of Sterling.

Date: September 16, 1991 Docket No.: 07918

ACTION MORTGAGE COMPANY (continued)

COMPARATIVE STATEMENTS OF CONDITION (000 omitted)

| | As of 30-JUN-1991 | As of 30-JUN-1990 | As of 30-JUN-1989 |
|---|---|---|---|
| ASSETS | | | |
| Cash | $ 69 | $ 42 | $103 |
| Office Property and Equipment (Net) | 434 | 275 | 168 |
| Deferred Option Premiums | 173 | 96 | 42 |
| Investments and Advances to Affiliates | 960 | 678 | 470 |
| Prepaid Expenses and Other Assets | 62 | 33 | 40 |
| TOTAL ASSETS | $1,698 | $1,124 | $823 |
| LIABILITIES AND NET WORTH | | | |
| Liabilities | | | |
| Accrued Expenses and Other Liabilities | $ 265 | $ 162 | $134 |
| Total Liabilities | $ 265 | $ 162 | $134 |
| Net Worth | | | |
| Capital Stock | $ 160 | $ 160 | $160 |
| Retained Earnings | 1,273 | 802 | 529 |
| Total Net Worth | $1,433 | $ 962 | $689 |
| TOTAL LIABILITIES AND NET WORTH | $1,698 | $1,124 | $823 |

RECONCILIATION OF NET WORTH

| | | | |
|---|---|---|---|
| Balance at Beginning of Year | $ 962 | $689 | $658 |
| Net Income (Loss) Before Tax | 471 | 273 | 31 |
| Ending Balance | $1,433 | $962 | $689 |

Date: September 16, 1991 Docket No.: 07918

ACTION MORTGAGE COMPANY (continued)

COMPARATIVE STATEMENT OF OPERATIONS (000 omitted)

| | Year Ended 30-JUN-1991 | Year Ended 30-JUN-1990 | Year Ended 30-JUN-1989 |
|---|---|---|---|
| INCOME | | | |
| Net Gain on Sales of Loans | $2,392 | $1,857 | $1,088 |
| Interest | 0 | 1 | 274 |
| Fee and Other Income | 107 | 23 | 13 |
| TOTAL INCOME | $2,499 | $1,881 | $1,375 |
| EXPENSES | | | |
| Compensation and Related Expenses | $1,006 | $ 906 | $ 461 |
| Occupancy and Equipment | 616 | 554 | 381 |
| Data Processing | 211 | 105 | 164 |
| Interest | 0 | 0 | 222 |
| Other | 195 | 43 | 116 |
| TOTAL EXPENSE | $2,028 | $1,608 | $1,344 |
| NET INCOME BEFORE TAXES | $ 471 | $ 273 | $ 31 |

App. 193

Date: September 16, 1991 Docket No.: 07918

SERVICE CORPORATIONS

Name and Address of Service Corporation: Evergreen First Service Corporation
North 120 Wall Street
Spokane, Washington 99201

Location of Offices: Offices are located in each of Sterling's 27 branch locations.

Principal Business: Marketing of Annuities and Mutual Funds

Percent Association Ownership: 100

Association Investment:

| (As of June 30, 1991) | Amount | Percent to Total Association Assets |
|---|---|---|
| Stock (at cost) | $67,487 | - |
| TOTAL | $67,487 | - |

Description of Activities: Parent of Harbor Financial Services, Inc. (Harbor), which was previously named The Best Agency, Inc. Harbor sells tax deferred annuities and mutual funds.

Officers, Directors, and Principal Employees:

| Name | Title | Annual Salary 1/ | Relationship With Insured Institution |
|---|---|---|---|
| Gilkey, Harold B. | CB/P | 2/ | CB/CEO |
| Zuppe, William W. | D | 2/ | D/P/COO |
| Barnes, Ned M. | D | | D/S/A |
| Byrne, Daniel G. | T/AS | 2/ | SVP/CFO |

1/ Directors receive $100 for each meeting attended.

2/ Compensation paid by Sterling Savings.

Date: September 16, 1991 Docket No.: 07918

EVERGREEN FIRST SERVICE CORPORATION (continued)

Comments:

Evergreen First Service Corporation (Evergreen) was acquired on December 31, 1988, through the merger with Central Evergreen Federal Savings and Loan Association. Evergreen's assets consist of 100.0 percent ownership of Harbor which sells annuities and mutual funds through Sterlings' branch network.

Since the previous examination, mutual funds have been added to Harbor's product list per agreement with MidAmerica Management Corporation (Midamerica), a NASD broker - dealer. Each registered representative is employed by Harbor and MidAmerica to accommodate the sale of both annuity and mutual fund products. Stanton C. Parrish, President of Harbor, indicated that these products are only sold by licensed representatives. Mr. Parrish stated that life insurance will be offered in the future. A review of policies, practices, due diligence, and offering literature disclosed no regulatory concerns. An internal audit of Harbor's operations is to be conducted during October 1991.

Evergreen First Service Corporation reported consolidated pretax net income for the fiscal year ended June 30, 1991 of $450,000, which represented a 32.0 percent increase in relation to the previous fiscal year. Harbor contributed pretax net income for fiscal 1991 of $314,000, which represented a 23.6 percent increase over the previous fiscal year.

Date: September 16, 1991 Docket No.: 07918

SERVICE CORPORATIONS

| | |
|---|---|
| Name and Address of Service Corporation: | Fidelity Service Corporation<br>North 120 Wall Street<br>Spokane, Washington 99201 |
| Location of Offices: | Spokane, Washington |
| Principal Business: | Personal Property Leasing |
| Percent Association Ownership: | 100 |

Association Investment:

| (As of June 30, 1991) | Amount | Percent to Total Association Assets |
|---|---|---|
| Stock (at cost) | $ 10,000 | - |
| Unsecured Loans | 1,828,749 | 0.3 |
| TOTAL | $1,838,749 | 0.3 |

Description of Activities: Leases office furniture and equipment to Sterling Savings.

Officers, Directors, and Principal Employees:

| Name | Title | Annual Salary 1/ | Relationship With Insured Institution |
|---|---|---|---|
| Gilkey, Harold B. | CB/P | 2/ | CB/CEO |
| Zuppe, William W. | D/VP | 2/ | D/P/COO |
| Barnes, Ned M. | D | | D/S/A |
| Byrne, Daniel G. | D/T/S | 2/ | SVP/CFO |

Footnotes:

1/ Directors receive $100 for each meeting attended.

2/ Compensation paid by Sterling Savings.

Comments:

Fidelity Service Corporation (Fidelity) is mainly engaged in leasing office furniture and equipment to Sterling without payment to Fidelity. However, Fidelity shares offices with the association making use of personnel, premises, and equipment without reimbursement.

Date: September 16, 1991 Docket No.: 07918

FIDELITY SERVICE CORPORATION (continued)

Fidelity also owns a 33.0 percent partnership interest in undeveloped land located in Spokane, Washington, known as the Grapetree Investment. As of June 30, 1990, the investment amount of $348,397 is internally classified SUBSTANDARD due to the nonearning status of the investment during the seven years the land has been held for development. This problem asset was transferred to Evergreen Environmental Development Corporation, an inactive service corporation owned by Sterling, effective September 30, 1991.

Fidelity reported a net loss before taxes of $305,000 for the fiscal year ending June 30, 1991 due to the lack of income to offset operating expenses.

Date: September 16, 1991 Docket No.: 07918

SERVICE CORPORATIONS

| | |
|---|---|
| Name and Address of Service Corporation: | Intervest Mortgage Investment Company<br>North 120 Wall Street<br>Spokane, Washington 99201 |
| Location of Offices: | Portland, Oregon<br>Spokane, Washington |
| Principal Business: Loans | Origination of Income Property |
| Percent Association Ownership: | 100 |

Association Investment:

| (As of June 30, 1991) | Amount | Percent to Total Association Assets |
|---|---|---|
| Stock (at cost) | $500,000 | 0.1 |
| TOTAL | $500,000 | 0.1 |

Description of Activities: Accept and process applications for income properties. The loans are subsequently sold to Sterling Savings.

Officers, Directors, and Principal Employees:

| Name | Title | Annual Salary 1/ | Relationship With Insured Institution |
|---|---|---|---|
| Gilkey, Harold B. | CB/CEO | $ 2/ | CB/CEO |
| Harlow, John M. | D/P | 96,000 | VP |
| Zuppe, William W. | D/VP | 2/ | D/P/COO |
| Barnes, Ned M. | D/S | 2/ | D/S/A |
| Kroetch, Charles L. | D | | D |
| Larrabee, Robert | D | | D |
| Byrne, Daniel L. | T/AS | 2/ | SVP/CFO |

1/ Directors receive $100 for each meeting attended.

2/ Compensation paid by Sterling Savings.

Date: September 16, 1991 Docket No.: 07918

INTERVEST MORTGAGE INVESTMENT COMPANY (continued)

Comments:

Intervest Mortgage Investment Company (Intervest) was acquired in the November 1985 merger with Louis Federal Savings and Loan. Although Intervest is both a construction and permanent commercial real estate lender, no loans have been originated since the previous examination. The lack of loan originations is due to the more restrictive loans-to-one-borrower limitations imposed by FIRREA. Intervest continues to monitor its loan portfolio while providing the following services to Sterling: property inspections and collateral analysis.

For the fiscal year ended June 30, 1991, Intervest reported net income before taxes of $60,000. Earnings have declined due to the absence of loan originations. Intervest paid Sterling $339,689 during fiscal 1991 for sharing offices, personnel, and equipment.

Date: September 16, 1991 Docket No.: 07918

INTERVEST-MORTGAGE INVESTMENT COMPANY (continued)

COMPARATIVE STATEMENTS OF CONDITION (000 omitted)

| | As of 30-JUN-1991 | As of 30-JUN-1990 | As of 30 JUN-1989 |
|---|---|---|---|
| ASSETS | | | |
| Cash & Equivalents | $ 17 | $ 60 | $ 120 |
| Mortgage Loans and Contracts (Net) | 551 | 914 | 687 |
| Accrued Interest Receivable | 242 | 442 | 454 |
| Office Properties and Equipment (Net) | 34 | 44 | 55 |
| Accounts Receivable-Parent | 356 | 0 | 850 |
| Prepaid Assets | 2 | 3 | 7 |
| TOTAL ASSETS | $1,202 | $1,463 | $2,173 |
| LIABILITIES AND NET WORTH | | | |
| Liabilities | | | |
| Accounts Payable-Parent | 0 | $ 148 | 0 |
| Accrued Interest Payable | 221 | 398 | $ 427 |
| Other Accrued Expenses | 12 | 8 | 107 |
| Total Liabilities | $ 233 | $ 554 | $ 534 |
| Net Worth | | | |
| Capital Stock | $ 500 | $ 500 | $1,500 |
| Retained Earnings | 469 | 409 | 139 |
| Total Net Worth | $ 969 | $ 909 | $1,639 |
| TOTAL LIABILITIES AND NET WORTH | $1,202 | $1,463 | $2,173 |

RECONCILIATION OF NET WORTH

| | | | |
|---|---|---|---|
| Balance at Beginning of Year | $909 | $1,639 | $1,345 |
| Net Income (Loss) Before Tax | 60 | 270 | 294 |
| Deductions: Capital Stock | 0 | ( 1,000) | 0 |
| Ending Balance | $969 | $ 909 | $1,639 |

Date: September 16, 1991 Docket No.: 07918

INTERVEST-MORTGAGE INVESTMENT COMPANY (continued)

COMPARATIVE STATEMENT OF OPERATIONS (000 omitted)

| | Year Ended 30-JUN-1991 | Year Ended 31-DEC-1990 | Year Ended 31-DEC-1989 |
|---|---|---|---|
| INCOME | | | |
| Interest and Loan Fees - Mortgage Loans | $572 | $1,032 | $ 643 |
| Other Income | 37 | 259 | 513 |
| TOTAL INCOME | $609 | $1,291 | $1,156 |
| EXPENSES | | | |
| Compensation and Related Expenses | 97 | $ 394 | $ 532 |
| Occupancy and Equipment | 54 | 98 | 63 |
| Depreciation and Amortization | 11 | 16 | 18 |
| Other | 387 | 513 | 249 |
| TOTAL EXPENSE | $549 | $1,021 | $ 862 |
| NET INCOME BEFORE TAX | $ 60 | $ 270 | $ 294 |

Date: September 16, 1991 Docket No.: 07918

## SERVICE CORPORATIONS

| | |
|---|---|
| Name and Address of Service Corporation: | Tri-Cities Mortgage Corporation<br>North 120 Wall Street<br>Spokane, Washington 99201 |
| Location of Offices: | Spokane, Washington |
| Principal Business: | Real Estate Management |
| Percent Association Ownership: | 100 |

Association Investment:

| (As of June 30, 1991) | Amount | Percent to Total Association Assets |
|---|---|---|
| Stock (at cost) | $ 40,000 | - |
| Unsecured Loans | 2,027,471 | 0.3 |
| TOTAL | $2,067,471 | 0.3 |

Description of Activities: Personal Property Leasing and Real Estate Management

Officers, Directors, and Principal Employees:

| Name | Title | Annual Salary 1/ | Relationship With Insured Institution |
|---|---|---|---|
| Gilkey, Harold B. | CB/P | 2/ | CB/CEO |
| Zuppe, William W. | D/VP | 2/ | D/P/COO |
| Barnes, Ned M. | D | | D/S/A |
| Byrne, Daniel G. | D/T/S | 2/ | SVP/CFO |

1/ Directors receive $100 for each meeting attended.

2/ Compensation paid by Sterling Savings.

Date: September 16, 1991 Docket No.: 07918

TRI-CITIES MORTGAGE CORPORATION (continued)

Comments:

Tri-Cities Mortgage Corporation (Tri-Cities) was acquired through the acquisition of Tri-Cities Savings and Loan Association during April 1988. Tri-Cities leases office furniture and equipment to Sterling at no cost. However, Tri-Cities shares Sterling's personnel, premises, and equipment without reimbursement.

Tri-Cities has equity interests in the following properties which are financed by Sterling:

| Name | Amount |
|---|---|
| Renton Plaza Investors | $618,715 |
| Interstate 291 | $ 37,283 |

Renton Plaza Investors and Interstate 291 properties were transferred from Action Mortgage Company in 1989. Both projects are office buildings which were acquired from a troubled borrower, James W. Lear (d/b/a Lear Construction). Sterling Savings holds loans secured by these properties. The combined balance of loans and investments secured by these properties are classified as SUBSTANDARD primarily due to the negative cash flows provided by the properties (for details, see appendix pages A-12 of this report).

Tri-Cities recorded a pretax loss of $393,000 due to the absence of income on the above mentioned problem assets.

App. 203

Date: September 16, 1991 Docket No.: 07918

TRI-CITIES MORTGAGE CORPORATION (continued)

COMPARATIVE STATEMENTS OF CONDITION (000 omitted)

| | As of 30-JUN-1991 | As of 30-JUN-1990 | As of 30-JUN-1989 |
|---|---|---|---|
| **ASSETS** | | | |
| Cash | $ 8 | $ 8 | $ 7 |
| Investments | 0 | 0 | 57 |
| Real Estate Owned | 669 | 0 | 979 |
| Office Properties and Equipment | 66 | 87 | 116 |
| Other Assets | 0 | 666 | 1 |
| TOTAL ASSETS | $743 | $761 | $1,160 |
| **LIABILITIES AND NET WORTH** | | | |
| Liabilities | | | |
| Accounts Payable-Parent | $2,027 | $1,652 | $1,696 |
| Total Liabilities | $2,027 | $1,652 | $1,696 |
| Net Worth | | | |
| Capital Stock | $ 40 | 40 | $ 40 |
| Retained Earnings | (1,324) | (931) | (576) |
| Total Net Worth | ($1,284) | ($891) | ($536) |
| TOTAL LIABILITIES AND NET WORTH | $ 743 | $ 761 | $1,160 |

RECONCILIATION OF NET WORTH

| | | | |
|---|---|---|---|
| Balance at Beginning of Year | ($891) | ($536) | (330) |
| Net Income (Loss) Before Tax | (393) | (355) | (206) |
| Ending Balance | ($1,284) | ($891) | ($536) |

Date: September 16, 1991 Docket No.: 07918

TRI-CITIES MORTGAGE CORPORATION (continued)

COMPARATIVE STATEMENT OF OPERATIONS (000 omitted)

| | Year Ended 30-JUN-1991 | Year Ended 30-JUN-1990 | Year Ended 30-JUN-1989 |
|---|---|---|---|
| INCOME | | | |
| Interest | $ 0 | $ 1 | $ 2 |
| Other | 0 | 0 | 0 |
| TOTAL INCOME | $ 0 | $ 1 | $ 2 |
| EXPENSES | | | |
| Interest Expense-Parent | $128 | $ 82 | $ 0 |
| Loss on Sale of Real Estate | 228 | 98 | 161 |
| Other Expense | 37 | 176 | 47 |
| TOTAL EXPENSE | $393 | $356 | $208 |
| NET INCOME BEFORE TAX | ($393) | ($355) | ($206) |