**IN THE U.S. COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| STERLING SAVINGS ASS'N, a state chartered savings Ass'n, STERLING FINANCIAL CORPORATION, a Washington corporation.<br><br>Plaintiffs,<br><br>v.<br><br>U.S. OF AMERICA,<br><br>Defendant. | Court No. 95-829-C<br><br>(Judge Wheeler) |

**STERLING'S RESPONSE TO THE GOVERNMENT'S OBJECTIONS TO STERLING'S LIST OF WITNESSES**

## I. INTRODUCTION

This matter is scheduled for a three-week trial in Spokane, Washington, commencing on June 25, 2007. In accordance with the Court's Pretrial Order, Plaintiff Sterling Savings Association ("Sterling") listed five witnesses, all of whom are current or former Government employees and therefore, under the Court's prior orders, treated as parties to this action. Sterling has requested to introduce the deposition testimony of these five witnesses at trial pursuant to Rule 801(d)(2)(D) of the Federal Rules of Evidence ("FRE") and Rule 32 of the Rules of the Court of Federal Claims ("RCFC"). The Government has objected to this request on several grounds, none of which have merit. Because the depositions at issue are party-opponent admissions pursuant to FRE 801(d)(2)(D) and, alternatively, because RCFC 32 explicitly allows parties to utilize depositions of adverse parties for any reason, even if those parties are available to testify, the objections should be overruled.

## II. BACKGROUND

Throughout this litigation, current and former Government employees have been treated as

party witnesses for the Government, and Sterling has been prohibited by Court order from contacting them for any reason. App. 1. Further, the Government has repeatedly stated that such employees are represented by counsel for the Government in this action. *E.g.*, App. 5-6. Therefore, on December 15, 2006, Sterling requested that the Government determine whether certain individuals would be available for the trial. [Doc. 221 at Ex. 1.] The Government did not respond.

On February 14, 2007, Sterling submitted a list of five witnesses for whom it intends to utilize deposition testimony at trial: William Durbin, Edwin Hedlund, David Martens, Patricia McJoynt and Hilton Hewitt. [Doc. 219.] These witnesses are all current or former Government employees. [Doc. 221, pp. 1-2.] Counsel for the Government was present at each of those depositions, and, in conformance with the parties' understanding throughout this litigation that counsel for the Government represented all current and former Government employees, counsel for the Government specifically stated as such at the depositions of Mr. Hedlund, Mr. Hewitt, Mr. Martens and Ms. McJoynt. App. 14:6-8; App. 18:18-19:4; App. 23:12-20; App. 29:15-17.

Sterling learned for the first time from the Government's Objection that the Government, in response to Sterling's December 15 request, has attempted to contact the witnesses, and has only been able to reach two of them so far, Mr. Durbin and Mr. Hedlund. [Doc. 221, p. 3.] Thus, it appears that the parties cannot confirm the status of Mr. Martens, Ms. McJoynt or Mr. Hewitt at this time. All five witnesses are listed on the Government's witness list and have been issued subpoenas, and therefore are expected to testify live on behalf of the Government at trial. [Doc. 213; Doc. 220.]

## III. ARGUMENT

### A. RCFC 32 ALLOWS FOR THE USE OF DEPOSITIONS AT TRIAL.

RCFC 32 provides:

> (a) **Use of Depositions**. **At the trial…any part or all of a deposition**, so far as admissible under the rules of evidence applied as though the witness were then present and testifying, **may be used against any party who was present or represented at the taking of the deposition**…in accordance with any of the following provisions:
>
> (1) **Any deposition may be used may be used by any party** for the purpose of contradicting or impeaching the testimony of deponent as a witness, **for any other purpose permitted by the Federal Rules of Evidence.**
>
> (2) **The deposition of a party** or of anyone who at the time of taking the deposition was…a person designated under RCFC 30(b)(6) or 31(a) to testify on behalf of a…governmental agency which is a party may be used by an adverse party for any purpose.
>
> (3) **The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds**:
>
> * * *
>
> (C) that the witness is **unable to attend** or testify because of age, illness, infirmity, or imprisonment; or
>
> * * *
>
> (E) upon application and notice, that the witness is **at a greater distance than 100 miles** from the place of trial or hearing, unless the court also finds…that it is not in the interest of justice, with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used; or
>
> (F) upon application and notice, that **such exceptional circumstances exist as to make it desirable**, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used.

RCFC 32 (emphasis added). If the requirements of this rule are met, a deposition may be used at trial.

As discussed below, Sterling has met the requirements for admission of the deposition

transcripts under three separate sections of RCFC 32, specifically, RCFC 32(a)(1), RCFC 32(a)(2) and, alternatively, RCFC 32(a)(3)(C), (E) and/or (F).[1] The Government's objections to Sterling's use of deposition testimony should therefore be overruled.

**B. STERLING HAS MET THE REQUIREMENTS OF RCFC 32(A)(1).**

Deposition testimony of a government employee constitutes a party-opponent admission under Rule 801(d)(2)(D) of the Federal Rules of Evidence. *Ryan-Walsh, Inc. v. United States*, 39 Fed. Cl. 305, 306 (1997). In *Ryan-Walsh*, the Court allowed the submission of deposition testimony of two contracting officers for the government agency as substantive evidence pursuant to RCFC 32(a)(1) because the testimony was a party-opponent admission under FRE 801(d)(2)(D). *Id.* at 306-07. Such testimony must be "offered against a party", here, the United States, and be "statement[s] by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship." FRE 801(d)(2)(D); *see also Long Island Savings Bank v. United States*, 63 Fed. Cl. 157, 164 (2004). When the adverse party is the United States, there is no requirement that the deponent be employed at the same agency at the time of his or her deposition as the agency related to the subject matter of the admissions. *Id.* at 164-65; *see also Globe Savings Bank v. United States*, 61 Fed. Cl. 91, 94-97 (2004) (admitting as substantive evidence of portions of deposition given by Government employee).

The testimony of Mr. Durbin and Mr. Martens is admissible pursuant to FRE 801(d)(2)(D) because each was employed by the Government at the time of his deposition. App. 33:13-34:4; App. 24:17-25:2. Moreover, the Court retains discretion to permit the use of a former employee's deposition at trial. *Globe*, 61 Fed. Cl. at 98 n.11 (court has discretion to admit deposition testimony

[1] The Government ignores RCFC 32, and seems to argue that this Court's pretrial order abrogated the rights of the parties to introduce evidence as permitted under the general rules of this Court. Sterling respectfully submits that nothing in the Court's orders suspends the ordinary operations of the Court Rules.

of former employee on theory that he or she "in fact remained an 'agent or servant' within Evidence Rule 801(d)(2)(D)), *quoting* 7 MOORE'S FEDERAL PRACTICE § 32.21[2][c], at 32-26. The other witnesses were, at the time of their depositions, former Government employees who were represented by the Government during their depositions. App. 14:6-8; App. 18:18-19:4; App. 29:15-17. Therefore, because, when such depositions were taken, the Government treated its former employees as though they were still "agents or servants" within the context of the Rule, and the Court should exercise its discretion to admit this testimony.

**C. STERLING HAS MET THE REQUIREMENTS OF RCFC 32(A)(2).**

Alternatively, Sterling should be permitted to utilize deposition testimony pursuant to RCFC 32(a)(2). RCFC 32(a)(2) specifically allows the use of deposition testimony of an adverse party at trial, even if that party is available to testify:

> It has been consistently held that the Rule permits a party to introduce, as part of his substantive proof, the deposition of his adversary, and it is quite immaterial that the adversary is available to testify at the trial or has testified there.

*Community Counseling Serv., Inc. v. Reilly*, 317 F.2d 239, 243 (4th Cir. 1963) (applying predecessor federal rule); *see also* 8A Wright, Miller & Marcus, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2145 (West 1994) (citing numerous cases and noting that the court "may not refuse to allow the deposition [of an adverse party] to be used merely because the party is available to testify in person"). A party seeking to introduce such testimony must establish that the deponent "had decision-making authority within the pertinent governmental agency at a key time and kept a responsible position within the agency or a successor or sister agency at the time of the deposition." *Globe*, 61 Fed. Cl. at 98. The key factor is whether the deponent had discretion to make decisions without obtaining authorization from superiors. *Id.*

Here, Sterling seeks to introduce by deposition testimony of two witnesses who were high-level Government employees at the time of their depositions. Mr. Durbin had served as the district

director in the Seattle district of the Office of Thrift Supervision ("OTS"), the OTS director of data processing, and the acting director of administration, led a team in developing software for examiners and was, at the time of his deposition, an examiner. App. 33:13-34:3. Likewise, at the time of his deposition, Mr. Martens was the senior vice president of credit and collateral risk management and the community investment of the Federal Home Loan Bank ("FHLB"). App. 24:23-25:19. He also chaired the credit committee and served as the Senior Committee Investment Officer. (*Id.*) In that role, he played a "significant role in establishing the credit policies" of the FHLB, subject only to approval by that committee and the Bank president. (*Id.*)

In sum, the depositions of Mr. Durbin and Mr. Martens fit squarely within the parameters of RCFC 32(a)(2).[2] The Government's objections should be overruled.

**D. STERLING HAS MET THE REQUIREMENTS OF RCFC 32(A)(3).**

Even assuming for the sake of argument that the depositions to be introduced by Sterling do not fit within FRE 801(d)(2)(D) or RCFC 32(a)(2) (which, as discussed above, they do), deposition testimony is also appropriate pursuant to RCFC 32(a)(3). As an initial matter, as the Government admits, the Government has been unable to reach two of the witnesses listed by Sterling, Mr. Martens and Ms. McJoynt, and has not yet attempted to contact a third, Mr. Hewitt. Sterling (and the Court) should not presume that persons whom the Government has been unable to contact despite two months of attempts are available for trial.[3] Though the Government attempts to place the burden on Sterling to prove that these witnesses are not deceased, aged, infirm or otherwise

[2] Further, since, as discussed *infra* at Section III(B), the deposition statements are party-opponent admissions, "the proffering party need not prove that the witness is unavailable nor does the party need also to invoke RCFC 32(a)(2) regarding admissibility of deposition testimony." *Rodriguez v. United States*, 69 Fed. Cl. 487, 494 n.8 (2006).

[3] Sterling notes that the Government claims that Sterling could easily ask the Court to issue subpoenas to these witnesses. Sterling submits that if the Government cannot locate Mr. Martens, Ms. McJoynt or Mr. Hewitt, Sterling may fare no better.

unavailable, it is undisputed that Sterling is not allowed to contact them. Sterling therefore should not be penalized for the Government's failure to do so when asked by Sterling or asked to assume that the witnesses are in fact alive and not infirm when they cannot be reached 120 days prior to trial.

Moreover, Sterling can only assume (and the Government has not disputed) that these persons are all physically located more than 100 miles from Spokane, Washington, the site of trial. Deposition testimony pursuant to RCFC 32(a)(3)(E) or (F) is thus also appropriate. The interests of justice will be served by allowing deposition testimony, as Sterling only seeks to introduce limited testimony. The Government has listed these witnesses for its own case in chief, and will have the opportunity to inquire of the witnesses when they are present in Spokane to testify live. Given this fact, it is not surprising that the Government has not even argued that it will suffer prejudice from the introduction of deposition testimony by its agents, and has only raised stock arguments regarding the preference for live testimony. However, this Court has "squarely rejected" the argument that "the preference for live testimony precludes admitting deposition testimony absent a showing that the witness is unavailable to testify personally at trial." *Long Island*, 63 Fed. Cl. at 163. The Government has made no showing that justice requires these witnesses to travel to Spokane twice (even if they can all be found).

Indeed, if the Court grants the objections, Sterling will suffer prejudice. Sterling would have to pay for these witnesses to travel to Spokane to testify about items which can easily be put into evidence from their depositions. The Government, on the other hand, would still have the opportunity not only to admit other portions of the deposition pursuant to RCFC 32(a)(4), but also to examine the witnesses live in its case in chief, and would not suffer any harm. Finally, it would be more efficient for the Court if Sterling could utilize the depositions for these witnesses, who are being called merely for brief testimony.

## IV. CONCLUSION

In sum, there is no reason why FRE 801(d)(2)(D) and RCFC 32(a)(2) do not apply to this case, as it does to every trial in this Court. Alternatively, RCFC 32(a)(3) requires permitting the introduction of testimony by deposition where, as here, the witnesses may not be available, are more than 100 miles from the site of trial, and the interests of justice are served. For these reasons, the Government's objections should be overruled.

DATED this 9th day of March, 2007.

WITHERSPOON, KELLEY, DAVENPORT
& TOOLE, P.S.

By: /s/ William D. Symmes
William D. Symmes, Counsel of Record
And Member of the Bar of the U.S.
Court of Federal Claims

1100 U.S. Bank Building
422 West Riverside Avenue
Spokane, WA 99201-0300
Telephone No. (509) 624-5265
Facsimile No. (509) 458-2717

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I certify under penalty of perjury that on March 9, 2007, a copy of the foregoing **STERLING'S RESPONSE TO THE GOVERNMENT'S OBJECTIONS TO STERLING'S LIST OF WITNESSES** was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ William D. Symmes
William D. Symmes
Attorney for Plaintiff