IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| STERLING SAVINGS ASSOCIATION, a state chartered savings association, STERLING FINANCIAL CORPORATION, a Washington corporation.<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Court No. 95-829-C<br><br>(Judge Wheeler) |

**APPENDIX TO**
**STERLING'S RESPONSE TO THE GOVERNMENT'S OBJECTIONS**
**TO STERLING'S LIST OF WITNESSES**

Respectfully submitted,

WITHERSPOON, KELLEY, DAVENPORT
& TOOLE, P.S.
William D. Symmes, Counsel of Record
and Member of the Bar of the United States
Court of Federal Claims

1100 US BANK BUILDING
422 W. RIVERSIDE
SPOKANE, WA 99201
Telephone: (509) 624-5265
Facsimile: (509) 458-2717

Attorneys for Plaintiffs

March 8, 2007

# APPENDIX TO STERLING'S RESPONSE TO THE GOVERNMENT'S OBJECTIONS TO STERLING'S LIST OF WITNESSES

## TABLE OF CONTENTS

Order, February 20, 1998 . . . . . . . . 1

Defendant's Initial Disclosure Pursuant to Paragraph IV(A)(1) of the Discovery Plan, September 20, 1999 . . . . . . . . 4

Excerpts of Deposition of Edwin C. Hedlund, August 4, 2000 . . . . 13

Excerpts of Deposition of Hilton Hewitt, August 16, 2000 . . . . . 17

Excerpts of Deposition of David H. Martens, July 20, 2000 . . . . . 22

Excerpts of Deposition of Patricia McJoynt, August 10, 2000 . . . . . 28

Excerpts of Deposition of William J. Durbin, July 24, 2000 . . . . . 32

# In the United States Court of Federal Claims

FILED
FEB 20 1998
U.S. COURT OF FEDERAL CLAIMS

| | |
|---|---|
| PLAINTIFFS IN ALL WINSTAR-RELATED CASES AT THE COURT, Plaintiffs, v. THE UNITED STATES, Defendant. | Nos. 90-8C, *et al.* (Filed Feb. 20, 1998) |

## ORDER

On December 31, 1997, plaintiffs filed Motion by Plaintiffs' Coordinating Committee for Order Permitting Informal Interviews of Former FHLBB and OTS Employees. Defendant responded on January 23, 1998, and plaintiffs replied on February 2, 1998. Pursuant to RCFC 77.1(a), the court has determined that argument is unnecessary.

Plaintiffs are seeking the court's approval and issuance of a proposed order that would allow plaintiffs to interview informally certain former OTS and FHLBB employees. Defendant declaims that the proposed order is inconsistent with 12 C.F.R. § 510.5 (1997), an OTS regulation governing the dissemination of unpublished information. The regulation at issue provides, in pertinent part:

> (a) *Scope.* (1) This section applies to requests by the public for unpublished OTS information, such as requests for records or testimony from parties to lawsuits in which the OTS is not a party.
>
> . . . .
>
> (2) Unpublished OTS information . . . includes information that current and former employees, officers, and agents obtained in their official capacities. Examples of unpublished information include:

> (i) Information in the memory of a current or former employee, officer, or agent of the OTS (or the Federal Home Loan Bank Board, the predecessor agency of the OTS), by testimony or informal interview, that was acquired in the course of performing official duties or because of the employee's, officer's or agent's official status . . . .

Both parties acknowledge the degree of discretion granted to the trial court with respect to matters pertaining to the scope of discovery. See Florsheim Shoe Co. v. United States, 744 F.2d 787, 797 (Fed. Cir. 1984). As an initial point, it is evident that the instant dispute represents a quintessential example of the need for a regulation such as 12 C.F.R. § 510.5. OTS is the repository for a great deal of information germane to these cases; its former employees also are likely to possess information that is both valuable to plaintiffs and of a confidential or privileged nature. If the court were to endorse plaintiffs' proposed order, OTS would be deprived of an opportunity to determine when it was necessary to act to protect such privileged or otherwise confidential information. In such circumstances it would be in OTS' interest to intervene in these cases to gain the formal protection offered by the court's discovery rules. Correspondingly, application of 12 C.F.R. § 510.5 permits OTS to monitor the outflow of unpublished information without the expenses -- both time and money -- that would be required if OTS became a formal party in this litigation. Finally, the spectre of unfettered "informal interviews" potentially resulting in the release of privileged or confidential information is severe.

Plaintiffs take the position that, for all intents and purposes, OTS is already a party to these cases. They note that OTS has custody of many of the relevant records and is actively aiding the Department of Justice's efforts to defend the Government in these cases. This position is untenable. OTS cannot be deemed the "client agency" for the purposes of the Winstar cases. At issue in these cases is the effect of a decision made by Congress to change certain regulations; the actions of any particular agency, although relevant, are ancillary. 1/

Application of 12 C.F.R. § 510.5 to these cases does not unfairly prejudice plaintiffs. For example, the FDIC has submitted a pleading to this court stating that it will abide by the

---

1/ Plaintiffs have represented to the court that in certain unspecified instances OTS attorneys have appeared "of counsel" on defense pleadings. If this is true, plaintiffs have a much stronger argument that OTS is a party. Accordingly, the court is willing to review one specific case in which this has occurred and will articulate a rule that will apply to all such instances.

court's ruling as to the applicability of section 510.5. See FDIC's Response to Motion by Plaintiffs' Coordinating Committee for Order Permitting Informal Interviews filed Jan. 9, 1998. Thus, all plaintiffs will receive the same treatment. This fact carries weight with the court in its determination of the degree of prejudice that could result from a decision to not an issue an order similar to that suggested by plaintiffs. 2/

Denial of plaintiffs' motion will not preclude plaintiffs from obtaining any relevant information that former OTS and FHLBB employees might possess. Plaintiffs either can take formal depositions or accept defendant's suggestion of conducting informal interviews either with defense counsel present or participating by telephone. Additionally, plaintiffs may initiate efforts to obtain the same informal agreement that purportedly exists in the Glendale Federal case. 3/

Accordingly, based on the foregoing, plaintiffs' motion is denied.

**IT IS SO ORDERED.**

Christine O. C. Miller
Christine Odell Cook Miller
Judge

---

2/ The proposed order is neither consistent with nor implements the policies of 12 C.F.R. § 510.5. The template for that order is a source of legitimate concern to defendant.

3/ All other arguments not addressed have been considered carefully and are rejected.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

STERLING SAVINGS ASSOCIATION, a state chartered savings association, STERLING FINANCIAL CORPORATION, a Washington corporation,

Plaintiffs,

v.

UNITED STATES,

Defendant.

No. 95-829C
(Chief Judge Smith)

RECEIVED
SEP 27 1999
WITHERSPOON, KELLEY
DAVENPORT, TOOLE, P.S.

DEFENDANT'S INITIAL DISCLOSURE PURSUANT
TO PARAGRAPH IV(A)(1) OF THE DISCOVERY PLAN

Defendant, the United States (the "Government"), provides, pursuant to Paragraph IV(a)(1) of the Court's Procedural Order No. 2: Discovery Plan (filed August 7, 1997), the following initial disclosure to plaintiffs Sterling Savings Association and Sterling Financial Corporation ("plaintiff").

INTRODUCTION AND RESERVATION OF RIGHTS

This initial disclosure sets forth, to the extent known, the names and titles of current or former employees, agents, or representatives likely to have discoverable information relevant to the allegations in plaintiff's complaint. This list is based upon the limited information currently available to us. More information may become known to us in the future. We reserve the

right to supplement or modify this list, such as by adding or deleting individuals, or by amending the scope or subject of the individuals' likely areas of knowledge. We also reserve the right to assert privileges, if necessary, with respect to any information known to, or documents held by, these individuals.

**EX PARTE CONTACT WITH FORMER EMPLOYEES IS PROHIBITED**

Please take notice that plaintiff is prohibited by Court order from ex parte contact with any former employee, officer or agent of the Office of Thrift Supervision ("OTS"), the Federal Home Loan Bank Board (including, but not limited to, the Federal Home Loan Bank of Seattle) ("FHLBB" and "FHLB-Seattle") and the Federal Savings and Loan Insurance Corporation ("FSLIC"). Order, Plaintiffs in All Winstar-Related Cases at the Court, Nos. 90-8, et al., (filed Feb. 20, 1998).

That Order specifically denied a request made on behalf of all private plaintiffs in the Winstar-related cases for permission to interview, outside the presence of Government counsel, former employees of the FHLBB (including the FSLIC) and expressly limited contact by any plaintiff with such employees to formal depositions or informal interviews approved by Government

counsel. Id., citing 12 C.F.R. § 510.5 (1997).[1]

Please further take notice that plaintiff also is prohibited by law from ex parte contact with any former officer, employee or agent of the Federal Deposit Insurance Corporation ("FDIC"). 12 C.F.R. Part 309 (1999).

**EX PARTE CONTACT WITH CURRENT EMPLOYEES IS PROHIBITED**

Please also take notice that plaintiff is barred from ex parte contact concerning this action with any current OTS or FDIC employee, officer, or agent because, as such, they are represented by Government counsel in connection with this action.

| NAME AND TITLE (IF KNOWN) | AFFILIATION | SUBJECT(S) OF TESTIMONY |
|---|---|---|
| Ann M. Barnes<br>Special Representative | FSLIC | Tri-Cities Transaction ("Tri-Cities") |
| Patricia McJoynt<br>Assistant Director of Supervision | FHLB - Seattle | Tri-Cities |
| Susan M. Swenson<br>Designee of Executive Director | FSLIC | Tri-Cities |

[1] See Mot. by Pltfs' Coordinating Committee for Order Permitting Informal Interviews of Former FHLBB and OTS Employees at 3 (seeking informal interviews to determine "who might have been responsible for actions taken under the auspices of the FHLBB or FSLIC") (filed on or about Dec. 31, 1997).

| | | |
|---|---|---|
| Walter H. Hodgen<br>Supervisory Agent and Examiner | FHLB - Seattle | Tri-Cities and post-acquisitions examinations |
| Linda Plye<br>Assistant Director | FHLBB - Office of Regulatory Activities | Tri-Cities |
| Darrel Dochow<br>Director | FHLBB - Office of Regulatory Activities; OTS - Seattle District | Tri-Cities and post-acquisitions examinations |
| John Crosley<br>Financial Analyst | OTS - West Region | Sterling Savings regulator |
| Leo Clarke<br>General Counsel | FHLB — Seattle | Tri-Cities |
| M. Danny Wall<br>Chairman | FHLBB | Tri-Cities<br>Central Evergreen Transaction ("Central Evergreen") |
| Roger Martin<br>Board Member | FHLBB | Tri-Cities<br>Central Evergreen |
| Lawrence White<br>Board Member | FHLBB | Tri-Cities<br>Central Evergreen |
| J. Richard Earle<br>Mergers and Acquisitions Division | FSLIC | Tri-Cities |
| Herb Held<br>Mergers and Acquisitions Division | FSLIC | Tri-Cities |
| Stuart Root<br>Executive Director | FSLIC | Tri-Cities<br>Central Evergreen |
| Joe Blalock<br>Analysis and Evaluation Division | FHLBB | Tri-Cities |

| | | |
|---|---|---|
| Ronald Sommers<br>Section Chief | FHLBB | Tri-Cities |
| Debbie Skoler<br>Office of Regulatory Activities | FHLBB | Tri-Cities |
| Steven Davidson<br>Regional Director | FSLIC | Tri-Cities |
| Alan R. Nilsen<br>Supervisory Analyst | FHLB - Seattle | Tri-Cities |
| Ed Hedlund<br>Senior Supervisory Agent | FHLB - Seattle | Central Evergreen |
| Carol Gamble<br>Senior Supervisory Analyst | FHLB - Seattle | Central Evergreen |
| Bernard McKee<br>Regional Director | FSLIC | Lewis Transaction ("Lewis") |
| Craig Nolte<br>Supervisory Analyst | FHLB - Seattle | Central Evergreen |
| Elaine A. Laye<br>Staff Attorney | FHLBB Office of General Counsel | Central Evergreen |
| J. Amanda Machen<br>Assistant Deputy Director | FHLBB - Corporate and Securities Division | Central Evergreen |
| J. Mark Rundle<br>Assistant Director for Regional Operations | FHLBB<br>OES | Lewis |
| Pat Goings<br>Office of Regulatory Activities | FHLBB | Central Evergreen |
| James R. Faulstich<br>Principal Supervisory Agent | FHLB - Seattle | Central Evergreen<br>Lewis |

| | | |
|---|---|---|
| Penny Marshall<br>Senior Supervisory Agent | FHLB - Seattle | Central Evergreen |
| Ronald C. Mims<br>Field Manager, Examinations | FHLB - Seattle | Central Evergreen |
| Hilton S. Hewitt<br>Senior Supervisory Agent | FHLB - Seattle | Central Evergreen<br>Lewis |
| Robert M. Schmid<br>Special Representative | FSLIC | Lewis |
| Charles Galindo<br>District Director - Examinations | FHLB - Seattle | Lewis |
| William J. Schilling<br>Director | FHLBB | Lewis |
| Peter O. Stearns<br>Director | FSLIC | Lewis |
| Kathie Dando<br>Analyst | FHLB - Seattle and OTS - Seattle District | Lewis and post-acquisitions examinations |
| Francis M. Passarelli<br>Acting Director | FHLBB - OES | Lewis |
| Edwin G. Gray<br>Chairman | FHLBB | Lewis |
| Donald I. Hovde | FHLBB | Lewis |
| Mary A. Grigsby | FHLBB | Lewis |
| Carol A. Friend<br>Assistant Director, Industry Supervision | OTS - West Region | Sterling Savings regulator |
| John W. Potthast | OTS - West Region | Sterling Savings examiner |

| | | |
|---|---|---|
| Steve Shroba | OTS - West Region | Sterling Savings Examiner |
| Bruce I. Hickok | OTS - West Region | Sterling Savings examiner |
| Jeff Crump | OTS - West Region | Sterling Savings examiner |
| Stephen J. Scott | OTS - West Region | Sterling Savings examiner |
| John E. Morris | OTS - West Region | Sterling Savings examiner |
| Karl Brunner | OTS - West Region | Sterling Savings examiner |
| Richard Renken | OTS - West Region | Sterling Savings examiner |
| Scott Bradley | OTS - West Region | Sterling Savings examiner |
| Patricia Stimac | OTS - West Region | Sterling Savings examiner |
| Dwight Haskins | OTS - West Region | Sterling Savings examiner |
| Lenny G. Thilberg | FHLB - Seattle | Sterling Savings examiner |
| Donald Baird | FHLB - Seattle | Sterling Savings examiner |

DAVID W. OGDEN
Acting Assistant Attorney
General

DAVID M. COHEN
Director

MARK A. MELNICK
Assistant Director

ELIZABETH M. HOSFORD
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 514-7300

Attorneys for Defendant

September 20, 1999

CERTIFICATE OF SERVICE

I certify under penalty of perjury that on September 22, 1999, I caused to be served by hand delivery a copy of "DEFENDANT'S INITIAL DISCLOSURE" addressed as follows:

William D. Symmes, Esq.
Witherspoon, Kelley, Davenport & Toole
1100 U.S. Bank Building
Spokane, Washington 99201
Tel: (509) 624-5265

Victoria Cragostini

UNITED STATES COURT OF FEDERAL CLAIMS

BANK OF AMERICA, FSB, et al., )
)
Plaintiffs, )
)
vs. ) NOS. 95-660C,
) 95-7311C,
THE UNITED STATES OF AMERICA, ) 95-7917C,
) 95-8031C
Defendant. )

DEPOSITION OF EDWIN C. HEDLUND
(VIDEOTAPED)

(This deposition transcript has been designated attorneys' eyes only.)

August 4, 2000
Seattle, Washington

CERTIFIED COPY

Will the attorneys please introduce themselves for the record.

MR. ROSENTHAL: Steven S. Rosenthal of the firm Cooper, Carvin & Rosenthal, PLLC, representing plaintiff, Bank of America.

MS. HOSFORD: Elizabeth Hosford with the Department of Justice here representing the United States and representing Mr. Hedlund.

MS. MATTHEWS: The court reporter is Karen Anderson. You may swear in the witness and proceed at this time.

EDWIN C. HEDLUND, having been first duly sworn by the Notary, deposed and testified as follows:

EXAMINATION

BY MR. ROSENTHAL:

Q. Good morning, Mr. Hedlund. How are you?

A. I'm fine, thank you.

Q. Could you just please state your name and business address for the record?

A. Edwin Hedlund, 425 Pike Street, Seattle, Washington.

record. The time is 2:43. This concludes the deposition for today.

(Signature reserved.)

(Deposition concluded at 2:43.)

______________________________

Witness signature

Subscribed and sworn to before me this _____ day of

___________________________, 200_____.

______________________________

Notary Public

My commission expires: ____________________________

STATE OF WASHINGTON )
) ss
County of King )

I, KAREN A. ANDERSON, CCR, RPR, #AN-DE-RK-A399J1, a duly authorized Notary Public in and for the State of Washington residing at Renton, do hereby certify:

That the foregoing deposition of EDWIN C. HEDLUND was taken before me and completed on August 4, 2000, and thereafter was transcribed under my direction; that the deposition is a full, true and complete transcript of the testimony of said witness, including all questions, answers, objections, motions and exceptions;

That the witness, before examination, was by me duly sworn to testify the truth, the whole truth, and nothing but the truth, and that the witness reserved the right of signature;

That I am not a relative, employee, attorney or counsel of any party to this action or relative or employee of any such attorney or counsel and that I am not financially interested in the said action or the outcome thereof;

That I am herewith securely sealing the said deposition and promptly delivering the same to Attorney .

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal this 18th day of August, 2000.

Karen Anderson

Karen A. Anderson, CCR, RPR
Notary Public in and for the State of Washington, residing at Renton.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| STERLING SAVINGS ASSOCIATION, a state-chartered savings association, STERLING FINANCIAL CORPORATION, a Washington corporation, | ) | |
| Plaintiffs, | ) | |
| vs. | ) | Case No. 95-829c |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

Deposition of: HILTON HEWITT

Taken on: August 16, 2000

Reported by: Joanna B. Brown, CSR No. 8570, RPR

HAHN BOWERSOCK CORPORATION
Certified Court and Deposition Reporters
151 Kalmus Drive Suite L-1 Costa Mesa, CA 92626
800-660-3187 Fax 714-662-1398
email: hbdeposet@aol.com
COSTA MESA • SAN BERNARDINO • LONG BEACH • LOS ANGELES • SAN DIEGO • SAN FRANCISCO

yourself to refresh your recollection in connection with this deposition?

A Yes.

Q Can you recall what you looked at?

MS. HOSFORD: I'd like to invoke again Judge Hodge's order which states that the witness need only identify those documents which he used to refresh his recollection, and I've explained that to Mr. Hewitt.

THE WITNESS: Do you want to rephrase the question or ask it again?

BY MR. WEATHERHEAD:

Q Sure. I need to know what documents you looked at for purposes of refreshing your recollection today.

A Copies of correspondence that went out to -- that we received from Sterling and that went out to Sterling referencing primarily either actual or proposed acquisitions.

Q Do you recall either independently or from the documents -- well, let's do it this way. Can you give me any specific documents that you remember, as you sit here, looking at or that you have copies with you that we could mark and put into the record?

MS. HOSFORD: I would caution Mr. Hewitt to identify only those documents that actually refreshed your recollection. Go ahead.

THE WITNESS: Can we go off for a minute?

MR. WEATHERHEAD: If you need to ask your counsel a question, that's fine.

MS. HOSFORD: Yeah. Let's just step outside.

(Off the record.)

THE WITNESS: I found most of the documents I looked at to be, in one way or another, enlightening as to the sequence of events back in -- that occurred 15 years ago. It's difficult to say exactly what I had looked at referring to it by specific date or the exact subject matter of the correspondence, but it was primarily --

Well, all of the information, all of the documents that went together with the Lewis Federal assisted acquisition, I recall looking at that. I recall looking at correspondence related to Central Evergreen, the possibility of doing that acquisition. Beyond that, they were -- I can't remember them more than just generally.

BY MR. WEATHERHEAD:

Q All right. Fair enough. Do you have a set of this stuff? Was it given to you?

A Yes.

Q Do you have it with you?

A No.

Q Let's talk about Sterling Savings for a minute. Tell me what you did in 1986 to acquaint yourself with

***

I do solemnly declare under penalty of perjury that the foregoing is my deposition under oath; that these are the questions asked of me and my answers thereto; that I have read same and have made the necessary corrections, additions, or changes to my answers that I deem necessary.

In witness thereof, I hereby subscribe my name this _______day of__________________, 20______.

______________________________
Witness Signature

Certificate

of

Certified Shorthand Reporter

The undersigned Certified Shorthand Reporter of the State of California does hereby certify:

That the foregoing deposition was taken before me at the time and place therein set forth, at which time the witness was duly sworn by me;

That the testimony of the witness and all objections made at the time of the deposition were recorded stenographically by me and thereafter transcribed, said transcript being a true copy of my shorthand notes thereof.

In witness whereof, I have subscribed my name this date ______________________________.

______________________________

Certificate Number 8570

COPY



UNITED STATES COURT OF FEDERAL CLAIMS

\- - - - - - - - - - - - - - - - - - -

GRANITE MANAGEMENT )
CORPORATION, )
Plaintiff,)
) CASE NO.
V. ) 95-515C
)
UNITED STATES OF AMERICA, )
Defendant.)

\- - - - - - - - - - - - - - - - - - -

DEPOSITION OF DAVID H. MARTENS
THURSDAY, JULY 20, 2000
PAGES 1 - 136; VOLUME 1

BY: LUCY CARRILLO-GRUBBS, CSR #6766
RPR, CRR, RMR

DAVID H. MARTENS,
having been first duly sworn, testified as follows:

EXAMINATION
BY MR. TUCKER:
Q. Good morning, Mr. Martens. I'm Doug Tucker with the law firm Cooper, Carvin & Rosenthal in Washington, DC. I represent one of the plaintiffs in the Winstar cases, Granite Management Company. Granite is a successor to First Nationwide Bank and First Nationwide Financial Corporation.
Why don't we -- at this point I'll ask you to state your name for the record, then we'll go around the room and make introductions of the other individuals present, and they can indicate who they represent today.
A. Okay. David Hanby Martens.
Q. And you're represented by?
MS. GRIBBLE: My name is Andrea Gribble, I'm with the Department of Justice.
MR. WEATHERHEAD: I'm Les Weatherhead, of Witherspoon-Kelley, Kelley, K-E-L-L-E-Y, for Sterling Savings of Spokane, Washington.
BY MR. TUCKER:
Q. Mr. Martens, the deposition today is being

A. Yes.
Q. Other than today?
A. Yes.
Q. Do you remember the case -- do you remember the names of the cases in which you were represented by the Department of Justice attorneys?
A. No. Because nothing ever came of it. I -- the reps that I -- the -- the representation letters were signed in preparation and then nothing ever happened, so -- I don't recall.
Q. Where do you reside currently?
A. I reside in Orinda, California.
Q. What is your address there?
A. 19 Bel Air Drive, 94563-3221.
Q. Bell Air is two words?
A. Yes.
Q. Where do you currently work?
A. Federal Home Loan Bank of San Francisco, 600 California Street.
Q. How long have you been with the Federal Home Loan Bank of San Francisco?
A. Since April 1996.
Q. What's your current title at the Federal Home Loan Bank?
A. Senior vice president credit and collateral

risk management, and the community investment. I'm a senior credit officer, basically.

Q. You're the equivalent of a senior credit officer at a bank or savings and loan at the Federal Loan?

A. Yes. I chair the committee, also, the Senior Committee Investment Officer.

Q. Is it fair to say as chair of the credit committee at the Federal Home Loan Bank of San Francisco, that you have a significant role in establishing the credit policies of the Federal Home Loan Bank?

A. Of that home loan bank.

Q. Of that home loan bank?

A. Yes. Of course it is subject to approval by the credit committee, subject to approval by the president of the bank, and that all has to be within the risk tolerances as communicated by the board of directors.

Q. I've gotten ahead of myself. Let me -- since you haven't been deposed -- give you some -- I'm sorry, since even though you have been deposed, let me give you some ground rules for this deposition.

The format is question and answer, I pose questions, you can provide answers, if you're able.

them.

Q. Did he ever work for you or within your --

A. No.

Q. -- immediate sphere?

A. No.

Q. I take it that you had no discussions or correspondence with Mr. Durbin on the subject of Sterling Savings of Spokane?

A. Not that I recall, no.

MR. WEATHERHEAD: Subject to my intended request to the judge that we come back to visit on the issues foreclosed this afternoon, I'm done.

MS. GRIBBLE: Okay.

MR. WEATHERHEAD: And I thank you, sir, for your time. I appreciate it.

THE WITNESS: Sure.

(At 2:46 p.m. the deposition proceedings concluded.)

________________________

Signature of the Witness

SUBSCRIBED AND SWORN to before me this _________

day of ______________________, 19__.

________________________

NOTARY PUBLIC

My Commission expires: ________________________

STATE OF CALIFORNIA )
COUNTY OF SAN MATEO )

I hereby certify that the witness in the foregoing deposition, DAVID H. MARTENS, was by me duly sworn to testify to the truth, the whole truth, and nothing but the truth, in the within-entitled cause; that said deposition was taken at the time and place herein named; that the deposition is a true record of the witness' testimony as reported by me, a duly certified shorthand reporter and a disinterested person, and was thereafter transcribed into typewriting by computer.

I further certify that I am not interested in the outcome of the said action, nor connected with, nor related to any of the parties in said action, nor to their respective counsel.

IN WITNESS WHEREOF, I have hereunto set my hand this 3rd day of August, 2000.

______________________________

LUCY CARRILLO-GRUBBS RPR, CSR

STATE OF CALIFORNIA

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

- - -

STERLING SAVINGS ASSOCIATION, :
a State-Chartered Savings :
Association, :
STERLING FINANCIAL CORPORATION, :
a Washington Corporation, :

Plaintiff, :

vs. : Case No. 95-829C

UNITED STATES OF AMERICA, :

Defendant. :

- - -

DEPOSITION

of Patricia McJoynt, a witness herein, called by the Plaintiff under the applicable Rules of Federal Court Procedure, taken before me, Kendra E. Johnston, a Notary Public in and for the State of Ohio, at the Westin Hotel, Deshler Parlor, 310 South High Street, Columbus, Ohio, on Thursday, August 10, 2000, at 9:00 a.m.

- - -

Armstrong & Okey, Inc.
185 South Fifth Street, Suite 101
Columbus, Ohio 43215
(614)224-9481 - (800)223-9481
Fax - (614)224-5724

ORIGINAL

were for marketing publications primarily.
Q. They were for what?
A. Marketing or industry newsletters and things like that.
Q. Any other articles other than those?
A. No.
MR. SYMMES: Are we still following the same stipulation?
MS. HOSFORD: You mean about objections?
MR. SYMMES: Yes.
MS. HOSFORD: Yes. And we're still subject to the order that prohibits common discovery during the case specific depositions.
MR. SYMMES: I understand. I'll do my best.
MS. HOSFORD: For the record, I'm Elizabeth Hosford, representing the United States in this case, and I represent Ms. McJoynt.
Q. Ms. McJoynt, a few questions about your employment history. After you obtained your MBA, where did you go to work?
A. I worked at the Federal Home Loan Bank while I was going to school. I started at the Federal Home Loan Bank in 1980.
Q. Federal Home Loan Bank in Seattle?
A. Correct.

State of Ohio :
SS:
County of Franklin :

I, Patricia McJoynt, do hereby certify that I have read the foregoing transcript of my deposition given on August 10, 2000; that together with the correction page attached hereto noting changes in form or substance, if any, it is true and correct.

__________________________
Patricia McJoynt

I do hereby certify that the foregoing transcript of the deposition of Patricia McJoynt was submitted to the witness for reading and signing; that after she had stated to the undersigned Notary Public that she had read and examined her deposition, she signed the same in my presence on the ______ day of ________________, 2___.

__________________________
Notary Public

My commission expires ______________________, 2___.

\- - -

CERTIFICATE

State of Ohio : SS:
County of Franklin :

I, Kendra E. Johnston, Notary Public in and for the State of Ohio, duly commissioned and qualified, certify that the within named Patricia McJoynt was by me duly sworn or affirmed to testify to the whole truth in the cause aforesaid; that the testimony was taken down by me in stenotypy in the presence of said witness, afterwards transcribed upon a computer; that the foregoing is a true and correct transcript of the testimony given by said witness taken at the time and place in the foregoing caption specified.

I certify that I am not a relative, employee, or attorney of any of the parties hereto, or of any attorney or counsel employed by the parties, or financially interested in the action.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my seal of office at Columbus, Ohio, on this 15th day of August, 2000.

Kendra E. Johnston
Kendra E. Johnston, Notary Public in and for the State of Ohio and Registered Professional Reporter.

My commission expires July 13, 2002.

(Job #2368)

APP. 31

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

COPY

| | | |
|---|---|---|
| BANK OF AMERICA, FSB, et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 95-660C, |
| | ) | 95-7311C, |
| | ) | 95-8031C |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEPOSITION OF WILLIAM J. DURBIN

(VIDEOTAPED)

July 24, 2000
Seattle, Washington

Q. And following that, what position did you hold?
A. Then I started to work for the Federal Home Loan Bank of New York, where I worked for 15 years as an analyst, supervisory agent, and eventually a senior vice president.
Q. After that, where? Were you transferred elsewhere?
A. Yes. Then OTS was formed in 1988, and I came to Seattle as the district director in October of 1988.
Q. 1988? '89?
A. 1989.
Q. Okay. I'm sorry, could you say what your first position -- what was your first position at OTS?
A. At OTS, the district director in the Seattle district.
Q. Do you remember what month you took on that position?
A. That was October.
Q. Was there a position equivalent to regional director before OTS was created?
A. Yes. The position was district director, not regional director.
Q. I'm sorry.
A. There was. There was a -- it was the district

director of examinations and supervision, I think we called it. A name similar to that. I don't remember the exact name.

Q. Was that at FHLB Seattle?

A. There was one for each Federal Home Loan Bank, yes.

Q. Do you know who had that position prior to --

A. I do, but I can't -- Dennis Halvorson.

Q. How long were you district director at OTS in Seattle?

A. January 1st of 1991, I went to Washington, D.C. So I was district director until the end of 1990.

Q. What position did you take on in Washington?

A. I was director of the data processing operation.

Q. For OTS?

A. For OTS, yes.

Q. Is that the position you currently hold?

A. No.

Q. Where -- what position did you take on after that?

A. Oh, let's see. Then I became acting director for administration for the agency; led a software development team, developing software for the examiners to use. And I'm now an examiner in Seattle.

Q. How long have you been an examiner here in

Seattle?
A. Since January of last year.
Q. '99?
A. Yes.
Q. When you first became district director of OTS in Seattle, did you do anything to familiarize yourself with the caseload of institutions under your supervision?
A. I didn't systematically go through each institution. What I did was look at documents, examination reports, and internal documents as they came across my desk, and asked to be briefed on some of the major cases by the people who were already here.
Q. Who decided which cases were major? Was that your decision?
A. They did.
Q. Or they did?
A. They did.
Q. Do you remember which institutions they were?
A. I remember a few of them. Pacific First Federal, Far West, Benjamin Franklin.
Q. Was Honfed in that category?
A. I don't remember it as being in one. It may have been, but I don't remember.

MS. TORNATORE: The Government has no questions for Mr. Durbin at this time.

I think we can conclude the Sterling portion of the deposition.

THE VIDEOGRAPHER: We are now going off the record. The time is 2:46. This concludes the deposition for today.

(Deposition concluded at 2:46 p.m.)

______________________________

Witness signature

Subscribed and sworn to before me this ______ day of ______________________, 200_____.

______________________________

Notary Public

My commission expires: ______________________

STATE OF WASHINGTON ) I, KARMEN M. KNUDSON,
) ss CCR #KN-UD-SK-M310KT, a
County of Pierce ) duly authorized Notary Public in and for the State of Washington residing at Tacoma, do hereby certify:

That the foregoing deposition of WILLIAM J. DURBIN was taken before me and completed on July 24, 2000, and thereafter was transcribed under my direction; that the deposition is a full, true and complete transcript of the testimony of said witness, including all questions, answers, objections, motions and exceptions;

That the witness, before examination, was by me duly sworn to testify the truth, the whole truth, and nothing but the truth, and that the witness reserved the right of signature;

That I am not a relative, employee, attorney or counsel of any party to this action or relative or employee of any such attorney or counsel and that I am not financially interested in the said action or the outcome thereof;

That I am herewith securely sealing the said deposition and promptly delivering the same to Attorney Rachel Brand.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal this day of , 2000.

KARMEN M. KNUDSON, CSR, RPR, CRR,
Notary Public in and for the State
of Washington, residing at Tacoma.