**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **STERLING SAVINGS ASSOCIATION, a state chartered savings association, STERLING FINANCIAL CORPORATION, a Washington corporation,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **No. 95-829C** |
| | ) | **(Judge Wheeler)** |
| **UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

# DEFENDANT'S REPLY TO STERLING'S RESPONSE TO THE GOVERNMENT'S OBJECTIONS TO PLAINTIFFS' LIST OF WITNESSES PURSUANT TO PARAGRAPH 2(a) OF THE JANUARY 3, 2007 PRETRIAL ORDER


**Respectfully submitted,**

**MICHAEL F. HERTZ**
**Deputy Assistant Attorney General**

**JEANNE E. DAVIDSON**
**Acting Director**

**KENNETH M. DINTZER**
**Assistant Director**

**ELIZABETH M. HOSFORD**
**Trial Attorney**
**Commercial Litigation Branch**
**Department of Justice**
**Attn: Classification Unit**
**8th Floor**
**1100 L Street, N.W.**
**Washington, D.C. 20530**
**Tele: (202) 616-0332**

**Attorneys for Defendant**

**Of counsel:**

**TAREK SAWI**
**Senior Trial Counsel**
**MELINDA HART**
**DELISA SANCHEZ**
**TIMOTHY ABRAHAM**
**WILLIAM KANELLIS**
**ELIZABETH A. HOLT**


**March 22, 2007**

TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

DEFENDANT'S REPLY TO STERLING'S RESPONSE TO THE GOVERNMENT'S OBJECTIONS TO PLAINTIFFS' LIST OF WITNESSES PURSUANT TO PARAGRAPH 2(a) OF THE JANUARY 3, 2007 PRETRIAL ORDER . . . . . . . . . . . . . . . . . . . 1

I. The Five Witnesses For Whom Sterling Seeks To Admit Deposition Testimony, In Lieu of Live Testimony, Are Available For Trial . . . . . . . . . . . . . . . . . . . . . . . 3

II. Where, As Here, There Has Been No Showing As To Witnesses' Unavailability To Testify At Trial, There Is A Strong Preference For Live Testimony . . . . . . . . 3

A. RCFC 32(a)(1) Does Not Allow For Sterling To Admit Deposition Testimony In Lieu Of Live Testimony . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

B. RCFC 32(a)(2) Does Not Allow For Sterling To Admit Deposition Testimony In Lieu Of Live Testimony . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

C. RCFC 32(a)(3) Does Not Allow For Sterling To Admit Deposition Testimony In Lieu Of Live Testimony . . . . . . . . . . . . . . . . . . . . . . . . . . 10

III. The Court's January 3, 2007 Order Precludes Sterling's Attempt To Admit Deposition Testimony In Lieu Of Live Testimony . . . . . . . . . . . . . . . . . . . . . . 14

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

## TABLE OF AUTHORITIES

### CASES


Adrienne Vill. v. United States,
25 Cl. Ct. 457 (1992) . . . . . . . . . . 10

Allgeier v. United States,
909 F.2d 869 (6th Cir. 1990) . . . . . . . . . . 5

Am. Steel Works v. Hurley Constr. Co.,
46 F.R.D. 465 (D. Minn. 1969) . . . . . . . . . . 4, 5

Angelo v. Armstrong World Indus., Inc.,
11 F.3d 957 (10th Cir. 1993) . . . . . . . . . . 5

Banks v. Yokemick,
144 F. Supp. 2d 272 (S.D.N.Y. 2001) . . . . . . . . . . 4

Gen'l Elec. Co. v. Joiner,
522 U.S. 136 (1997) . . . . . . . . . . 7, 15

Globe Sav. Bank, F.S.B. v. United States,
61 Fed. Cl. 91 (2004) . . . . . . . . . . 7, 8, 9

Griman v. Makousky,
76 F.3d 151 (7th Cir. 1996) . . . . . . . . . . 5

In re Complaint of Judicial Misconduct,
2 Cl. Ct. 255 (1983) . . . . . . . . . . 10

Johnson City Med. Ctr. Hosp. v. United States,
20 Cl. Ct. 515 (1990) . . . . . . . . . . 10

Kolb v. County of Suffolk,
109 F.R.D. 125 (E.D.N.Y. 1985) . . . . . . . . . . 6

Long Island Sav. Bank, FSB v. United States,
63 Fed. Cl. 157 (2004) . . . . . . . . . . 7

Napier v. Bossard,
102 F.2d 467 (2d Cir. 1939) . . . . . . . . . . 4

Northwestern Nat'l Ins. Co. v. Baltes,
15 F.3d 660 (7th Cir. 1994) . . . . . . . . . . 5

Ross v. United States,
16 Cl. Ct. 378 (1989) . . . . . . . . . . 10

Ryan-Walsh, Inc. v. United States,
39 Fed Cl. 305 (1997) . . . . . . . . . . 6, 13

Schlange-Schoeningen v. Parrish,
767 F.2d 788 (11th Cir. 1985) . . . . . . . . . . 5

Speck v. United States,
28 Fed. Cl. 254 (1993) . . . . . . . . . . 4, 12

United States v. Mathis,
559 F.2d 294 (5th Cir. 1977) . . . . . . . . . . 4

West Coast Gen. Corp. v. Dalton,
39 F.3d 312 (Fed. Cir. 1994) . . . . . . . . . . 6, 7

Young & Assoc. Pub. Relations, L.L.C. v. Delta Air Lines, Inc.,
216 F.R.D. 521 (D. Utah 2003) . . . . . . . . . . 4, 9

Zhu v. Fed. Hous. Bd.,
389 F. Supp. 2d 1253 (D. Kan. 2005) . . . . . . . . . . 7, 10

**STATUTES, RULES, AND REGULATIONS**

12 U.S.C. § 1422b(a)(2) . . . . . . . . . . 7, 10

12 U.S.C. § 1468b . . . . . . . . . . 9

Fed. R. Civ. P. 45 . . . . . . . . . . 11

Fed. R. Evid. 801(d)(2)(D) . . . . . . . . . . passim

RCFC 30(b)(6) . . . . . . . . . . 8

RCFC 31(a) . . . . . . . . . . 8

RCFC 32 . . . . . . . . . . 1, 7, 14

RCFC 32(a) . . . . . . . . . . passim

RCFC 32(a)(1) . . . . . . . . . . passim

RCFC 32(a)(2) . . . . . . . . . . passim

RCFC 32(a)(3) . . . . . . . . . . passim

RCFC 32(a)(4) . . . . . . . . . . 2

RCFC 32(b) . . . . . . . . . . 2

RCFC 45 . . . . . . . . . . 10, 11

**MISCELLANEOUS**

8A Wright & Miller, Federal Practice and Procedure, § 2144 . . . . . . . . . . 5

McCormick Evidence 2d § 244 . . . . . . . . . . 4

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| STERLING SAVINGS ASSOCIATION, a state chartered savings association, STERLING FINANCIAL CORPORATION, a Washington corporation, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 95-829C (Judge Wheeler) |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY TO STERLING'S RESPONSE TO THE GOVERNMENT'S OBJECTIONS TO PLAINTIFFS' LIST OF WITNESSES PURSUANT TO PARAGRAPH 2(a) OF THE JANUARY 3, 2007 PRETRIAL ORDER**

Defendant, the United States, respectfully submits its reply to plaintiffs' ("Sterling") response to our objections to its February 14, 2007 response to paragraph 2(a) of the Court's January 3, 2007 order.[1] Sterling now seeks to admit deposition testimony for five witnesses, in lieu of live testimony, pursuant to Rule 801(d)(2)(D) of the Federal Rules of Evidence ("FRE") and Rule 32 of the Rules of the United States Court of Federal Claims ("RCFC"). Sterling, however, has failed to establish the requisite elements to designate deposition testimony.

Designation of deposition testimony is a last resort, used when a witness is unavailable to appear at trial. Sterling has not shown, and cannot show, that William J. Durbin, Edwin Hedlund, David H. Martens, Patricia McJoynt, and Hilton Hewitt are unable to appear at trial. Moreover, Sterling has failed to satisfy its burden of proving that an exception to the rule precluding the admission of deposition testimony of available witnesses applies here.

[1] "Sterling's Response To The Government's Objections To Sterling's List Of Witnesses" is cited as "Sterling Resp. __".

Accordingly, the Court should preclude Sterling from using the deposition testimony of the above-named witnesses as evidence in its case-in-chief.

To the extent that Sterling is allowed to submit deposition testimony, in lieu of live testimony, for these witnesses, we respectfully request in the alternative that we be granted leave to submit counter-designations in response to Sterling's deposition designations. RCFC 32(a)(4). We also respectfully request that Sterling read the deposition designations it makes for these witnesses into the record at trial, so as to permit the Government to raise objections to specific questions. See RCFC 32(b) ("[O]bjection may be made at the trial or hearing to receiving in evidence any deposition or part thereof for any reason which would require the exclusion of the evidence if the witness were then present and testifying."). This is especially important in this case, because it is a Winstar-related case. This Court limited the objections that attorneys defending depositions in the Winstar-related cases could make during the course of the deposition. See Judge Hodges's 6/26/00 order in "Plaintiffs In All Winstar-Related Cases At The Court v. United States, No. 90-8C, et al." The limitation upon such objections greatly increased the amount of speculative, irrelevant, cumulative, and otherwise improper testimony during these depositions. Therefore, if Sterling is allowed to submit deposition testimony in lieu of live testimony, the Government should be allowed to submit counter-designations and to object to the deposition questions being read, to the extent allowed by the Federal Rules of Evidence.

## ARGUMENT

### I. The Five Witnesses For Whom Sterling Seeks To Admit Deposition Testimony, In Lieu of Live Testimony, Are Available For Trial

As we stated in our Motion For Leave To File Objections To Plaintiffs' List Of Witnesses Pursuant To Paragraph 2(a) Of The January 3, 2007 Pretrial Order ("Motion" or "Gov't Mot. __"), Mr. Durbin is available for the entire trial and Mr. Hedlund is available during the entire trial except June 26-27, 2007, and July 3-4, 2007. Mr. Martens, Ms. McJoynt, and Mr. Hewitt have now also responded to our request for dates during the scheduled trial that they are available for testimony. Mr. Martens is available for the entire trial except June 25-29, 2007. Ms. McJoynt is available June 25-28, 2007, and may be available during the second or third week of trial. Finally, Mr. Hewitt is available during the entire trial.

In its January 3, 2007 order, the Court specifically allowed for both parties to subpoena witnesses. Sterling's choice not to subpoena these witnesses does not mean that it should now be allowed to admit deposition testimony of otherwise available witnesses.[2]

### II. Where, As Here, There Has Been No Showing As To Witnesses' Unavailability To Testify At Trial, There Is A Strong Preference For Live Testimony

RCFC 32(a) provides that deposition testimony "may" be used "so far as admissible under the rules of evidence," to the extent that the deposition testimony is "in accordance with

[2] The Government's representation of these five witnesses does not prevent Sterling from subpoenaing them. Nor does the Court's February 20, 1998 order in Plaintiffs In All Winstar-Related Cases At The Court, No. 90-8C, et al. (preventing Sterling from "interview[ing] informally" former employees without Government counsel participation), and "Defendant's Initial Disclosure Pursuant To Paragraph IV(A)(1) Of The Discovery Plan" (stating that ex parte contact with former employees is prohibited by law and court order and ex parte contact with current employees is prohibited because they are represented by Government counsel) prevent Sterling from subpoenaing all five of these witnesses for trial, just as Sterling was not prevented from deposing all five of these witnesses.

any of the following provisions." Sterling seeks to admit deposition testimony in lieu of live testimony for five witnesses pursuant to the following sections of RCFC 32(a): RCFC 32(a)(1), RCFC 32(a)(2), and RCFC 32(a)(3)(E) and (F).

As discussed in our motion, the preference for live testimony, when available, has been well noted by the courts. In both civil and criminal cases, our common law heritage has always favored the presentation of live testimony over the presentation of hearsay testimony by out-of-court declarants. See McCormick Evidence 2d § 244. The factfinder's observation of the demeanor of the witness and the effectiveness of cross-examination in the discovery of the truth are the traditional reasons for the preference, even though the out-of-court statement had been given under oath. See United States v. Mathis, 559 F.2d 294, 289-99 (5th Cir. 1977); Young & Assoc. Pub. Relations, L.L.C. v. Delta Air Lines, Inc., 216 F.R.D. 521, 522 (D. Utah 2003) ("'[[T]]he deposition has always been, and still is, treated as a substitute, a second-best, not to be used when the original is at hand.'") (quoting Napier v. Bossard, 102 F.2d 467, 469 (2d Cir. 1939) (Hand, J.)); Banks v. Yokemick, 144 F. Supp. 2d 272, 288 (S.D.N.Y. 2001) ("The general rule is that testimony at all trials must be live. . . . [D]eposition testimony is only a substitute, not to be resorted to if the witness can appear in person."). Live testimony is necessary to provide the Court with an opportunity to evaluate the witness's demeanor during the discussion of the relevant events. See Speck v. United States, 28 Fed. Cl. 254, 294 (1993) (denying admission of transcript testimony pursuant to FRE 801 and 804). Obviously, the reading of a deposition transcript would not serve as an adequate alternative to evaluating the witness's testimony in person. See Am. Steel Works v. Hurley Constr. Co., 46 F.R.D. 465, 470 (D. Minn. 1969) (observing that "[t]he taking of a deposition is not equivalent to having 'live' testimony"); see

also Griman v. Makousky, 76 F.3d 151, 153 (7th Cir. 1996) ("strong preference of Anglo-American courts for live testimony"). Accordingly, Anglo-American courts have recognized a strong "interest of justice" in having witnesses testify live, and Sterling has failed to provide any reason why that interest should be ignored.

In addition, the party seeking to introduce deposition testimony has the burden of establishing that the deposition testimony complies with the requirements set forth in the Rules. See Angelo v. Armstrong World Indus., Inc., 11 F.3d 957, 963 (10th Cir. 1993); Allgeier v. United States, 909 F.2d 869, 876 (6th Cir. 1990). If the proponent of the deposition testimony fails to carry that burden, the court should exclude the designated deposition testimony. See Northwestern Nat'l Ins. Co. v. Baltes, 15 F.3d 660, 662-63 (7th Cir. 1994). Sterling has not met its burden.

### A. RCFC 32(a)(1) Does Not Allow For Sterling To Admit Deposition Testimony In Lieu Of Live Testimony

RCFC 32(a)(1) provides: "Any deposition may be used by any party for the purpose of contradicting or impeaching the testimony of deponent as a witness, or for any other purpose permitted by the Federal Rules of Evidence." Id. The latter clause in RCFC 32(a)(1), "or for any other purpose permitted by the Federal Rules of Evidence," was the result of an amendment to the rule in 1980 "to recognize that a deposition used to impeach or contradict could also be used 'for any [other] purpose permitted by the Federal Rules of Evidence.'" 8A Wright & Miller, Federal Practice and Procedure, § 2144 (emphasis added); Schlange-Schoeningen v. Parrish, 767 F.2d 788, 794 (11th Cir. 1985) (discussing trial court's discretionary use of Rule 32(a)(1) to permit transcript of deposition that had already been introduced at trial to be brought to jury

room). Therefore, RCFC 32(a)(1) only permits deposition testimony to be introduced when at least one of the purposes of using the deposition is "for the purpose of contradicting or impeaching the testimony" of the witness. RCFC 32(a)(1).

Sterling seeks to use FRE 801(d)(2)(D) to admit deposition testimony pursuant to RCFC 32(a)(1). If, however, RCFC 32(a)(1) is interpreted to permit depositions to be used for any purpose permitted by the FRE, then FRE 801(d)(2)(D) would allow the admission of depositions of all corporate and Government employees as admissions of a party-opponent, regardless of whether they testified at trial. Such an interpretation has been rejected, Kolb v. County of Suffolk, 109 F.R.D. 125, 128 (E.D.N.Y. 1985) ("It is apparent . . . that Rule 801(d)(2)(D) was not intended to permit the introduction of . . . defendant's employees' entire depositions for substantive purposes where the employees are readily available to testify at trial."), and would constitute an "end run" around RCFC 32(a)(2), which is the appropriate subsection under which to offer the deposition of an agent of an adverse party.[3]

Because Sterling will use the named witnesses' testimony in its case-in-chief, it is not using the testimony to contradict or impeach any of the witnesses, and accordingly, cannot use RCFC 32(a)(1) in combination with FRE 801(d)(2)(D) as a basis to admit the deposition into evidence.[4]

---

[3] We respectfully submit that Ryan-Walsh, Inc. v. United States, 39 Fed. Cl. 305, 306 (1997), in which this Court suggested it would permit two depositions to be introduced as substantive evidence at trial, without first being used for impeachment or contradiction, was wrongly decided. The Court in that case, which is not controlling authority, see West Coast Gen. Corp. v. Dalton, 39 F.3d 312, 315 (Fed. Cir. 1994), did not discuss the history of RCFC 32(a)(1) or the rationale behind the 1980 amendment.

[4] We respectfully disagree with the cases, cited by Sterling, indicating that FRE 801(d)(2)(D) constitutes an independent basis for admitting deposition testimony as evidence

Even if FRE 801(d)(2)(D) can serve as an independent ground for admission of deposition testimony, Sterling cannot meet its burden of showing that four of the deponents whose testimony it seeks to admit were employed by the Government at the time of their depositions. Pursuant to FRE 801(d)(2)(D), a deposition can only be used as an admission by a party-opponent if the deposition was made "by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship." Fed. R. Evid. 801(d)(2)(D) (emphasis added). By not seeking to admit the deposition testimony of Messrs. Hedlund and Hewitt and Ms. McJoynt pursuant to FRE 801(d)(2)(D) and RCFC 32(a)(1), Sterling correctly acknowledges that these three witnesses were not employed by the Government at the time of their depositions. Although Mr. Durbin was employed by the Government at the time of his deposition, Sterling Resp. at App. 34:17-35:4, Mr. Martens was not employed by the Government at the time of his deposition, id. at App. 24:17-25:19. Mr. Martens was employed by the Federal Home Loan Bank of San Francisco ("FHLB"), id., and, therefore, is not a Government employee. 12 U.S.C. § 1422b(a)(2) ("[N]o officer, employee, or agent of a [Federal Home Loan] Bank or joint office shall be a Federal officer or employee under any definition of either term in Title 5."); see also Zhu v. Fed. Hous. Bd., 389 F. Supp. 2d 1253,

---

pursuant to FCFC 32(a) for the reasons stated above. Specifically, with respect to the decisions in Long Island Sav. Bank, FSB v. United States, 63 Fed. Cl. 157 (2004), and Globe Sav. Bank, F.S.B. v. United States, 61 Fed. Cl. 91 (2004), we respectfully disagree that admissibility under FRE 801(d)(2)(D) is independent of the requirements of RCFC 32, and that the Court may permit deposition excerpts to be taken as substantive evidence despite the availability of the deponents to testify at trial, and contrary to the long-standing preference for live testimony. Indeed, in light of this long-standing preference, and given that previous decisions of this Court in other cases are not binding precedent here, see West Coast Gen. Corp., 39 F.3d at 315, the Court would not be abusing its discretion in denying Sterling's attempt to admit deposition testimony and instead requiring live testimony. See, e.g., Gen'l Elec. Co. v. Joiner, 522 U.S. 136, 141-42 (1997) (trial court's evidentiary rulings reviewed for abuse of discretion).

1291-92 & n.28 (D. Kan. 2005) ("In 1989, Congress amended the Federal Home Loan Bank Act to provide that Federal Home Loan Bank employees are not employees of the United States."). The Government's representation of a witness during a deposition does not change these facts.[5] As a result, regardless of whether FRE 801(d)(2)(D) can serve as an independent ground for the admission of Mr. Durbin's deposition testimony, the Court should not admit into evidence the testimony of Messrs. Hedlund, Hewitt, and Martens and Ms. McJoynt because their depositions were not taken during their employment with the Government.

## B. RCFC 32(a)(2) Does Not Allow For Sterling To Admit Deposition Testimony In Lieu Of Live Testimony

Sterling cannot prevail in its attempt to admit the deposition testimony of Messrs. Durbin and Martens pursuant to RCFC 32(a)(2). RCFC 32(a)(2) states:

> The deposition of a party or of anyone who at the time of taking the deposition was an officer, director, or managing agent, or a person designated under RCFC 30(b)(6) or 31(a) to testify on behalf of a public or private corporation, partnership or association or governmental agency which is a party may be used by an adverse party for any purpose.

Sterling does not seek to admit the deposition testimony of Messrs. Durbin and Martens as individuals designated under RCFC 30(b)(6) or 31(a). Instead, Sterling seeks to admit the deposition testimony of Messrs. Durbin and Martens because they "were high-level Government

[5] The Government respectfully disagrees with the interpretation of FRE 801(d)(2)(D) in Globe Sav. Bank, F.S.B., 61 Fed. Cl. at 98 n.11, that would allow for a former employee to nonetheless be designated an "agent or servant," so as to allow the admission of a former employee's deposition pursuant to FRE 801(d)(2)(D). First, the Court's statement in Globe was dicta, because the Court was addressing whether a current Government employee was a "managing agent" pursuant to RCFC 32(a)(2). Second, such an interpretation of FRE 801(d)(2)(D) is contrary to the plain language of the rule, requiring the admission to be "made during the existence of the [agency or employment] relationship." FRE 801(d)(2)(D).

employees at the time of their depositions." Sterling Resp. 5. Sterling is correct that Mr. Martens was a senior vice president of credit and collateral risk management and community investment of the FHLB, chaired the credit committee, and served as the Senior Committee Investment Officer at the time of his deposition. Id. at 6 & App. 24:17-25:19. The FHLB, however, is not a Government agency. In addition, Sterling incorrectly identifies Mr. Durbin's position at the time of his deposition. See id. at 5-6 & App. 33:13-34:3. At that time, Mr. Durbin was an examiner in the OTS's Seattle office. Id. at App. 34:16-35:4. Regardless of Sterling's mistake with respect to Mr. Durbin's position, neither Mr. Durbin, nor Mr. Martens, filled the role of an "officer, director, or managing agent" of the United States in the positions they held at the time of their depositions. RCFC 32(a)(2).

To be permitted to offer the deposition testimony of Messrs. Durbin and Martens pursuant to RCFC 32(a)(2), Sterling must show the following:

> establish[] that the deponent had decision-making authority within the pertinent governmental agency at a key time and kept a responsible position within the agency or at a successor or sister agency at the time of the deposition. As in other cases, "under the evidence presented in this case the following consideration is of particular importance: whether the employee's authority included exercising his or her personal discretion in making decisions without obtaining additional authorization from superiors in dealing with corporate matters."

Globe Sav. Bank, F.S.B., 61 Fed. Cl. at 98 (quoting Young & Assocs. Pub. Relations, L.L.C., 216 F.R.D. at 523). Sterling cannot meet this burden. Mr. Durbin's position as an OTS examiner required him to report to superiors. See 12 U.S.C. § 1468b. With respect to Mr. Martens, he did not work for a "governmental agency" at the time of his deposition or a "successor or sister agency" of the Government, Sterling Resp. at App. 24:17-25:19, in as much

as he was not a Government employee. 12 U.S.C. § 1422b(a)(2) ("[N]o officer, employee, or agent of a [Federal Home Loan] Bank or joint office shall be a Federal officer or employee under any definition of either term in Title 5."); see also Zhu, 389 F. Supp. 2d at 1291-92 & n.28 ("In 1989, Congress amended the Federal Home Loan Bank Act to provide that Federal Home Loan Bank employees are not employees of the United States."). Even if Mr. Martens, as an employee of the FHLB, could be treated as working for as a "governmental agency" or a "success or sister agency" of the Government, Mr. Martens' position required him to report to superiors. Mr. Martens specifically testified in his deposition that, with respect to his role in establishing credit policies of the FHLB, "it is subject to approval by the credit committee, subject to approval by the president of the bank, and that all has to be within the risk tolerances as communicated by the board of directors." Sterling Resp. at App. 25:8-19. Thus, Sterling cannot show that Mr. Martens worked for a "governmental agency" and cannot show that Messrs. Durbin and Martens had the kind of unfettered discretion necessary for their testimony to qualify for admission pursuant to RCFC 32(a)(2).

### C. RCFC 32(a)(3) Does Not Allow For Sterling To Admit Deposition Testimony In Lieu Of Live Testimony

Sterling's invocation of RCFC 32(a)(3)(E) and (F) is also unavailing. With respect to RCFC 32(a)(3)(E), as we explained in our motion, the Court of Federal Claims is a court of nationwide jurisdiction. See Adrienne Vill. v. United States, 25 Cl. Ct. 457, 461 n.3 (1992); Johnson City Med. Ctr. Hosp. v. United States, 20 Cl. Ct. 515, 516 (1990); Ross v. United States, 16 Cl. Ct. 378, 383 (1989); In re Complaint of Judicial Misconduct, 2 Cl. Ct. 255, 261 n. 11 (1983); see also RCFC 45, Rules Comm. Note. Unlike litigants appearing in the Federal district

courts, parties appearing before this Court have great latitude to subpoena trial witnesses outside 100 miles from the Court. Compare RCFC 45 with Fed. R. Civ. P. 45. Accordingly, motions for authorization to subpoena witnesses located over 100 miles from this Court are routinely granted, and such a motion has been granted in this case where witnesses are located over 100 miles from the location of the trial. Order, Sterling Sav. Ass'n v. United States, 95-829C (Feb. 20, 2007); see also, e.g., Order, Suess v. United States, 90-981C (Dec. 30, 1998); Order, Bluebonnet Sav. Bank, F.S.B. v. United States, 95-532C (May 11, 1999); Order, Landmark Land Co. v. United States, 95-502C (Aug. 20, 1999); Order, Maco Bancorp, Inc. v. United States, 94-625C (Aug. 26, 1999); Order, Bank United of Tex., F.S.B. v. United States, 95-473C (Sept. 1, 1999); Order, Westfed Holdings, Inc. v. United States, 92-820C (Aug. 29, 2002); Order, Home Sav. of Am., F.S.B. v. United States, 92-620C (Jan. 7, 2003); Order, First Fed. Lincoln Bank v. United States, 95-518C (May 13, 2003); Order, Commercial Fed. Bank v. United States, 95-472C (May 22, 2003); Order, Caroline Hunt Trust Estate v. United States, 95-531C (June 4, 2003); Order, S. Nat'l Corp. v. United States, 95-526C (Sept. 22, 2003).

Because the Court may permit parties to issue subpoenas beyond the 100-mile limit, RCFC 32(a)(3)(E) does not automatically render deposition testimony from deponents located beyond 100 miles admissible as evidence. In addition, RCFC 32(a)(3)(E) specifically bars introduction of such testimony where the Court finds "that it is not in the interest of justice, with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used." RCFC 32(a)(3)(E).

By granting our motion to serve subpoenas, Order, Sterling Sav. Ass'n, 95-829C (Feb. 20, 2007), the Court has already found "that it is not in the interest of justice, with due regard to

the importance of presenting the testimony of witnesses orally in open court, to allow [] deposition[s] to be used." Nor has Sterling shown that it is in the "interest of justice" to present testimony by way of deposition for these five witnesses.

In addition to RCFC 32(a)(3)(E), deposition testimony "may be used," pursuant to RCFC 32(a)(3)(F),"upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court . . . ." RCFC 32(a)(3)(F). Sterling makes no showing how "exceptional circumstances exist" or how the "interest of justice" will be served by admitting deposition testimony solely because Sterling "only seeks to introduce limited testimony." Sterling Resp. 7. As discussed above, this Court has explained that it "prefers live testimony by the live witnesses at the trial, so that the witnesses can be cross-examined and observed by the judge to aid in the assessment of their credibility." Speck, 28 Fed. Cl. at 294. Sterling has failed to refute our statement in our motion that "[i]f such evidence is relevant to Sterling's case, the witness' demeanor and credibility are no less important merely because their testimony may be ['limited']." Gov't Mot. 7 (quoting Sterling Resp. 7).

In addition, Sterling's arguments that deposition testimony should be admitted because we have not argued that we will "suffer prejudice" and because Sterling will suffer "prejudice" are unavailing. Sterling Resp. 7. Rules 32(a)(3) (E) and (F) do not require a showing of "prejudice," but instead require Sterling to show that it is in the "interest of justice" to admit deposition testimony.

Likewise, Sterling's attempt to save money by attempting to admit testimony by deposition, in lieu of live testimony, is certainly not such an "exceptional circumstance[]" so as

"to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court," to admit deposition testimony. RCFC 32(a)(3)(F); see also RCFC 32(a)(3)(E). Sterling's asserted concern over having to "pay for these witnesses to travel to Spokane," Sterling Resp. 7, is unsupported and inconsistent with Sterling's prior actions in this case. Throughout this case, Sterling has not acted like a party without resources, instead filing lengthy motion papers, complete with declarations and voluminous exhibits, as well as conducting numerous depositions and serving numerous expert reports. Sterling's financial condition did not prevent it from obtaining the resources that were necessary to aggressively litigate this case when it believed it was in its interest to do so. The Court should not now permit Sterling to raise its financial condition as a basis to avoid putting on live trial testimony. Nor does Sterling cite any case law that "exceptional circumstances exist" or the "interest of justice" turn upon Sterling attempting to save money. In contrast, a party's attempt to save money has been found not to be an "exceptional circumstance[]." See Ryan-Walsh, Inc., 39 Fed. Cl. at 306 (finding "cost and trial efficiency" did not justify the submission of deposition testimony as substantive evidence).

Finally, Sterling's concerns that it should be able to admit these witnesses' testimony by deposition because "[t]he Government has listed these witnesses for its own case in chief, and will have the opportunity to inquire of the witnesses when they are present in Spokane to testify live," such that "[t]he Government has made no showing that justice requires these witnesses to travel to Spokane twice," Sterling Resp. 7, is unwarranted and represents a fundamental misunderstanding of the Court's January 3, 2007 order. The Court's January 3, 2007 order specifically states that "[f]or any witness who appears on the witness list of both parties,

Defendant's counsel generally may combine cross-examination and direct examination when questioning witnesses the Plaintiff calls." 1/3/07 order at 4. Therefore, the Court has already made clear that witnesses will not be required to travel to Spokane twice.[6]

Given the courts' traditional strong preference for live testimony, the Court's practice of routinely granting authorization to subpoena remote witnesses for trial, the Court's decision to authorize subpoenas in this case, and Sterling's failure to provide any "exceptional circumstances" that would show that it is in the "interest of justice" to admit deposition testimony of these five witnesses in lieu of live testimony, Sterling's invocation of RCFC 32(a)(3)(E) and (F) is unavailing.

## III. The Court's January 3, 2007 Order Precludes Sterling's Attempt To Admit Deposition Testimony In Lieu Of Live Testimony

The Court's January 3, 2007 order established the basis upon which deposition testimony will be used during this trial. Specifically, we objected to Sterling's request to admit the deposition testimony of five witnesses in response to paragraph 2(a) of the Court's January 3, 2007 order, which requested a list of individuals for whom deposition testimony "will be introduced . . . because the witness is deceased or unable to testify in person because of age, illness, or infirmity." 1/3/07 order at 1. As all five witnesses are available to testify during the trial, Sterling has not complied with the Court's order.

Sterling nonetheless argues that "[t]he Government ignores RCFC 32, and seems to argue that this Court's pretrial order abrogated the rights of the parties to introduce evidence as

---

[6] In addition, although we have proposed to subpoena, and the Court has granted our request to subpoena, Messrs. Durbin, Hedlund, and Hewitt and Ms. McJoynt, we have not sought to subpoena Mr. Martens and have not issued subpoenas at this time.

permitted under the general rules of this Court. Sterling respectfully submits that nothing in the Court's order suspends the ordinary operations of the Court Rules." Sterling Resp. 4, n.1. To the contrary, and as discussed above, RCFC 32(a) does not give a party the right to use deposition testimony when witnesses are available. In addition, evidentiary rulings, such as the decision whether to allow the use of depositions in lieu of live testimony when the rules "may" permit such use, RCFC 32(a), are within the Court's discretion. See, e.g., Joiner, 522 U.S. at 141-42 (trial court's evidentiary rulings reviewed for abuse of discretion). In this instance, the Court's January 3, 2007 order contemplates specific reasons for the use of depositions and suggests that the Court, in its discretion, has decided – in the common law tradition of preference for live testimony – that witnesses will testify live during trial unless they are "deceased or unable to testify in person because of age, illness, or infirmity." 1/3/07 order at 1.

**CONCLUSION**

For the foregoing reasons, we respectfully request that the Court deny Sterling's request to admit deposition testimony, in lieu of live testimony, for the five witnesses listed in its February 14, 2007 filing.

Respectfully submitted,

MICHAEL F. HERTZ
Deputy Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Kenneth M. Dintzer

KENNETH M. DINTZER
Assistant Director

s/ Elizabeth M. Hosford

ELIZABETH M. HOSFORD
Trial Attorney
Commercial Litigation Branch
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 616-0332

Attorneys for Defendant

Of counsel:

TAREK SAWI
Senior Trial Counsel
MELINDA HART
DELISA SANCHEZ
TIMOTHY ABRAHAM
WILLIAM KANELLIS
ELIZABETH A. HOLT

March 22, 2007

CERTIFICATE OF FILING

I hereby certify that on March 22, 2007, a copy of foregoing "DEFENDANT'S REPLY TO STERLING'S RESPONSE TO THE GOVERNMENT"S OBJECTIONS TO PLAINTIFFS' LIST OF WITNESSES PURSUANT TO PARAGRAPH 2(a) OF THE JANUARY 3, 2007 PRETRIAL ORDER," was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Elizabeth M. Hosford