# In the United States Court of Federal Claims

No. 95-829C

(Filed: March 26, 2007)

| | |
|---|---|
| ************************************ | * |
| | * |
| STERLING SAVINGS ASSOCIATION, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| THE UNITED STATES, | * |
| | * |
| Defendant. | * |
| | * |
| ************************************ | * |

## ORDER

On February 20, 2007, Defendant filed a motion regarding its objections to Plaintiff's witness list. Defendant objects to Plaintiff's introduction of deposition testimony instead of the live testimony of William Durbin, David H. Martens, Edwin C. Hedlund, Hilton C. Hewitt, and Patricia A. McJoynt. These witnesses are current or former Government employees. In a December 15, 2006 letter, Plaintiff's counsel attempted to learn from Defendant's counsel the availability of these witnesses to testify at trial, but did not receive a timely or complete response. Defendant's counsel have asserted that they "represent" these current or former Government employees, and have advised that Plaintiff's counsel should not contact the witnesses directly. Defendant's counsel also have suggested that subpoenas might be needed to secure the presence of current or former Government employees at trial, but apparently have not identified which witnesses fit this category.

The Court has carefully reviewed Defendant's motion, Plaintiff's March 9, 2007 response, and Defendant's March 22, 2007 reply. The Court provides the following rulings on the pending issues, which also may serve as guidance regarding the testimony of other witnesses.

1. Pursuant to the January 3, 2007 Pretrial Order, all witnesses who are not deceased or otherwise unavailable due to age, infirmity, or illness will be expected to testify in person at trial.

2. Where practicable, witnesses who are unavailable to testify in person due to age, infirmity, or illness may testify by video conference from a location near their homes. Where video testimony is not practicable, the parties may present the deposition testimony of unavailable witnesses.

3. Notwithstanding paragraphs 1 and 2 above, the parties may, by mutual agreement and for the convenience of witnesses, present the testimony of any person by video conference if the testimony (direct and cross-examination) is expected to require one hour or less, and if by this arrangement the witness would be relieved from traveling to Spokane, Washington for trial. Counsel should submit notice to the Court ten days before trial of any witnesses who will testify by video conference.

4. For present and former Government employees whom Defendant's counsel assert that they "represent," and who have been included on Plaintiff's witness list, Defendant in the normal course will be expected to produce those persons at trial on dates requested by Plaintiff's counsel. If Defendant notifies Plaintiff that a subpoena is necessary to assure a named person's attendance at trial, Plaintiff is entitled to contact such person directly to make arrangements for the person to attend trial, and to determine the proper place for service of a subpoena. This guidance will apply equally to any present or former employee of Plaintiff whom Defendant has included on its witness list.

5. Counsel for the parties are expected to cooperate to the fullest, and in a timely manner, in arranging for the testimony of witnesses, pursuant to the foregoing. The Court will look with disfavor upon a party's assertion of any unreasonable position relating to the scheduling or appearance of witnesses.

IT IS SO ORDERED.

s/ Thomas C. Wheeler
THOMAS C. WHEELER
Judge