IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| STERLING SAVINGS ASSOCIATION, a state chartered savings association, STERLING FINANCIAL CORPORATION, a Washington corporation,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Court No. 95-829-C<br><br>(Judge Wheeler) |

**STERLING'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE THE DECLARATION OF DR. PAUL M. HORVITZ**

## I. INTRODUCTION

The Government and Sterling cross-moved for summary judgment on damages. In support of its motion and in opposition to the Government's motion, and pursuant to RCFC 56(a) and (e), Sterling filed supporting sworn declarations of Harold Gilkey, the Chairman of the Board and Chief Executive Officer of Sterling's holding company, and Dr. Paul Horvitz, an expert witness who will testify at trial on behalf of Sterling's proposed damages calculations and in rebuttal to certain of the Government's experts.

The Government has moved to strike the Declaration of Dr. Horvitz on two grounds: (1) that it is a new expert report untimely disclosed; and (2) that it contains "new opinions." Def's Mot. Strike [Doc. 240]. The Government's motion is based upon a false premise. Dr. Horvitz's Declaration is not an expert report and does not contain "new opinions." It is the type of evidence RCFC 56(e) requires parties to file in response to motions for summary judgment. Dr. Horvitz's Declaration sets forth, in consolidated form, his opinions to which he will testify at trial and over which the Government has already conducted exhaustive discovery and three

depositions. The Government's motion should be denied.

## II. ARGUMENT

### A. PURSUANT TO RCFC 56, STERLING WAS REQUIRED TO SET FORTH SPECIFIC FACTS TO DEFEAT SUMMARY JUDGMENT BY AFFIDAVIT OR OTHER SWORN TESTIMONY.

Under RCFC 56(e), to defeat a motion for summary judgment, a party must set forth facts showing a genuine issue for trial through affidavits or other sworn testimony:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, **but the adverse party's response, by affidavits** or as otherwise provided in this rule, **must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.**

RCFC 56(e) (emphasis added).

Here, in response to the Government's motion for summary judgment, Sterling set forth specific facts demonstrating, at a minimum, genuine issues for trial through the Declarations of Dr. Horvitz and Mr. Gilkey.[1] Specifically, the Government alleged in its motion for summary judgment that Dr. Horvitz's damages calculations were speculative because they failed to consider or were not based upon certain facts. In response, Dr. Horvitz's Declaration summarizes the reports he has issued, and the testimony he gave at his depositions and will give at trial. The notion that an expert witness may not submit an affidavit after the close of discovery is absurd and contrary to the civil rules, particularly in this case, where the Government has already conducted full discovery over each opinion set forth in Dr. Horvitz's Declaration.

[1] The evidence submitted by Sterling in support of its motion for summary judgment demonstrates that undisputed facts support entry of summary judgment in Sterling's favor.

### B. DR. HORVITZ'S DECLARATION DOES NOT CONSTITUTE "NEW OPINIONS."

The crux of the Government's argument is that Dr. Horvitz's Declaration allegedly contains "new opinions" not previously disclosed to the Government. This premise is wrong. As stated above, the Declaration is a verified consolidation of his opinions, all of which have long ago been disclosed to the Government and subject to discovery, including three separate depositions. Though the Government baldly claims otherwise, the Government points to no new damages calculations or theories offered by Dr. Horvitz in his Declaration --- for there are none. As to Dr. Horvitz's statements concerning Mr. Bankhead (the only alleged "new opinions" about which the Government complains), such statements serve to rebut the previously undisclosed opinions of Mr. Bankhead. To be clear, it is the Government that has unfairly surprised Sterling, not vice versa.[2]

Further, the Government does not require further discovery or else the Government would have so moved under RCFC 56(f). Indeed, the Government has already responded to Sterling's summary judgment motion by presenting its own expert reports (though Sterling contends such reports will be inadmissible at trial). Therefore, the Government cannot show that it requires additional expert testimony to rebut the alleged "new opinions" or, more importantly, that it is prejudiced by not being allowed to conduct a fourth deposition of Dr. Horvitz.

## III. CONCLUSION

To reiterate, the Declaration does nothing more than explain the opinions issued by Dr. Horvitz in his earlier reports and about which he has already been deposed three times in a form admissible on summary judgment and consolidated for the Court's convenience, a practice well-established and sanctioned by the rules of civil procedure. Because Sterling is required to

[2] Indeed, the Government's motion attempts to bar the very expert whom Mr. Bankhead has been hired to rebut (Dr. Horvitz) from discussing Mr. Bankhead's theories.

submit such sworn statements in opposition and in support of a motion for summary judgment, the Government's Motion to Strike should be denied.

DATED this 3rd day of May, 2007.

WITHERSPOON, KELLEY, DAVENPORT
& TOOLE, P.S.

By: /s/ William D. Symmes
William D. Symmes, Counsel of Record
And Member of the Bar of the U.S.
Court of Federal Claims

422 West Riverside Avenue, #1100
Spokane, WA 99201-0300
Telephone No. (509) 624-5265
Facsimile No. (509) 458-2717

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I certify under penalty of perjury that on May 3, 2007, a copy of the foregoing **STERLING'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE THE DECLARATION OF DR. PAUL M. HORVITZ** was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ William D. Symmes
William D. Symmes
Attorney for Plaintiff