**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| STERLING SAVINGS ASSOCIATION, a state chartered savings association, STERLING FINANCIAL CORPORATION, a Washington corporation,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ) | No. 95-829C<br>(Judge Wheeler) |

**DEFENDANT'S REPLY TO STERLING'S RESPONSE**
**TO OUR MOTION TO STRIKE THE DECLARATION OF DR. PAUL M. HORVITZ**

Defendant, the United States, respectfully files this reply to Sterling's response to our motion to strike Dr. Paul M. Horvitz's March 28, 2007 declaration. Sterling alleges that this expert declaration was proper because: (1) RCFC 56(e) required Sterling to set forth specific facts to defeat summary judgment, and (2) the expert declaration does not contain new opinions. The Court, however, should strike this declaration because it is not proper under Rule 56(e) and because Dr. Horvitz does, in fact, set forth new opinions not disclosed in his prior expert reports or his depositions. In the alternative, we respectfully request the opportunity to depose Dr. Horvitz regarding these new opinions before he testifies at trial.

## ARGUMENT

### I. Dr. Horvitz's Declaration Is Not Proper Under Rule 56(e)

Sterling alleges that Dr. Horvitz's declaration was submitted pursuant to RCFC 56(e) to set forth specific facts demonstrating genuine issues for trial. Pl.'s Resp. at 2. Rule 56(e) requires that affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to

the matters stated therein." Dr. Horvitz's declaration is not proper under Rule 56(e) because it is essentially an "argumentative brief" in response to our motion for summary judgment. See C&L Constr. Co. v. United States, 6 Cl. Ct. 791, 803 (1984) (striking expert affidavit as improper under Rule 56(e) because it essentially does nothing more than rebut the points made in defendant's motion for summary judgment). Furthermore, Dr. Horvitz admitted at his deposition that he was not an expert in accounting. Ex. A (Jan. 25, 2007 Horvitz Deposition Tr. at 15-16). Therefore, he is not competent for purposes of Rule 56(e) to rebut Mr. Bankhead's opinion, rendered as an expert in accounting, regarding the calculation of Sterling's core capital absent the breach. For these reasons, the Court should strike the declaration as improper under Rule 56(e).[1]

**II. Dr. Horvitz's Declaration Contains New Opinions**

Sterling also contends that Dr. Horvitz's declaration does not contain new opinions, but is a "verified consolidation" of previously disclosed opinions that "summarizes the reports he has issued, and the testimony he gave at his depositions and will give at trial." Pl.'s Resp. at 2-3. Dr. Horvitz's declaration belies this argument. Dr. Horvitz's new declaration states: "The purpose of this Declaration is not to supplant my Reports but to expand on them and to comment on the opinions and statements of the government's expert witnesses proffered in conjunction with the government's Motion for Summary Judgment Regarding Damages." Horvitz Decl. at ¶ 10.[2] Dr.

---

[1] Despite Sterling's contention, Dr. Horvitz's declaration is expert testimony and therefore cannot create a genuine issue of material fact sufficient to defeat summary judgment. Therefore, even assuming the Court did not strike the declaration, the declaration does nothing to preclude summary judgment in the Government's favor.

[2] Sterling also contends that we allege that only Dr. Horvitz's discussion of Mr. Bankhead is new. Pl.'s Resp. at 3. This is incorrect. Dr. Horvitz's declaration also includes new justifications of his own prior expert opinions, and new responses to the opinions of our other experts. See e.g., Horvitz Decl. at ¶¶ 36-39, 42-45, 52, 54, 57.

Horvitz's declaration expands on his prior expert reports and deposition testimony to include responses to Mr. Bankhead's report. Sterling does not and cannot deny that these responses are new.[3] Instead, Sterling argues only that these responses serve to rebut Mr. Bankhead's previously undisclosed opinions, which "unfairly surprised" Sterling. Pl.'s Resp. at 3. The fact that Dr. Horvitz's declaration rebuts Mr. Bankhead's report does not change the fact that it is untimely and improper under the Court's rules and the Winstar procedural orders. See RCFC 26(a)(2)(C); Procedural Order No. 2: Discovery Plan at § V(A)(2). Therefore, the Court should strike the declaration.

If the Court does not grant our motion to strike, we request, in the alternative, that it grant our request to depose Dr. Horvitz regarding the new opinions disclosed in his declaration in preparation for the upcoming trial. Sterling argues that we are not entitled to a deposition because we did not move for discovery under Rule 56(f). Pl.'s Resp. at 3. This is incorrect. Rule 56(f) entitles a Court to allow discovery where a party cannot present sufficient facts by affidavit to oppose a motion for summary judgment. Here, we do not need this discovery to prevail upon our motion for summary judgment. Instead, we only seek this deposition if our motion for summary judgment is denied and Dr. Horvitz intends to present these new opinions at trial.

Sterling also argues that being denied a deposition of Dr. Horvitz would not prejudice the Government. Pl.'s Resp. at 3. Under the Court's Rules and the Winstar procedural orders, we

---

[3] In his report, Mr. Bankhead, an expert in regulatory accounting, (1) demonstrates that the core capital calculation in Dr. Horvitz's expert report is incorrect, and (2) calculates the impact of the error on Dr. Horvitz's damage calculation. At paragraphs 71-87 of his declaration, Dr. Horvitz attempts to explain why Mr. Bankhead's criticism is unfounded. These are new opinions, not merely a summary of his prior reports.

are entitled to a deposition because Dr. Horvitz's new opinions are untimely and should have been filed as a report, regardless of whether we can show prejudice. See RCFC 26(a)(2)(B); RCFC 26(a)(4)(A); Procedural Order No. 2: Discovery Plan at § V(A)(3). Nevertheless, we will be prejudiced by not being allowed proper discovery of Dr. Horvitz's new opinions before he presents them at trial, should one prove necessary.

## CONCLUSION

For the reasons set forth above and in our initial filing, we respectfully request that the Court strike Dr. Horvitz's declaration, or in the alternative, allow us to depose Dr. Horvitz regarding the new expert opinions included in his declaration.

Respectfully submitted,

MICHAEL F. HERTZ
Deputy Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Kenneth M. Dintzer
KENNETH M. DINTZER
Assistant Director

/s/ Elizabeth M. Hosford
ELIZABETH M. HOSFORD
Trial Attorney
Commercial Litigation Branch
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 616-0332

Attorneys for Defendant

Of counsel:

TAREK SAWI
Senior Trial Counsel
MELINDA HART
DELISA SANCHEZ
TIMOTHY ABRAHAM
WILLIAM KANELLIS
ELIZABETH A. HOLT

May 8, 2007

# EXHIBIT A

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

- - - - - - - - - - - - - - - - - - - - x

STERLING SAVINGS ASSOCIATION, a :
State-chartered savings :
Association, STERLING FINANCIAL :
CORPORATION, a Washington :
Corporation, :
Plaintiffs, :
v. : COURT NO. 95-829-C
UNITED STATES OF AMERICA, :
Defendant. :

- - - - - - - - - - - - - - - - - - - -x

Videotaped Deposition of PAUL HORVITZ, PH.D.

Washington, D.C.

Thursday, January 25, 2007

9:00 A.M.

Reference No.: 3837-8

Pages 1 through 203

Reported by: Cassandra E. Ellis, RPR

Page 14

Q Exhibit 6? And I assume one of the tables they're under?
A Yes, table 4B and 4C.
Q Okay?
A On table 4B, on 4B, column D shows the phase out schedule for supervisory goodwill.
Q Right.
A That's what I had to -- to check and refresh my memory as to how that worked. And on table 4C the calculation of the inclusion of identified intangibles is essentially shown in column E, but it involves some other calculations -- as -- as well.
Q You're talking about 4C, did you say?
A 4C, column E, shows the percentage that identified intangibles can count only to the extent of 25 percent of tangible capital.
Q Okay.
A So you then have to calculate what tangible capital is, and that's shown in column C.
Q Okay. Now, we're --
A So those -- those are the -- basically what I'm saying I discussed with -- with Mr. Schirtler as

Page 15

to what had to be done in terms of the calculations.
Q Okay. So the structure and set up of the calculations in tables 4B and 4C were -- were -- arose from instructions to you by Mr. Schirtler, from you to Mr. Schirtler?
A Yes.
Q Okay.
A Tables 4B and 4C did not exist in the previous report.
Q Right?
A These calculations were not necessary in the previous report. So this is the thing that is -- that is new and added as a result the Judge's decision.
Q Okay. All right, we're going to return to these tables in a lot more detail, later. You -- are you a CPA?
A No.
Q Are you -- do you consider yourself to be an expert in accounting?
A No, I'm certainly not an expert in accounting, though I've obviously made a lot of use of

Page 16

-- of accounting statements, and I can read accounting statements, but I'm not an accountant.
Q Thank you. Okay, but other than Mr. Schirtler, did anybody else at Cornerstone help you with preparing this new report?
A Well, there were people who -- who -- on Mr. Schirtler's staff who -- who were involved.
Q Did you work directly with any of them?
A No.
Q So you had no conversations with anyone except Mr. Schirtler?
A That's correct.
Q Okay. In connection with the preparation of the report at any point did you discuss the report with counsel for Sterling or Sterling management?
A Yes.
Q When?
A At some point in November I -- I spoke to -- to Mr. Weatherhead and I spoke to Mr. Symmes in connection, just with the scheduling of -- of this deposition.
Q So you had no substantive conversations

Page 17

with Mr. Weatherhead and Mr. Symmes?
A I did with Mr. Weatherhead.
Q Okay. And what was the content of your substantive conversations with Mr. Weatherhead?
A Some discussion of the Judge's decision and the basis for it, and the impact that this would have on the damage calculation.
Q And what -- what were the -- what was the specifics of that, what was said?
A Well, I think it maybe concerned more what the magnitude of the impact would -- would be.
Q And did you tell him?
A And there was some discussion with him of -- of setting up a -- a meeting where we would discuss this face-to-face.
Q Okay. And what did he say was the magnitude of the decision or did --
A It was more a matter of his asking me the -- the magnitude of it.
Q And what was your answer?
A I said it would be -- it would be significant. I -- I -- this was before we had

CERTIFICATE OF FILING

I hereby certify that on May 8, 2007, a copy of foregoing "DEFENDANT'S REPLY TO STERLING'S RESPONSE TO OUR MOTION TO STRIKE THE DECLARATION OF DR. PAUL M. HORVITZ" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Elizabeth M. Hosford

Elizabeth M. Hosford