**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| STERLING SAVINGS ASSOCIATION, a state chartered savings association, STERLING FINANCIAL CORPORATION, a Washington corporation, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 95-829C |
| | ) | (Judge Wheeler) |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR LEAVE TO REQUEST A STATUS CONFERENCE TO CLARIFY THE COURT'S JANUARY 3, 2007 PRETRIAL ORDER**

Defendant, the United States, respectfully submits this motion for leave to request a status conference to clarify the Court's January 3, 2007 Pretrial Order setting forth the trial schedule in this case. We also respectfully request consideration of our motion upon an expedited basis in light of the fact that our witness list is due on May 23, 2007, and we will soon contact our witnesses to schedule the approximate dates of their testimony.

Pursuant to the Court's January 3, 2007 order, trial is scheduled to commence in Spokane, Washington, on Monday, June 25, 2007, and conclude on Friday, July 13, 2007. On April 25, 2007, plaintiffs filed their witness list, providing a list of their expected "will call" and "may call" witnesses, along with the expected length of each witness's direct testimony. Sterling listed 18 "will call" witnesses and seven "may call" witnesses. After tallying the estimated length of each witness's direct testimony, we determined that plaintiffs anticipate that they will devote approximately 49.5 to 56.5 hours to testimony by "will call" witnesses[1] and

[1] Sterling has listed J. David Welch and Adgate Duer twice on their "will call" witness list. In calculating the number of witnesses Sterling "will call," we have only counted Messrs. Welch and Duer once each. In calculating the number of hours Sterling's "will call" witnesses

approximately five hours to "may call" witnesses. Consequently, we respectfully request a status conference to address our concern that the planned three-week trial will provide insufficient time for both parties to present their cases. A status conference would assist us in ascertaining both the length of trial and the time allotted to each party.[2]

Our concern about the trial schedule is based upon the following assumptions: (1) trial will be conducted from June 25, 2007, through July 13, 2007, except for July 4, 2007, for a total of 14 days; (2) trial will be held from approximately 9:30 A.M. to 5:00 P.M daily; and (3) given this schedule, and based upon past experience in the Winstar-related cases, we would not expect the Court to hear more than approximately six hours of trial testimony each day. Six hours of testimony each day, for 14 days, would result in approximately 84 hours of total trial testimony. Within this 84-hour period, plaintiffs project, at a minimum, to present approximately 49.5 hours of direct testimony. This 49.5 hour period excludes both cross-examination and testimony by "may call" witnesses.

If plaintiffs present 49.5 hours of direct testimony, only 34.5 hours of testimony will remain for our cross-examination of plaintiffs' witnesses, direct examination of our witnesses,

---

are expected to testify, we included all of the hours listed for Messrs. Welch and Duer. Both individuals are listed twice on Sterling's witness list, with testimony expected to last two hours each time. Therefore, if we have misinterpreted Sterling's witness list, we have over-counted Sterling's "will call" direct testimony by a total of four hours.

[2] Pursuant to Rule 16 of the Rules of the Court of Federal Claims ("RCFC"), "[a]t any conference under this rule, consideration may be given, and the court may take appropriate action, with respect to . . . (15) an order establishing a reasonable limit on the time allowed for presenting evidence . . . ." RCFC 16(c).

By filing this motion, we do not waive our right to file motions in limine at a future date, prior to trial, seeking to exclude testimony because it is cumulative.

and plaintiffs' cross-examination of our witnesses. Alternatively, if plaintiffs call their "may call" witnesses and utilize all of the time estimated for "will call" witnesses, they could present up to 61.5 hours of direct testimony, leaving only 22.5 hours for our cross-examination of plaintiffs' witnesses, direct examination of our own witnesses, and plaintiffs' cross-examination of our witnesses. The inequality in the hours remaining for us to present our case – under either scenario – would prejudice our presentation. If the Court split the available hours equally between plaintiffs and defendant, each party's case would last only 42 hours. Presently, plaintiffs expect to devote approximately 50 hours to their direct testimony alone.[3]

Thus, we respectfully request that the Court schedule a status conference to clarify whether both parties are expected to complete their cases-in-chief during the scheduled three week trial, and, if so, whether a division of the time allotted between the parties would be appropriate.[4] Alternatively, if Sterling will be permitted to utilize the three weeks currently scheduled for its case, we would request guidance with respect to scheduling of further

---

[3] Upon reviewing plaintiffs' witness list, the undersigned counsel of record contacted counsel for plaintiffs to discuss, and attempt to resolve, our concern that plaintiffs' lengthy witness list would require the three weeks currently scheduled for trial. On May 8, 2007, plaintiffs' counsel offered some additional information regarding the witnesses to be called and the length of their testimony. Nonetheless, he could not provide an assurance that Sterling would require less than three weeks for its case-in-chief. To the contrary, while he indicated that three "may call" witnesses would not be called, and approximately three "will call" witnesses would testify for less time than currently projected, he also indicated that two "may call" witnesses will likely be called, and that Harold B. Gilkey, Sterling's chief executive officer, and Dr. Paul M. Horvitz, one of Sterling's expert witnesses, would likely testify for a significantly longer period of time than estimated on the witness list.

[4] The Court has limited the time allotted for presentation of evidence in other Winstar-related cases. See, e.g. Final Pre-Trial Order, Long Island Sav. Bank, FSB v. United States, No. 92-517C (Jan. 12, 2005); Final Pre-Trial Order, Globe Sav. Bank, F.S.B. v. United States, No. 91-1550C (July 2, 2004); Order, Cal. Fed. Bank v. United States, No. 92-138C (Aug. 20, 2002); Order, Bluebonnet Sav. Bank, FSB v. United States, No. 95-532C (Sept. 21, 1999).

proceedings. Our witnesses currently expect to testify between June 25 and July 13, 2007, and, if the trial is extended, we need to ascertain their availability for future proceedings. While we understand that the Court, at the status conference conducted on December 15, 2006, left open the possibility of a longer trial, we believe that neither the parties nor the Court anticipated that plaintiffs' case-in-chief had the potential to consume most or all of the three weeks currently scheduled.

**CONCLUSION**

For the foregoing reasons, we respectfully request that the Court grant our motion for leave and schedule a joint status conference to provide clarification with respect to the time and dates allotted for trial. We also respectfully request expedited consideration of our motion.

Respectfully submitted,

MICHAEL F. HERTZ
Deputy Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Kenneth M. Dintzer

KENNETH M. DINTZER
Assistant Director

s/ Elizabeth M. Hosford

ELIZABETH M. HOSFORD
Trial Attorney
Commercial Litigation Branch
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 616-0332

Attorneys for Defendant

Of counsel:

TAREK SAWI
Senior Trial Counsel
MELINDA HART
DELISA SANCHEZ
TIMOTHY ABRAHAM
WILLIAM KANELLIS
ELIZABETH A. HOLT

May 11, 2007

CERTIFICATE OF FILING

I hereby certify that on May 11, 2007, a copy of foregoing "DEFENDANT'S MOTION FOR LEAVE TO REQUEST A STATUS CONFERENCE TO CLARIFY THE COURT'S JANUARY 3, 2007 PRETRIAL ORDER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Elizabeth M. Hosford