**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **STERLING SAVINGS ASSOCIATION, a state chartered savings association, STERLING FINANCIAL CORPORATION, a Washington corporation,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **No. 95-829C** |
| | ) | **(Judge Wheeler)** |
| **UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF BREACH OF CONTRACT OR DAMAGE WITH RESPECT TO CENTRAL EVERGREEN**

Pursuant to the Court's January 3, 2007 Pretrial Order, defendant, the United States, respectfully requests exclusion of all testimony and exhibits alleging a breach of contract or damage with respect to Sterling's 1988 acquisition of Central Evergreen Savings & Loan Association ("Central Evergreen").

This Court has held that the Government did not commit a breach of contract in connection with the Central Evergreen acquisition: "[T]he Court concludes that Section V, paragraph D of the Agreement relating to Central Evergreen shifted to Sterling the risk of regulatory changes, such as [the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA")]. Therefore, the Government did not breach the Agreement with Sterling through the enactment of FIRREA." Sterling Sav. Ass'n v. United States, 72 Fed. Cl. 404, 411 (2006); see Pub. L. No. 101-73, 103 Stat. 183. Further, the Court has previously held that a December 22, 1988 agreement between Sterling and the Government did not provide Sterling a contractual right to pay preferred stock dividends, or to maintain regulatory capital at levels at

variance with regulations. Sterling Sav. Ass'n v. United States, 53 Fed. Cl. 599, 614-15 (2002). Nevertheless, plaintiffs' memorandum of contentions of fact and law, filed on April 25, 2007, and revised witness list, filed on May 23, 2007, both make repeated references to alleged contractual commitments with respect to the Central Evergreen acquisition. For example, in its memorandum, plaintiffs contend that:

- "[T]he capital promises by the Government in exchange for the three acquisitions were the key factor that justified Sterling's assumption of liabilities in excess of the total assets acquired plus cash assistance. Sterling would not have done the deals without the capital promises made by the Government. It could not have; to attempt it would have been madness." Pl. Mem. 7, ¶ 29 (emphasis added).
- "Sterling had negotiated, as part of the Central Evergreen deal, a provision that it would raise additional capital, including the right to pay dividends on preferred stock, by December 31, 1990." Id. at 8, ¶ 34.

Likewise, in its revised witness list, Sterling asserts that testimony to be presented by seven witnesses, including Sterling's chief executive officer and chief financial officer, will address the witnesses' "personal knowledge of the government's breach of its contracts with Sterling arising from the supervisory acquisitions of Lewis Federal Savings & Loan, Tri-Cities Savings & Loan and Central Evergreen Savings and Loan, and of the nature of the damages suffered by Sterling as a consequence of the breach of the Lewis Federal and Tri-Cities Agreement." Pl. Revised Witness List (emphasis added).[1]

---

[1] The seven witnesses who will offer this testimony are: Ms. Heide B. Stanley and Messrs. Daniel Byrne, Harold B. Gilkey, William W. Zuppe, John Harlow, Stephen Page, and

The purpose of a motion in limine is "'to prevent a party before trial from encumbering the record with irrelevant, immaterial or cumulative matters. Such a motion enables a court to rule in advance on the admissibility of documentary or testimonial evidence and thus expedite and render efficient a subsequent trial.'" INSLAW, Inc. v. United States, 35 Fed. Cl. 295, 302-03 (1996) (quoting Baskett v. United States, 2 Cl. Ct. 356, 367-68 (1983), aff'd, 790 F.2d 931 (Fed. Cir. 1986)). The Court of Federal Claims has consistently held that a ruling in limine "'is a remedy designed to increas[e] trial efficiency and promot[e] improved accuracy of evidentiary determinations by virtue of the more thorough briefing and argument of the issues that are possible prior to the crush of trial.'" Weeks Dredging & Contracting, Inc. v. United States, 11 Cl. Ct. 37, 45 (1986) (alteration in original) (quoting Zenith Radio Corp. v. Matsushita Elec. Indus. Co., Ltd., 505 F. Supp. 1125, 1140 (E.D. Pa. 1980)); see INSLAW, Inc., 35 Fed. Cl. at 302-03.

The Court's prior rulings in this case have established that enactment of FIRREA did not result in a breach of contract with respect to Sterling's acquisition of Central Evergreen. Therefore, a ruling in limine excluding testimony or exhibits alleging a breach of contract or damages arising from Sterling's 1988 acquisition of Central Evergreen is warranted. Indeed, given the limited time available for trial, permitting plaintiff to submit evidence based upon breach of contract or damage with respect to Central Evergreen, and requiring the Government to respond to such evidence, would prejudice the Government and waste limited judicial resources.

---

Norman C. Judd.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court grant its motion in limine to exclude from evidence testimony and exhibits alleging a breach of contract or damages with respect to Sterling's 1988 acquisition of Central Evergreen.

Respectfully submitted,

MICHAEL F. HERTZ
Deputy Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s Kenneth M. Dintzer

KENNETH M. DINTZER
Assistant Director

/s Elizabeth M. Hosford

ELIZABETH M. HOSFORD
Trial Attorney
Commercial Litigation Branch
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 616-0332

Attorneys for Defendant

Of counsel:

TAREK SAWI
Senior Trial Counsel
MELINDA HART
DELISA SANCHEZ
TIMOTHY ABRAHAM
WILLIAM KANELLIS
ELIZABETH A. HOLT

May 29, 2007

CERTIFICATE OF FILING

I hereby certify that on May 29, 2007, a copy of foregoing "DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF BREACH OF CONTRACT OR DAMAGE WITH RESPECT TO CENTRAL EVERGREEN" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s Elizabeth M. Hosford