# In the United States Court of Federal Claims

No. 95-829C

(Filed: May 31, 2007)

| | |
|---|---|
| *********************************** | * |
| | * |
| STERLING SAVINGS ASSOCIATION, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| THE UNITED STATES, | * |
| | * |
| Defendant. | * |
| | * |
| *********************************** | * |

**ORDER**

This is a Winstar-related case in which trial is set to begin on June 25, 2007 in Spokane, Washington. Before the Court are Defendant's February 26, 2007 revised motion for summary judgment on damages and Plaintiff's March 30, 2007 cross-motion for summary judgment on damages. The motions are accompanied by multiple volumes of appendices. In the various response pleadings, each party vigorously contests the other party's version of both facts and law.

The case has been the subject of published decisions in this and other courts. See Sterling Savings Ass'n v. Ryan, 751 F. Supp. 871 (E.D. Wash. 1990) (granting injunctive relief restricting the authority of OTS and FDIC to regulate Sterling pursuant to FIRREA); Sterling Savings Ass'n v. Ryan, 959 F.2d 241 (Table) (9th Cir. 1992) (reversing the district court, and holding that the capital requirements of FIRREA apply to thrift institutions like Sterling notwithstanding prior agreements with the Government); Sterling Savings et al. v. United States, 53 Fed. Cl. 599 (2002) (passage of FIRREA breached promises made by Government in supervisory merger agreements governing Sterling's acquisition of two ailing thrift institutions); Sterling Savings et al. v. United States, 57 Fed. Cl. 234 (2003) (Sterling possesses standing to assert claim for damages during the period that the district court injunction was in place); Sterling Savings et al. v. United States, 57 Fed. Cl. 445 (2003) (assistance agreements governing acquisition of two ailing thrifts permitted Sterling to credit

FSLIC's cash assistance to total regulatory capital without reducing corresponding amount of supervisory goodwill); Sterling Savings Ass'n v. United States, 72 Fed. Cl. 404 (2006) (Government did not breach contract in Central Evergreen acquisition through passage of FIRREA because the risk of regulatory change had been contractually allocated to Sterling).

It is apparent to the Court from the prior history and the current summary judgment papers that the issues in this case have been narrowed as much as possible prior to trial. Virtually every material paragraph of proposed "uncontroverted facts" is contested by the opposing party, with support in the record. Many of the documents provided in the appendices are complex exhibits requiring explanation at trial, or deposition testimony from witnesses scheduled to appear at trial. The Court could not possibly conclude on the present record that the material facts are not in dispute, or that one of the parties is entitled to judgment as a matter of law. Accordingly, the parties' cross-motions for summary judgment on damages are DENIED.

IT IS SO ORDERED.

s/Thomas C. Wheeler
THOMAS C. WHEELER
Judge