**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **STERLING SAVINGS ASSOCIATION, a state chartered savings association, STERLING FINANCIAL CORPORATION, a Washington corporation,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **No. 95-829C** |
| | ) | **(Judge Wheeler)** |
| **UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION**
**TO STRIKE THE EXPERT REPORTS OF JOE A. HARGETT AND MUKESH BAJAJ**

Pursuant to Rules 7, 11, and 56 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits this response to plaintiffs' Motion to Strike the Expert Reports of Joe A. Hargett And Mukesh Bajaj.[1]

Plaintiffs filed a half-page motion to strike expert reports of two Government experts from consideration in support of our revised motion for summary judgment. Plaintiffs' motion does not present any facts or legal arguments. Instead, it asserts that it is based upon "the same grounds" as an earlier motion to strike the expert report of Mr. Barefoot Bankhead ("Bankhead Motion"). In the Bankhead Motion, plaintiffs argued that Mr. Bankhead's report was an unsworn declaration, that Mr. Bankhead's expert report incorporated "inadmissible legal conclusions[,]" and that it contravened the Court's order on liability. Bankhead Motion at 2. After the parties briefed the issue, the Court denied plaintiffs' motion. See May 2, 2007 Order. Plaintiffs did not

---

[1] The Court's Order of May 31, 2007, denying summary judgment, should render plaintiffs' motion moot. In the event that it does not, we submit this response.

seek reconsideration of the Court's order, and plaintiffs here do not attempt to distinguish their current pleading from the Bankhead Motion.

## I. <u>Plaintiffs' Motion Violates This Court's Rules</u>

As a preliminary matter, plaintiffs' motion violates this Court's Rules. Rule 7(b) requires that "[a]n application to the court for an order shall be made by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought." (Emphasis supplied). Plaintiffs make no argument in their motion, nor do they present any facts or cite to any legal precedent that would support such an argument. Further compounding this ambiguity, as discussed below, the arguments in the Bankhead Motion – which plaintiffs' purportedly rely upon to support their current motion – do not relate, in any way, to the expert report of Dr. Bajaj. As plaintiffs' motion does not "state with particularity the grounds" which would provide them the relief that they seek, <u>see</u> RCFC 7(b), the Court should reject plaintiffs' motion as flawed.

More troubling is that plaintiffs misstate the contents of the cases cited as legal support for plaintiffs' Bankhead Motion. For example, to support their contention that expert testimony may not be relied upon for summary judgment pleadings, plaintiffs cited to <u>Adarbe v. United States</u>, 58 Fed. Cl. 707, 711 n.1 (2003), <u>Marx & Co., Inc. v. Diners'Club, Inc.</u>, 550 F.2d 505, 509-10 (2nd Cir. 1977), <u>Krear & Co. v. Nineteen Named Trustees</u>, 810 F.2d 1250, 1258-59 (2nd Cir. 1987), and <u>CFM Comm., LLC v. Mitts Telecasting Co.</u>, 424 F. Supp. 1229, 1233-34 (E.D. Ca. 2005). As we pointed out in our response to the Bankhead Motion, not one of these cases addressed the issue for which they were cited. Plaintiffs' current motion makes no effort to correct these misstatements of law, or to otherwise explain how they might relate to their current

argument. See RCFC 11(b) ("[b]y presenting to the court . . . a pleading . . . an attorney . . . is certifying that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances, . . . (2) the claims defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous [sic] argument for the extension, modification, or reversal of existing law or the establishment of new law").

Given that plaintiffs made no effort to demonstrate how the arguments they advanced with respect to Mr. Bankhead's expert report might apply to the separate reports of Mr. Hargett and Dr. Bajaj, and given that plaintiffs also made no effort to demonstrate how, even if the arguments were applicable to their extant motion, they are distinguishable from the arguments in the Bankhead Motion that the Court rejected, plaintiffs' current motion serves no cognizable purpose.[2] Such perfunctory pleadings have been discouraged in this Circuit: "This and other federal courts are funded by the taxpayers of this country to adjudicate genuine disputes, not to function as playgrounds for would-be lawyers or provide an emotional release for frustrated litigants." Constant v. United States, 929 F.2d 654, 659 (Fed. Cir. 1991). Further, "[w]here, as here, a party's argument . . . raises arguments with utterly no foundation in law or logic . . . the judicial process is abused and the funds provided by Congress via the taxpayers to the Justice Department are wasted." Abbs v. Principi, 237 F.3d 1342, 1351 (Fed. Cir. 2001). Plaintiffs' motion serves no apparent purpose but to compel the Government to spend its time and resources drafting this response.

---

[2] Plaintiffs add to the confusion by stating that "[t]his Motion is also based on the files and records maintained herein." This statement is unclear. Plaintiffs referenced no "files and records" in their motion, and did not attach any "files and records" to their motion.

## II. Plaintiffs' Motion Is Meritless

Plaintiffs' latest motion is baseless, both factually and legally.

### A. Plaintiffs' Motion To Strike Dr. Bajaj's Report Is Baseless, As Dr. Bajaj Performs None Of The Calculations Upon Which Plaintiffs' Motion Is Based

Plaintiffs' motion to strike the expert report of Dr. Bajaj is without any factual foundation. Plaintiffs claim that their motion is based upon the same arguments they presented in the Bankhead Motion, which argued that Mr. Bankhead's report should be stricken because (1) it is an unsworn declaration, (2) it included "legal conclusions," and (3) it contradicted the Court's liability ruling. Dr. Bajaj's report, however, does not contain any capital calculations. Nor could anything in Dr. Bajaj's report be construed as "legal analysis." Because plaintiffs provide no factual support for their argument, and otherwise offer no explanation as to how arguments in the Bankhead Motion might relate to Dr. Bajaj's report, plaintiffs' motion is without foundation and should be denied.

### B. Plaintiffs' Motion To Strike The Expert Report Of Mr. Hargett Is Without Merit

Mr. Hargett's testimony bears relevancy to this litigation and does significant damage to plaintiffs' damage claim. Plaintiffs maintain that "Sterling is entitled . . . to count the supervisory goodwill from Central Evergreen as qualifying supervisory goodwill under FIRREA subject to FIRREA's cap and phase-out rules." Bankhead Motion at 6. Even though this Court has already determined that Sterling did not have a right in contract to apply Central Evergreen's good will toward Sterling's capital requirement, Sterling Savings Assoc. v. United States, 72 Fed. Cl. 404, 411 (2006), Dr. Horvitz includes in his "but-for" core capital calculation not only goodwill from the two contractual transactions, but $10.4 million in additional goodwill from the

Central Evergreen transaction, far exceeding the amount of goodwill permitted by regulation. The effect of Dr. Horvitz's calculation is to add to Sterling's "but-for" capital calculation goodwill which the Court has determined is not contractual in nature.

Mr. Hargett's report exposes the inaccuracy of Dr. Horvitz's revised capital calculations. As an accounting fellow for the Office of Thrift Supervision from 1989 to 1991, Mr. Hargett served on the working group that implemented FIRREA's new capital regulations. In this position, he was involved in "the creation and implementation of guidelines for the calculation of core capital during the 1989-1991 time period." See Ex. I (Supplemental Expert Report of Joe Hargett at 3 (Feb. 15, 2007)). Mr. Hargett reviewed Dr. Horvitz's revised capital calculations and determined that Dr. Horvitz's revised calculations of core capital overstated Sterling's core capital position. Far from opining upon a matter of law, Mr. Hargett will offer testimony based upon his experience applying regulatory accounting standards to thrifts.

Assuming that the other arguments plaintiffs advanced in the Bankhead Motion are to be considered here, they are also inadequate. Plaintiffs' implication that Rule 56 requires that a party submit sworn statements if it wishes to establish facts in support of summary judgment is belied by subsection (b) of that same rule, which states that a party may move "with or without supporting affidavits" for summary judgment. RCFC 56(b) (emphasis supplied). Finally, even if Mr. Hargett's opinions were deemed to be "legal conclusions," such conclusions would be admissible if such testimony would assist the trier of fact. See, e.g., United States v. Dazey, 403 F.3d 1147, 1172 (10th Cir. 2005); United States v. Windfelder, 790 F.2d 576, 581-82 (7th Cir. 1986). As was the case in the Bankhead Motion, plaintiffs' arguments here are inadequate.

## CONCLUSION

For the reasons set forth above, we respectfully request that the Court deny plaintiffs' motion to strike the expert reports of Mr. Hargett and Dr. Bajaj.

Respectfully submitted,

MICHAEL F. HERTZ
Deputy Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Kenneth M. Dintzer

KENNETH M. DINTZER
Assistant Director

s/ Elizabeth M. Hosford

ELIZABETH M. HOSFORD
Trial Attorney
Commercial Litigation Branch
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 616-0332

Of counsel:

TAREK SAWI
Senior Trial Counsel

TIMOTHY J. ABRAHAM
MELINDA H. HART
ELIZABETH A. HOLT
WILLIAM G. KANELLIS
DELISA SANCHEZ

June 4, 2007

Attorneys for Defendant

**CERTIFICATE OF FILING**

I hereby certify that on June 4, 2007, a copy of "DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO STRIKE THE EXPERT REPORTS OF JOE A. HARGETT AND MUKESH BAJAJ" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Elizabeth M. Hosford