IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| STERLING SAVINGS ASSOCIATION, a state chartered savings association, STERLING FINANCIAL CORPORATION, a Washington corporation,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 95-829C<br>(Judge Thomas C. Wheeler) |

**JOINT STIPULATION OF FACTS**

Pursuant to Appendix A of the Rules of the United States Court of Federal Claims and the Court's Pretrial Order dated January 3, 2007, plaintiffs Sterling Savings Association and Sterling Financial Corporation ("Sterling"), and defendant, the United States, respectfully submit the following undisputed stipulations of fact for trial.

1. Sterling began operations in 1983 as a State of Washington-chartered federally insured stock savings and loan association headquartered in Spokane, Washington. Complaint ¶ 1.1.

2. In November 1985, Sterling acquired Lewis Federal Savings and Loan Association ("Lewis"), a thrift with negative regulatory net worth. P-8.

3. In connection with Sterling's acquisition of Lewis, the Federal Savings and Loan Insurance Corporation ("FSLIC") agreed, among other things, to provide assistance in the form of a cash contribution of approximately $1.75 million. P-19. The acquisition resulted in the creation of approximately $3.6 million in goodwill. P-72.

4. In April 1988, Sterling acquired Tri-Cities Savings and Loan Association ("Tri-Cities"), a thrift with negative regulatory net worth. P-27.

5. In connection with Sterling's acquisition of Tri-Cities, the Federal Savings and Loan Insurance Corporation ("FSLIC") agreed, among other things, to provide assistance in the form of a cash contribution of approximately $11.7 million. P-38. The acquisition resulted in the creation of approximately $14 million in goodwill. P-76.

6. In December 1988, Sterling acquired Central Evergreen in an unassisted transaction. The Bank Board issued a resolution, No. 88-1273, approving the acquisition, and entered into an agreement with Sterling governing the maintenance of regulatory capital by Sterling. Unlike the Lewis and Tri-Cities acquisitions, no forbearance letter was issued as part of the Central Evergreen acquisition. P-47; DX 338.

7. The Central Evergreen acquisition resulted in the creation of approximately $22,803,000 in goodwill, which was to be amortized pursuant to Generally Accepted Accounting Principles ("GAAP"). P-78, p. PSG0270425.

8. As of June 30, 1989, Sterling had total assets of $731 million, and deposits of $519 million.

9. The Financial Institutions Reform, Recovery and Enforcement Act ("FIRREA") was enacted on August 9, 1989.

10. In December 1989, OTS declined to provide preapproval of Sterling's payment of dividends in connection with its pending plan to raise $12.5 million in capital through a preferred stock "units offering." P-415.

11. Sterling's total assets declined to $609 million in June 1991 from the $731 million of June 1989, a decline of over 17 percent.

12. In May 1990, Sterling filed suit against the OTS in the United States District Court for the Eastern District of Washington and sought a temporary restraining order.

13. The district court issued a temporary restraining order in May of 1990 and a preliminary injunction in August 1990. *Sterling Sav. Assn. v. Ryan*, 751 F. Supp. 871, 881-82 (E.D. Wa. 1990), *rev'd* 951 F.2d 241 (9th Cir. 1992).

14. OTS moved for reconsideration of the injunction on August 22, 1990. *Id.*

15. The motion for reconsideration was granted in part, and denied in part. 751 F. Supp. 874, 882-83 (E.D. Wa. 1990).

16. In November 1991, Sterling raised approximately $23 million through a public offering of common stock and the conversion of $2.1 million in preferred stock to common stock. P-84, pp. 18, 28, 39; P-310, p. 14.

17. On April 14, 1992, the United States Court of Appeals for the Ninth Circuit vacated the district court decision imposing the injunction. *Sterling Savings Assoc. v. Ryan*, 959 F.2d 241 (9th Cir., 1992).

Respectfully submitted,

MICHAEL F. HERTZ
Deputy Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Kenneth M. Dintzer

KENNETH M. DINTZER
Assistant Director

s/ Elizabeth M. Hosford

ELIZABETH M. HOSFORD
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 616-0332

OF COUNSEL:
TAREK SAWI
Senior Trial Counsel
MELINDA HART
DELISA SANCHEZ
TIMOTHY ABRAHAM
WILLIAM KANELLIS

Attorneys for Defendant

June 6 , 2007

WITHERSPOON, KELLEY, DAVENPORT
& TOOLE, P.S.

By: /S/ William D. Symmes

William D. Symmes
Counsel of Record
And Member Of the Bar of the United States
Court of Federal Claims

1100 U.S. Bank Building
422 West Riverside Avenue
Spokane, WA 99201-0300
Tele.: (509) 624-5265
Fax: (509) 458-2717
Attorneys for Plaintiffs

June 6, 2007

**CERTIFICATE OF FILING**

I hereby certify that on June 6, 2007, a copy of "JOINT STIPULATION OF FACTS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Elizabeth M. Hosford