IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| STERLING SAVINGS ASSOCIATION, a state chartered savings association, STERLING FINANCIAL CORPORATION, a Washington corporation,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Court No. 95-829-C<br><br>(Judge Wheeler) |

**STERLING'S RESPONSE TO MOTION *IN LIMINE* TO EXCLUDE HEARSAY TESTIMONY AND EXHIBITS**

## I. INTRODUCTION

The Government has moved to exclude testimony by certain former Sterling employees as to customers lost by Sterling due to the Government's breach and corresponding exhibits comprising lists of such customers on the basis that such testimony and exhibits are hearsay and irrelevant. The evidence at issue serves to rebut the Government's argument that Sterling could not have suffered harm of lost or forgone business from the breach. The Motion should be denied for four reasons: (1) the witnesses have not yet testified and, when they do, their testimony will not be based on hearsay but on personal knowledge; (2) the testimony will not necessarily be offered for the truth of the matter but instead to demonstrate the effect on Sterling's employees and their relationships with current and potential customers; (3) exhibits may be utilized as recorded recollections; and (4) exhibits may be used to refresh a witness' recollection.

## II. ARGUMENT

### A. TESTIMONY AS TO THE LOSS OF CUSTOMERS IS NOT BASED ON HEARSAY.

The Government asks this Court to exclude any testimony as to the loss of customers suffered by Sterling due to the Government's breach on the basis that such testimony is hearsay. This ignores the basis of this testimony. For example, Mr. Neely and Mr. Crithfield testified based upon their own knowledge that Sterling lost certain customers because they were unable to give them the requested loans due to the Government's restrictions. App. 119:1-120:3; App. 72:4-74:5, 75:17-76:6. This knowledge of why they could not transact business with certain customers and the effect it had upon their relationships with those customers did not come from conversations, but from first-hand knowledge. (*Id.*) Indeed, these former Sterling employees have knowledge of the limitations on Sterling's ability to engage in profitable business imposed by the Government and their corresponding inability to conduct business. Thus, because the testimony is not based on hearsay, the Motion should be denied.

### B. TESTIMONY AS TO THE LOSS OF CUSTOMERS IS NOT OFFERED FOR THE TRUTH OF THE MATTER, BUT INSTEAD TO DEMONSTRATE THE LOSS OF EMPLOYEES SUFFERED BY STERLING.

Moreover, the testimony is not offered for the truth of the matter. Sterling's former employees will testify that they left Sterling (or were let go) because they could not engage in lending because of the Government's restrictions and they believed that the bank would lose its customers because of the clients' expressed perception that Sterling was in trouble. App. 121:24-122:7; App. 46:16-47:5, 48:23-49:9. The loss of these employees and their relationships in the community led to a corresponding loss of customers. App. 44:16-45:10, 50:13-51:2. The fact that Sterling was unable to assist its current and potential customers has additional value as testimony beyond the purpose of demonstrating specific lost accounts; this testimony shows that, as a result of the breach, Sterling lost business and employees, further causing it to shrink.

Therefore, the Motion should be denied.

**C. EXHIBITS MAY BE USED AS A RECORDED RECOLLECTION AT TRIAL.**

The Government challenges admission of four exhibits that comprise lists of certain customers or potential customers created by former Sterling employees on the ground of hearsay. Such exhibits, however, will not be offered as substantive evidence; they will serve as prior recorded recollections should Sterling's witnesses be unable to recall that information.

Under Rule 803(5) of the Federal Rules of Evidence, a document may be read into evidence (but not be admitted unless offered by the adverse party) if the document "concern[s] a matter about which a witness once had knowledge but now has insufficient recollection to enable the witness to testify fully and accurately, shown to have been made or adopted by the witness when the matter was fresh in the witness' memory and to reflect that knowledge correctly." Fed. R. Evid. 803(5). Thus, if, during trial, a showing is made that the witness' memory is impaired, that he prepared or adopted the document when his memory was not impaired and, at the time of preparation or adoption, the document correctly reflected his knowledge of events. *Id.*; *see also Parker v. Reda, C.O.*, 327 F.3d 211, 213 (2d Cir. 2003). Because the Federal Rules of Evidence allow any document, even hearsay, to be utilized to refresh recollection, the Court should deny the Motion.

**D. EXHIBITS MAY BE USED TO REFRESH A WITNESS' MEMORY.**

Likewise, a witness' recollection may be refreshed through use of any document, even one which is hearsay. Fed. R. Evid. 612; *United States v. Scott*, 701 F.2d 1340 (11th Cir. 1983). Therefore, if, during trial, Sterling demonstrates that a witness' recollection is exhausted, that the time, place, and origin of the writing is established, and that the witness acknowledges the accuracy of the writing, such document may be used to refresh a witness' memory. *E.g., Goings v. United States*, 377 F.3d 753 (8th Cir. 1967).

Under Rule 612, the adverse party is entitled to inspect the writing used to refresh the witness' recollection. Sterling's inclusion of such documents in its exhibit list allows the Government an opportunity for advance access to such documents in the event they are utilized at trial. In sum, because the documents may be used to refresh recollection, the Motion should be denied.

Moreover, to reiterate, the purpose of the challenged evidence is not to establish specific accounts that were lost, but to demonstrate how Sterling was harmed by the breach by the perception in the marketplace by current and potential customers. Sterling will not offer these exhibits as proof of specific losses, but instead to aid the recollection, if necessary, of former lenders who left employment at Sterling because of the loss of business from the Government's breach.

## III. CONCLUSION

For these reasons, the Motion should be denied.

DATED this 15th day of June, 2007.

WITHERSPOON, KELLEY, DAVENPORT
& TOOLE, P.S.

By: /s/ William D. Symmes
William D. Symmes, Counsel of Record
And Member of the Bar of the U.S.
Court of Federal Claims

422 West Riverside Avenue, #1100
Spokane, WA 99201-0300
Telephone No. (509) 624-5265
Facsimile No. (509) 458-2717

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I certify under penalty of perjury that on June 15, 2007, a copy of the foregoing **STERLING'S RESPONSE TO MOTION IN LIMINE TO EXCLUDE HEARSAY TESTIMONY AND EXHIBITS** was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ William D. Symmes
William D. Symmes
Attorney for Plaintiff