# In the United States Court of Federal Claims

No. 95-829C

(Filed: June 18, 2007)

************************************ *
*
STERLING SAVINGS ASSOCIATION, *
*
Plaintiff, *
*
v. *
*
THE UNITED STATES, *
*
Defendant. *
*
************************************ *

**ORDER**

On May 29, 2007, Defendant filed a motion *in limine* to exclude evidence at trial "alleging a breach of contract or damage with respect to [Plaintiff's] 1988 acquisition of Central Evergreen Savings & Loan Association ("Central Evergreen")." Defendant maintains that the Court's prior ruling in this case, Sterling Sav. Ass'n v. United States, 72 Fed. Cl. 404 (2006), should preclude Plaintiff from offering any evidence of breach of contract or damage regarding Central Evergreen, because the Court has held that the Government did not breach this agreement with Plaintiff. Defendant points to phrases from Plaintiff's pretrial memorandum of contentions of fact and law containing references to the Central Evergreen transaction, and notes that as many as seven witnesses from Plaintiff's revised witness list ostensibly are being offered to address the Government's breach of contract arising from the Central Evergreen acquisition.

Plaintiff has filed a June 15, 2007 response to Defendant's motion, asserting that the Central Evergreen transaction is related to Plaintiff's acquisition of Tri-Cities Savings & Loan ("Tri-Cities"), and that Plaintiff must be permitted to refer to Central Evergreen at trial in order to present a full picture of the relevant circumstances. Plaintiff also submitted an offer of proof with its response, but states that it does not intend to offer evidence at trial of any claim of breach or damage regarding the Central Evergreen agreement.

For good cause shown, Defendant's motion is GRANTED in part, and DENIED in part. Plaintiff will not be permitted to present evidence at trial of any alleged breach of contract or damage relating to the Central Evergreen transaction. However, to the extent that the circumstances of Plaintiff's acquisition of Tri-Cities necessarily involves Plaintiff's acquisition of Central Evergreen, the Court will allow Plaintiff to present this factual evidence. Any further issues in this regard will be resolved as they may arise during trial.

IT IS SO ORDERED.

s/Thomas C. Wheeler
THOMAS C. WHEELER
Judge