# In the United States Court of Federal Claims

No. 95-829C

(Filed: June 18, 2007)

************************************ *
*
STERLING SAVINGS ASSOCIATION, *
*
Plaintiff, *
*
v. *
*
THE UNITED STATES, *
*
Defendant. *
*
************************************ *

**ORDER**

On May 30, 2007, Defendant filed a motion *in limine* to exclude certain exhibits and testimony claimed to constitute hearsay. Specifically, Defendant seeks to exclude customer lists compiled by Plaintiff's employees from reviews of Sterling loan reports (Exh. P-352 through P-356), and testimony from Cajer Neely, Gary Crithfield, and Thomas Beil concerning "knowledge of customers lost as a result of the government's breach of contract." (Deft's Motion at 1, quoting Pltf's May 23, 2007 Revised Witness List). Defendant asserts that statements made by third parties to Sterling's loan officers for the purpose of proving lost deposits and customers, and certain exhibits signed by loan officers in preparation for litigation, are inadmissible hearsay.

Plaintiff filed a June 15, 2007 response to Defendant's motion, requesting that the motion be denied. Plaintiff states that its witnesses will testify from personal knowledge, that the contested evidence will not necessarily be offered for the truth of the matters asserted, and that the documents, even if hearsay, may properly be used as recorded recollections, or to refresh a witness's recollection.

Having considered the parties' positions, the Court concludes that it cannot grant Defendant's motion in advance of trial. Certainly Defendant has identified hearsay

objections that likely would be sustained at trial, but the Court must defer ruling on Defendant's objections until Plaintiff's witnesses testify. It may be, as Plaintiff contends, that the witnesses will testify from personal knowledge, or that the contested exhibits will not be offered for an objectionable purpose. Accordingly, Defendant's motion *in limine* is DENIED. Defendant may raise any hearsay objections regarding these or other matters as they arise at trial.

IT IS SO ORDERED.

s/Thomas C. Wheeler
THOMAS C. WHEELER
Judge