IN THE UNITED STATES COURT OF FEDERAL CLAIMS

STERLING SAVINGS ASSOCIATION, a state chartered savings association, STERLING FINANCIAL CORPORATION, a Washington corporation.

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

Court No. 95-829-C

(Judge Wheeler)

**PLAINTIFFS' BRIEF RE: SCOPE OF WITNESS TESTIMONY UNDER FED.R.EVID. 701**

An issue has arisen concerning the ability of Plaintiffs' officers to testify about what they expect Plaintiffs would have been able to do but for the breach of their contracts with the Defendant. It is Plaintiffs' burden to prove, to a reasonable degree, what would have occurred but for the breach. The testimony of Plaintiffs' officers is offered precisely so that the Court can make a judgment about the reasonableness of Plaintiffs' predictions.

## I. ARGUMENT

Under Federal Rule of Evidence 701, business owners and officers may offer opinion testimony, without qualifying as an expert, based upon particularized knowledge the witness derives from his or her position within the business.

Pursuant to Federal Rule of Evidence 701, testimony by a lay witness in the form of opinions or inferences is admissible as long as it is "(a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact

in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed.R.Evid. 701. The Advisory Committee Notes to the 2000 Amendments to Rule 701 specifically discuss permissible lay witness testimony of business officers, and explain that "most courts have permitted the owner or officer of a business to testify to the value or projected profits of the business, without the necessity of qualifying the witness as an . . . expert." Fed.R.Evid. 701, Advisory Committee's Note. "Such opinion testimony," the committee stated, "is admitted not because of experience, training or knowledge within the realm of an expert, but because of the particularized knowledge that the witness has by virtue of his or her position in the business." *Id.* (citing *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153 (3rd Cir. 1993)).

In *Lightning Lube*, the court allowed a quick lube franchisor to offer his lay opinion about future business that he believed he lost as a result of the defendant's tortious interference. The owner's damages estimate was based upon his "knowledge and participation in the day-to-day affairs of his business" and partially in reliance upon the reports of an accountant. *Lightning Lube*, 4 F.3d at 1175. The Third Circuit upheld the district court's decision to allow the business owner to give lay opinion testimony about future damages because the witness had personal knowledge about the business' daily affairs and his testimony was rationally based on his perceptions. *Id.* at 1174-75.

In addition to the Advisory Committee, courts recognize "the amendment [to Fed.R.Evid. 701] did not place any restrictions on the pre-amendment practice of allowing business owners or officers to testify based on particularized knowledge derived from their position." *See, e.g., Cuyahoga Metro. Housing Auth. v. U.S.*, 60 Fed.Cl. 481, 484 (2004). Other courts have reached similar conclusions, determining that Rule 701 is meant to admit testimony based on the lay expertise a witness personally acquires through experience and knowledge gained while on the job.

*See, e.g., United States v.* Maher, 454 F.3d 13, 24 (1st Cir. 2006); *Texas A & M Research Fund. v. Magna Transp., Inc.*, 338 F.3d 394, 403 (5th Cir. 2003) ("Indeed, an officer or employee of a corporation may testify to industry practices and pricing without qualifying as an expert."); *Tampa Bay Shipbuilding & Repair Co. v. Cedar Shipping, Co.*, 320 F.3d 1213 (11th Cir. 2003) (holding that testimony offered by ship repairer's employees and officers as to whether charges were fair and reasonable or in line with similar services provided by similar operations was admissible under amended Rule 701, as it was of a type traditionally and properly considered lay witness testimony, was not based on specialized knowledge subject to Rule 702, but was based upon witnesses' particularized knowledge garnered from years of experience within the field, and their testimony was helpful to the district judge in bench trial and relevant to the issues presented in the case); *see also United States v. Joy*, 192 F.3d 761, 676 (7th Cir. 1999) ("Because most knowledge is inferential, personal knowledge includes opinions and inferences grounded in observations or other first-hand experiences.").

Thus, under Fed.R.Evid. 701, a "witness testifying about business operations may testify about inferences that he could draw from his perception of a business's records, or facts or data received by him in his corporate capacity." *U.S. v. Polishan*, 336 F.3d 234, 242 (3d Cir. 2003); *see also Joy Mfg. Co. v. Sola Basic Indus., Inc.*, 697 F.2d 104, 110-12 (3d Cir. 1982) (holding district court abused its discretion in striking nonexpert opinion testimony because as "long as a witness' opinion is rationally based on his perception, that testimony is not barred by Fed.R.Evid. 701."); *First Annapolis Bancorp, Inc. v. U.S.*, 72 Fed.Cl. 204, 20 (2006) (holding that lay opinion testimony by an accountant employed by FDIC concerning financial condition of bank was admissible under Fed.R.Evid. 701 where testimony based on witness's understanding of bank and FDIC records

gleaned during his employment).

## II. CONCLUSION

Pursuant to Federal Rule of Evidence 701, business owners and officers may offer testimony in the form of opinions or inferences, without qualifying as an expert, based upon particularized knowledge the witnesses derive from their position within the business.

Respectfully submitted this 26th day of June, 2007.

**WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.**

By: ______________________
William D. Symmes, Counsel of Record
And Member Of the Bar of the United States Court of Federal Claims
1100 U.S. Bank Building
422 West Riverside Avenue
Spokane, WA 99201-0300
Telephone No. (509) 624-5265
Facsimile No. (509) 458-2717

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I certify under penalty of perjury that on June 26, 2007, a copy of the foregoing **PLAINTIFFS' BRIEF RE: SCOPE OF WITNESS TESTIMONY UNDER FED.R.EVID. 701** was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ William D. Symmes
William D. Symmes
Attorney for Plaintiff